UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| WE, LLC d/b/a WILD ENCANTOS<br><br>Plaintiff, | CIVIL NO.: 24-<br><br>FOR:<br><br>Copyright Infringement |
| **vs.** | |
| CARIBBEAN RETAIL VENTURES, INC.,<br>SALVADOR ABADI, Jane Doe, and their<br>conjugal partnership; JOEL BEDER, Susan Roe,<br>and their conjugal partnership;<br><br>Defendants | |

**COMPLAINT**

**TO THE HONORABLE COURT:**

Plaintiff, WE, LLC doing business as Wild Encantos, (hereinafter "Plaintiff"), by and through its undersigned attorneys very respectfully states and prays:

<u>INTRODUCTION</u>

1.      Plaintiff files this action under oath against the above named Defendants who have unlawfully engaged in the manufacture, importation, distribution, sale and/ or offer for sale of counterfeit merchandise bearing exact copies and/ or colorable duplications of Plaintiffs' copyrights. *See* Exhibit 1, Sworn Declaration of Angel Rodriguez Miranda.

2.      For violation of the Federal Statute alleged in the Complaint, Plaintiffs seek a Temporary Restraining Order, Order of Seizure, Preliminary and Permanent Injunction, damages, costs, and attorneys' fees as authorized by the Copyright Act.

<u>**JURISDICTION  AND·VENUE**</u>

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a) as the

Plaintiff's cause of action arises under The Copyright Act, 17 U.S.C. § 101 et. seq..

4.      Venue is proper within this District pursuant to 28 U.S.C. § 139l(b) and§ 1400(a)

because the infringement have occurred and continue to occur here.

### **THE PARTIES**

PLAINTIFF

5.      WE, LLC (hereinafter "Wild Encantos " or "Plaintiff") is a limited liability company

duly organized and existing under the laws of the Commonwealth of Puerto Rico,

having its principal place of business in San Juan, Puerto Rico.

6.      Wild Encantos is engaged in a variety of businesses including, without limitation, the

merchandising of distinctive copyrights.

7.      The distinctive copyrights merchandised by Wild Encantos include, but are not limited

to, plush toys with unique depictions of the coqui and the Puerto Rican parrot, both

endemic to Puerto Rico (hereinafter individually and collectively referred to as the "Wild

Encantos products ").





8.      The revenue from products sold in the United States which use the Wild Encantos

productions is substantial because WE, LLC has spent significant sums on marketing

those products and maintaining them in retail establishments.

9.      The appearance and other features of the Wild Encantos products are inherently

distinctive and serve to identify Wild Encantos as the source of products bearing the

Wild Encantos products.

10.     The design, configuration, and distinctive features of the  Wild Encantos products, the

Wild Encantos' copyrighted works, and of works related thereto (hereinafter individually

and collectively referred to as "Wild Encantos Copyrighted Designs") are wholly

original with  W i l d   E n c a n t o s  and, as fixed in various  tangible media,

including merchandise,  are copyrightable  subject matter  under  the United States

Copyright  Act, 17 U.S.C., §§101, et seq.

11.     This Court has already ruled that these specific designs have valid copyrights, and the

First Circuit has affirmed that determination.  Coquico, Inc. v. Rodriguez Miranda, 562

F.3d 62 (1ˢᵗ Cir. 2009), *aff'g,* 2007 WL 30344259 (October 15, 2007)

12.   Wild Encantos. has complied in all respects with the laws governing copyright and has

secured the exclusive rights and privileges in and to the copyrights to Wild Encantos'

products, and Wild Encantos possesses one or more certificates of registration for works

in which each of Wild Encantos' Copyrighted Designs appear. A list of copyright

registrations for Wild Encantos ' Copyrighted Designs is set forth in Exhibit 2 herein.

13.   Wild Encantos and those acting under its authority, including, but not limited to the

president of WE, LLC, Angel Rodriguez Miranda, have complied with their

obligations under the copyright laws, and Wild Encantos has at all times been and still

is the sole proprietor or otherwise licensed authorized to enforce all rights, title and

interest in and to the copyrights in each of Wild Encantos' Copyrighted Designs.

14.   Each year Wild Encantos spends thousands of dollars to develop and maintain the

considerable  goodwill  it enjoys and in its reputation for high quality.

15.   The Wild Encantos' plush toys and Copyrighted Designs are collectively referred to

herein as the "Wild Encantos Properties,"

DEFENDANTS

16.   Caribbean Retail Ventures, Inc. (hereinafter "Corporate Defendant" or "Caribbean Retail" is a

corporation organized under the laws of the Commonwealth of Puerto Rico with its business address

listed as 14 Gautier Benitez, Caguas, Puerto Rico 00725 with the Puerto Rico Department of State.

