**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **WE, LLC, d/b/a Wild Encantos** | **Case Number: 24-** |
| Plaintiff | |
| **Vs.** | **EX PARTE APPLICATION FOR TEMPORARY RESTARING ORDER AND ORDER OF SEIZURE AND IMPOUNDMENT** |
| CARIBBEAN RETAIL VENTURES, INC., SALVADOR ABADI, JANE DOE, and the conjugal partnership they form, JOEL BEDER, SUSAN ROE, and the conjugal partnership they form; INSRANCE COMPANIES A, B & C; JOHN DOE, RICHARD DOE AND SAM DOE. | Copyright Infringement, |
| Defendants | |

**PLAINTIFF'S VERIFIED MEMORANDUM IN SUPPORT OF TEMPORARY RESTRAINING ORDER AND ORDER OF SEIZURE AND IMPOUNDMENT**

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, WE, LLC and very respectfully states and prays:

1. WE, LLC hereby moves the Court *ex parte* for an Order directing the Clerk of the Court to temporarily seal the court file of the instant case until the seizure and impoundment of the Defendants' infringing goods and the related business records ordered concurrently by this Court is completed and the Plaintiffs have filed notice with the Court that the seizure has been completed.

2. In support of this Motion, Plaintiffs rely upon the Complaint in this action and the supporting Declaration of Angel Rodriguez Miranda submitted in support of the Plaintiff's request for a Temporary Restraining Order, Order to Show Cause and Order for

2

Seizure filed concurrently herewith, and all other pleadings and documents that have been filed by the Plaintiffs in this case.

      3.    This Order is being sought *ex parte* without notice to the Defendants because it is believed by the Plaintiffs' undersigned counsel that notice to the Defendants of this Motion or the underlying action will likely result in the Defendants secreting the infringing merchandise to be seized pursuant to the Order of this Court or that such notice will otherwise warn the Defendants of the impending seizure so that they may frustrate the intent and purpose of the Order for Seizure issued concurrently by this Court.

      4.  Plaintiffs seek the order sealing this file pending the preliminary injunction so that no notice word of the proposed seizure reaches the Defendants before the seizure is carried out. Federal courts agree that there is no absolute right of access to court files. In *Nixon v. Warner Communications, Inc.,* 43 U.S. 589, 98 Sup. Ct.1306, 55 L.Ed. 2d 570 (1978), the Supreme Court stated:

> It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files and access has been denied where the court files might have become a vehicle for improper purposes. The District Court has the power to determine when access to its files should be denied.

The Supreme Court went on to say that "[t]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts.and circumstances of the particular case. In determining whether to seal a file, courts have employed a balancing process. *Id.* Interests cited by courts in support of ordering access to its files include: 1) "the citizens' desire to keep a watchful eye of the workings of public agencies"; 2) a newspaper publisher's intention to publish information concerning the operation of government", *Id.* at 598; and 3) the

interest in "ensuring the integrity of judicial proceedings in particular and the law enforcement process more generally." *United States v. Hubbard,* 650 F.2d 293, 315 (D.C. Cir. 1980). None of these interests would be sacrificed by this Court's temporarily sealing the file of this action until after the seizure ordered concurrently herewith has been executed.

5.  However, the very real possibility exists that this Court's own files could be used to actually frustrate the concurrent seizure order. This possibility should certainly warrant sealing the file of this action, for only a relatively short period of time, to assure the integrity of the orders of this Court.

    No previous application for similar relief has been made in this action.

**WHEREFORE,** Plaintiff WE, LLC very respectfully asks this Honorable Court to order the Clerk of this Court to seal this case temporarily.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico on April 22, 2024.


S/Jane Becker Whitaker/
**JANE BECKER WHITAKER**
USDC No. 205110

PO Box 9023914
San Juan, PR 00902-3914
Tel. (787) 585-3824
E-mail: janebeckerwhitaker@gmail.com

S/Jean Paul Vissepó Garriga/
**JEAN PAUL VISSEPÓ GARRIGA**
USDC No. 221504

PO Box 367116
San Juan, PR 00936-7116
Tel. (787) 633-9601 / E-mail: jp@vissepolaw.com