17.   Salvador Abadi is the President of Caribbean Retail and, on information and belief, engineered

and profits from the infringements of the intellectual property of WE, LLC through the sale of

knock offs at Allways 99.

18.   Joel Beder is the vice President of Caribbean Retail and, on information and belief, engineered

and profits from the infringements of the intellectual property of WE, LLC through the sale of knock offs at the Always 99 Stores.

## FACTUALBACKGROUND

19.   Each of the properties to which the Plaintiff contends it holds the exclusive copyright, including the plush toys of a Coqui with a flag of Puerto Rico and plush toy designs of a Puerto Rican parrot are copyrightable under the Copyright Act (17 U.S.C. § 101 et. seq.).

20.   Each of the properties has been copyrighted registered in the Copyright Office of the United States, as shown more clearly on Exhibit 2.

21.   Plaintiff is the exclusive licensee of the original copyright registrant, Mr. Rodriguez Miranda.

22.   At all times mentioned herein, the Plaintiff has been and still is the assignee or exclusive licensee for the United States and elsewhere of an exclusive right to manufacture, distribute, sell or offer for sale with respect to such rights of the copyrights indexed on Exhibit 2.

23.   The Plaintiff has created and/or used the copyrighted works mentioned above and indexed on Exhibit 2.

24.   Each plush toy has a unique design, although the designs of the different sizes of coquis and parrots are similar in that each of them has a Puerto Rican flag incorporated into the design.

25.   The coqui frogs match the color of such frogs in nature, and their body shape, pose, and that of their little feet are similar to the frog in nature as well.

26.   The Puerto Rican parrots match the coloring of the bird in nature, with the notable exception of the beak, which is yellow on the plush toy, rather than white as in nature.

27.   This was a purposeful design, created to make the toy more attractive to the consumer. Defendants copied that element as well as the overall look and feel of Wild Encantos' intellectual property.

28.   The First Circuit has held that at a minimum four features of the Wild Encantos products Comun Coqui make it copyrightable. *Coquico, Inc. v. Rodriguez Miranda*, 562 F.3d at 69.

29.   Común's distinctive stitching pattern is protectable. *Id.*

30.   Defendants copied it.

31.   Común's idiosyncratic color combination is protectable. *Id.*

32.   Defendants copied it.

33.   Común's pose is protectable. *Id.*

34.   Defendants copied it.

35.   The placement of the Puerto Rican flag stitched onto Común's underbelly is protectable. *Id.*

36.   Defendants moved the flag, but their knock off has a  Puerto Rico flag, stitched onto it, making the coqui plush toy substantially similar..

37.   Común's dimensions, when combined with the aforementioned elements, are protectable. *Id.*

38.   Defendants copied them.

39.   E ach of the copyrighted properties has become so popular that Plaintiff has at one time or another licensed them in conjunction with books and related merchandise.

40.   Plaintiff has ensured that products bearing its copyrighted properties are manufactured to the highest standard.

41.   The enormous popularity of Plaintiff's products is not without costs as evidenced by the increasing numbers of counterfeiters.

42.   Each of the Defendants named in this Complaint has been and threatens to continue to manufacture, distribute, offer for sale, and sell counterfeit merchandise bearing

exact copies, or colorable imitations of the Plaintiff's copyrighted properties. See Memorandum in Support of Motion for Temporary Restringing Order, Seizure Order and Order to Show Cause.

43.   Plaintiff has discovered Defendants selling its Intellectual Property in several All Ways 99 stores in San Juan, Bayamon, and Guaynabo, specifically its Old San Juan Store, Santurce, Rexville, Santa Rosa Mall, Rio Hondo, Los Palacios, Levittown, Bayamon Oeste, and Plaza Caparra.

44.   In all, Defendants have 97 stores:

(1) RH Todd Ave 800, Stop 18, San Juan 00907
(2)2015 Loiza Street , San Juan 00911
(2)      260 Fortaleza Street, San Juan 00901
(3)      Plaza Caparra,Guaynabo 00968
(4)      210 Barbosa Street, Cataño 00962
(5)      163 de Diego Street San Juan 00925
(6)      158 de Diego Street, San Juan 00925
(7)      San Francisco Shopping Center, San Juan 00933
(8)      Locale #2 Sicilia St., San Juan 00921
(9)      90 Alondra Street, San Juan 00924
(10)     Country Club Plaza, Carolina 00969
(11)     Plaza Carolina, Carolina 00979
(12)     Carolina Shopping Court, Carolina 00979
(13)     Locale 9, Plaza Rio Hondo, Bayamón 00956
(14)     Plaza Guaynabo, Guaynabo 00969
(15)     Locale 11, Santa Rosa Mall 00956
(16)     Locale 42-43 Santa Rosa Mall, Bayamón 00956
(17)     Canton Mall, Bayamón, 00956
(18)     Locale 1040 Plaza del Sol, Bayamón 00957
(19)     Los Dominicos Shopping Center, Vega Baja 00952
(20)     Bayamón Oeste Shopping Center, Bayamón 00956
(21)     Locale 16 Victory Shopping Center, Bayamon 00956
(22)     Carolina Shopping Court, Carolina 00979
(23)     Rexville Plaza, Bayamon 00956
(24)     Locale 60 Los Colobos #2, Carolina 00979
(25)     53 Comercio St. Yauco 00698
(26)     Yauco Plaza, Yauco 00698
(27)     14 Gautier Benitez Caguas 00725

(28)    Plaza Los Prados, Caguas 00725

(29)    Plaza Centro Mall, Caguas 00725

(30)    18 Muñiz Rivera, Caguas 00725

(31)    Plaza Palma Real 350 Highway 2, Humacao 00791

(32)    Aguadilla Shopping Center, Highway 32, Km 116.5 Los Corazons Ave, Aguadilla

(33)    Locale 34 Aguadilla Mall, Aguadilla 00605

(34)    14 San Carlos Street, Aguadilla 00603

(35)    317 Colon Street, Aguada 00602

(36)    Locale 14 Añasco Plaza, Añasco 00610

(37)    El Monte Town Center, Ponce 00780

(38)    Centro del Sur Shopping Center, Ponce 00731

(39)    Atocha Street, Ponce 00716

(40)    Santa Maria Shopping Center, Ponce 00731

(41)    PR2 & PR10 Baramaya St, Ponce 00715

(42)    Oriental Plaza, Humacao 00792

(43)    Noya and Hernandez Streets, Humacao 00791

(44)    350 Dr. Vidal Street, Humacao 00791

(45)    57 Post Street, Mayaguez 00680

(46)    Mayaguez Mall, Mayaguez 00680

(47)    Western Plaza, Mayaguez 00680

(48)    Plaza del Atlantico, Arecibo 00612

(49)    52 Rodulfo Gonzalez, Adjuntas 00601

(50)    Locale 4 Las Flores Plaza, Aibonito 00705

(51)    157 San Jose Street, Aibonito 00705

(52)    90 Barcelo Street, Barranquitas 00794

(53)    Cabo Rojo Shopping Center, Cabo Rojo 00623

(54)    Plaza Canovanas, Canovanas 00729

(55)    Canovanas Outlet, Canovanas 00729

(56)    Plaza Cayey, Cayey 00736

(57)    2 Jose Diego Street, Ciales 00638

(58)    Plaza Cidra, Cidra 00739

(59)    5 North Bobby Capo Street, Coamo 00769

(60)    Plaza Coamo, Coamo 00769

(61)    Corozal Plaza, Corozal 00783

(62)    Dorado del Mar, Dorado 00646

(63)    Plaza Fajardo, Fajardo 00738

(64)    3M Rivera Street, Fajardo 00738

(65)    Monte Sol Plaza, Fajardo 00738

(66)    Guayama Plaza, Guayama 00784

(67)    Plaza del Norte Shopping Center, Hatillo 00659

(68)    Hatillo Town Center, Hatillo 00659

(69)    Plaza Isabela, Isabela 00662

(70)   76 Guillermo Extevez Street, Jayuya 00664

(71)   Plaza Juana Diaz, Juana Diaz 00795

(72)   Juncos Plaza, Juncos 00777

(73)   Lares Mall, Lares 00669

(74)   Monte Real Shopping Center, Manati 00674

(75)   Plaza Atenas, Manati 00674

(76)   El Mercado Plaza, Naranjito 00719

(77)   July 4 Street, Orocovis 00720

(78)   Peñuelas Plaza, Peñuelas 00624

(79)   Rio Grande Town Center, Rio Grande 00721

(80)   Salinas Shopping Center, Salinas 00751

(81)   Plaza del Oeste, San German 00683

(82)   San Lorenzo Shopping Center, San Lorenzo 00754

(83)   45 Muñoz Rivera Street, San Lorenzo 00754

(84)   31 Betances Street, San Sebastian 00685

(85)   Plaza San Sebastian, San Sebastian 00685

(86)   Prados del Sur, Santa Isabela 00757

(87)   Los Palacios Shopping Center, Toa Alta 00953

(88)   Plaza Aquarium, Toa Alta 00953

(89)   Los Dominicos Shopping Center, Toa Baja 00952

(90)   Plaza Trujillo, Trujillo Alto 00976

(91)   113 Dr. Cueto Street, Utuado 00641

(92)   Centro Gran Caribe, Vega Alta 00962

(93)   Plaza Vega Baja, Vega Baja 00693

(94)   75 Betances Street, Vega Baja 00693

(95)   Plaza Las Vegas, Vega Baja 00693

(96)   Plaza Yabucoa, Yabucoa 00767


45. Given Plaintiff's experience in the business, Plaintiff believes that these lower quality

infringing plush toy coquis and parrots cost Defendants approximately one dollar ($1.00)

each, manufactured and delivered to Puerto Rico. *See* Exhibit 1.

46. Defendants are selling the infringing products for $3.99 each.

47. Based on that same experience, Plaintiff understands that Defendants have up to 10,000

such infringing plush toys between their stores and whatever warehouse facilities they

have.

48. None of the Defendants have ever been authorized by Plaintiff at any time to reproduce,

import, copy or sell any plush toys and related merchandise bearing the Plaintiff's copyrights. See Rodriguez Miranda Declaration.

<u>COUNT I - COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 et. seq.)</u>

49. Plaintiff Wild Encantos brings the following claims of copyright infringement against the Defendants and incorporates by reference the preceding allegations.

50. Defendants have manufactured, distributed, sold, or offered for sale, unauthorized or counterfeit plush toys and related merchandise bearing the copyrighted properties of the Plaintiff.

51. Said copyrighted properties infringed upon appear in Exhibit 1 at page 9 as Comun by Coquico and Tata, the former being the coqui and the latter being the parrot.

52. Defendants have never been authorized by the Plaintiff to distribute the Plaintiff's copyrighted properties; nor has the Plaintiff ever authorized, licensed or in any manner allowed the Defendants the right to manufacture, distribute, sell or offer for sale any merchandise, including, but not limited to plush toys and related merchandise, which bear any of said copyrighted properties.

53. Defendants have manufactured, distributed, sold or offered for sale unauthorized or counterfeit plush toys and related merchandise which incorporate the Plaintiff's copyrighted properties, in direct violation of the Plaintiff's copyrights.

54. Each Defendant, individually, and/ or in conspiracy with the other named Defendants, have manufactured, distributed, sold, or offered for sale counterfeit or unauthorized infringing plush toys and related merchandise bearing the Plaintiff's copyrighted properties. '

55. Defendants' aforementioned acts were done with actual as well as constructive

knowledge of the Plaintiff's exclusive rights, and said actions have contributed to the infringing, copying, duplication, sale and offer for sale of counterfeit copies of the Plaintiff's copyrighted properties.

56. Each of the aforementioned acts by each Defendant, which infringes one of the Plaintiff's copyrights, is the basis for a separate claim against each Defendant under the Copyright Act.

57. Upon information and belief, Defendants' acts as hereinabove alleged are willful infringements of and have irreparably harmed the Plaintiff's copyrights and exclusive rights and threaten further infringements and further irreparable harm to Plaintiff's copyrights and exclusive rights.

58. Further harm and injury to Plaintiffs is imminent, and the Plaintiff is without an adequate remedy at law with such respect to such harm and injury.

59. Unless Defendants' acts are enjoined and the illicit counterfeiters of the Plaintiff's copyrighted properties are stopped, it is highly probable that one or more of the Defendants, or others under their direction, will manufacture, distribute, sell, or offer for sale additional plush toys and related merchandise which bear the Plaintiff's copyrighted properties causing further irreparable injury to Plaintiff.

60. Defendants have obtained gains, profit, and advantages as a result of their wrongful acts set forth above.

61. In actual damages, Defendants must compensate Plaintiff with Plaintiff's sales lost and Defendants' profits gained.

62. The Plaintiffs is entitled to, at its option, in lieu of actual damages and the Defendants• profits, statutory damages as provided by 17.U.S.C. § 504.

COUNT II - FALSE DESIGNATION OF ORIGIN
AND FALSE DESCRIPTION (15 U.S.C. § 1125(a))

63. Plaintiff incorporates by reference the preceding allegations.

64. The Plaintiff's copyrighted properties have acquired a secondary and distinctive meaning, and the public has come to identify the Plaintiff's ' copyrighted properties with Wild Encantos.

65. The unauthorized plush toys and related merchandise, which have been distributed and sold by the Defendants, duplicate and appropriate the likeness of the Plaintiff's copyrighted properties in order to delude and confuse the public into believing that the plush toys and related merchandise have been authorized and/ or sponsored by the Plaintiff.

66. The sale of unauthorized products bearing the Plaintiff's copyrighted properties will dilute the goodwill and reputation of the Plaintiff.

67. The sale of unauthorized products bearing the Plaintiff's copyrighted properties, which are of an inferior quality to the authorized and authentic product, will further dilute the good will and reputation of the Plaintiffs.

68. Defendants, by misappropriating and using the likenesses of Plaintiff's copyrighted properties, in connection with the sale of such products, are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of its products.

69. Defendants have caused such products to enter interstate commerce with full knowledge of the falsity of the designation of its origin arid description and representation in an effort to mislead the purchasing public into believing that its products are authorized or emanate from the-Plaintiff.

70. These acts constitute a violation of Section 43 of The Lanham Act, 15 U.S.C. § 1125(a).

71. The continued use by the Defendants of the likenesses of Plaintiff's copyrighted properties has caused, and unless refrained, will continue to cause serious irreparable injury and harm to the Plaintiffs, as the Plaintiffs have no adequate remedy at law.

72. Defendants have obtained gains, profits and advantages as a result of its unlawful acts.

73. Plaintiffs have suffered monetary damages as a result of the Defendants' acts.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand interim relief in the form of a Temporary Restraining Order, Seizure Order, and Preliminary Injunction, and consistent with that, entry of a judgment against each and every Defendant as follows:

1.      Permanent injunctive relief restraining Corporate Defendant, its officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, from:

(a)      further infringing of the Plaintiffs' copyrighted properties by manufacturing, importing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products, including plush toys and related merchandise, not authorized by the Plaintiff bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's copyrighted properties. ("Unauthorized Products);

(b)      making any statement or representation whatsoever, or using any false designation of origin, false description, or performing any act, which can or is likely to lead the public, or individual members thereof, to believe that any products manufactured, distributed or sold by the Defendants are in any manner associated or connected with the Plaintiff, or are sold, manufactured, licensed, sponsored, approved or authorized by the Plaintiff;

(c)      engaging in any other activity constituting unfair competition with the Plaintiff, constituting an infringement of the Plaintiff's copyrighted properties or constituting any dilution of the Plaintiff's name, reputation, or goodwill;

(d)      effecting assignments or transfers, forming new entities or

association or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (d); and

(£)     secreting, destroying, altering, removing or otherwise dealing with the Unauthorized Products or any books or records which may contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting or displaying of all unauthorized products which infringe any of Plaintiff's copyrights.

2.     Directing that Defendants deliver for destruction all Unauthorized Products, including plush toys and related merchandise, and labels, signs, prints, packages, dyes, wrappers, receptacles, silk screens, heat transfers, embroidery templates, computers files, software and advertisements relating thereto in its possession or under its control bearing the Plaintiff's copyrighted properties or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, branding devices, imprinters, 3d printers, software and other means of making the same.

3.     Directing that each Defendant report to this Court within thirty (30) days after a Permanent Injunction is entered to show its compliance with paragraphs 1 and 2 above.

4.     Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendants are authorized by the Plaintiff, or related in any way to the Plaintiff's products.

5.     That WE, LLC, the Plaintiff, be awarded from each Defendant found to be in violation of their copyrighted properties, Plaintiff's lost profits and the

Defendants profits, or at Plaintiff's election, an award of statutory damages pursuant

to 15 U.S.C. § 504, of up to One Hundred and Fifty Thousand Dollars ($150,000) for

each copyrighted property infringed upon by each such Defendant.

6.     That the Plaintiffs be awarded their reasonable attorneys fees

and investigative fees pursuant to 15 U.S.C. § 1117.

7.     That the Plaintiffs be awarded their costs in bringing this action.

8.     That the Plaintiffs have such other and further relief that this Court deems

just.

Dated this 22nd day of April 2024.

Respectfully submitted,

S/Jane Becker Whitaker/
**JANE BECKER WHITAKER**
USDC No. 205110

PO Box 9023914
San Juan, PR 00902-3914
Tel.(787) 585-3824
E-mail: jbw@beckervissepo.com
janebeckerwhitaker@gmail.com

S/Jean Paul Vissepó Garriga/
**JEAN PAUL VISSEPÓ GARRIGA**
USDC No. 221504

PO Box 367116
San Juan, PR 00936-7116
Tel.(787) 633-9601 / E-mail: jp@vissepolaw.com