UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| WE, LLC d/b/a WILD ENCANTOS., <br><br>Plaintiff, <br><br>v. <br><br>CARIBBEAN RETAIL VENTURES, INC., SALVADOR ABADI, Jane Doe, and their conjugal partnership; JOEL BENDER, Susan Roe, and their conjugal partnership <br><br>Defendants. | Civil No. 3:24-cv-01185 (CVR) <br><br>Re: Copyright Infringement |

**ANSWER TO THE AMENDED COMPLAINT**

**TO THE HONORABLE COURT**:

    **COMES NOW** Defendants Caribbean Retail Ventures, Inc. ("CRV"), Salvador Abadi, his spouse and the conjugal relationship between them, and Joel Bender, his spouse and the conjugal partnership between them (collectively, "Defendants"), by and through their undersigned counsel, submit their *Answer to the Amended Complait* (**ECF No. 42**):

## I.    INTRODUCTION

1. Defendants acknowledge that Plaintiff filled the action against them under oath, they deny however having unlawfully engaged in the manufacture, importation, distribution, sale and/or offer for sale of counterfeit merchandise bearing the exact copies and/or colorable duplications of Plaintiffs' copyrights.

2. Defendants assert that averments in Paragraph 2 of the Amended Complaint are now moot. Defendants have already consented to the entry of injunctive relief and have complied with the Temporary Restraining Order issued by this Court. To the extent that the allegations in Paragraph 2 of the Amended Complaint purport to assert legal conclusions regarding the

relief requested by Plaintiff, these do not require no response from Defendants. Otherwise, Defendants deny Plaintiff's characterizations of the alleged violation of the federal statute as set forth in the Amended Complaint.

## II.   JURISDICTION AND VENUE

3. Defendants admit that the Amended Complaint purports to claims arising under The Copyright Act 17 U.S.C. § 101 *et. seq* but deny that such claims are proper or have merit. Except as expressly admitted herein, the allegations of Paragraph 3 are denied.

4. Defendants assert that the averments in Paragraph 4 of the Amened Complaint do not require a response from Defendants in as much it pertains to a matter of law and not facts. Venue is not contested.

## III. THE PARTIES

5. Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 5 of the Amended Complaint. To the extent that a response is required, these allegations are denied.

6. Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 6 of the Amended Complaint. To the extent that a response is required, these allegations are denied.

7. Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 7 of the Amended Complaint. To the extent that a response is required, these allegations are denied. Furthermore, Defendants deny that the images accurately represent any purported infringement of Plaintiffs alleged intellectual property. Defendants reserve the right to challenge the origin, context and

reliability of the photographs and assert that Plaintiffs have not sufficiently demonstrated their evidentiary validity such as authenticity.

8. Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 8 of the Amended Complaint. To the extent that a response is required, these allegations are denied.

9. Paragraph 9 of the Amended Complaint is Denied.

10. Paragraph 10 of the Amended Complaint is Denied.

11. Defendants assert that the allegations in Paragraph 11 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed Defendants admits that the First Circuit resolved *Coquico, Inc. v. Rodriguez Miranda*, 562 F. 3d 62 (1st Circ. 2009), aff'g, 2007 WL 30344259 (October 15, 2007), but deny that the case is binding or conclusive to the facts in dispute.

12. Defendants assert that the allegations in Paragraph 12 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed necessary they are denied.

13. Defendants assert that the allegations in Paragraph 13 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed necessary they are denied.

14. Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 14 of the Amended Complaint and on that basis, deny them.

15. To the extent that the allegations contained in Paragraph 15 of the Amended Complaint pertain to how the Plaintiff refers to itself, they do not require a response from Defendants

16. Defendants admit the allegations in Paragraph 16 of the Amended Complaint.

17. Defendants deny the averments in paragraph 17 of the Amended Complaint as drafted. The President of Caribbean Retail Ventures, Inc is Salomon J. Abadi.

18. Defendants deny the averments in paragraph 18 of the Amended Complaint as drafted. The Vice President of Caribbean Retail Ventures, Inc is Joel Bender.

### IV. FACTUAL BACKGROUND

19. Defendants assert that the allegations in Paragraph 19 in the Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed necessary they are denied.

20. Defendants assert that they lack sufficient information to form a belief regarding the allegations in Paragraph 20 of the Amended Complaint and on that basis, deny them. Defendants further deny that Exhibit 2 to Docket 1 evidences that "[e]ach of the properties has been copyrighted registered in the Copyright Office of the United States."

21. Defendants assert that they lack sufficient information to form a belief regarding the allegations in Paragraph 21 of the Amended Complaint and on that basis, deny them.

22. Defendants assert that they lack sufficient information to form a belief regarding the allegations in Paragraph 22 of the Amended Complaint and on that basis, deny them.

23. Defendants assert that they lack sufficient information to form a belief regarding the allegations in Paragraph 23 of the Amended Complaint and on that basis, deny them.

24. Defendants assert that they lack sufficient information to form a belief regarding the allegations in paragraph 24 of the Amended Complaint and on that basis, deny them.

25. Paragraph 25 of the Amended Complaint is denied.

26. Defendants contend that the first sentence in Paragraph 26 merely reflects the Plaintiff's subjective perception of their version of the plush toy coqui and, as such, does not necessitate a response. To the extent a response be deemed necessary, Defendants deny the allegations therein. Defendants deny having copied the plush toy coqui. Defendants affirmatively assert that the physical features described in this paragraph are not protectable under 17 U.S.C.A. § 102(a)(5).

27. Defendants contend that the first sentence in Paragraph 27 merely reflects the Plaintiff's subjective perception of their version of the plush toy parrot and, as such, does not necessitate a response. To the extent a response be deemed necessary, Defendants deny the allegations therein. Defendants deny having copied the plush toy parrot and affirmatively assert that the physical features described in this paragraph are not protectable under 17 U.S.C.A. § 102(a)(5).

28. Defendants admit that Plaintiff's Puerto Rican parrot design matches the coloring of the bird in nature, however Defendants deny the remaining allegations in Paragraph 28 of the Amended Complaint.

29. Defendants assert that the allegations in Paragraph 29 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed necessary they are denied.

30. Defendants assert that the allegations in paragraph 30 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed necessary they are denied.

31. Paragraph 31 of the Amended Complaint is denied.

32. Defendants assert that the allegations in paragraph 32 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed necessary they are denied.

33. Paragraph 33 of the Amended Complaint is denied.

34. Defendants assert that the allegations in Paragraph 34 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed necessary they are denied.

35. Paragraph 35 of the Amended Complaint is denied.

36. Defendants assert that the allegations in Paragraph 36 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed necessary they are denied.

37. With respect to the allegations in paragraph 37 of the Amended Complaint, Defendants acknowledge that the plush toy coqui previously sold at Always 99 featured a flag stitched onto it; however, Defendants deny the reminding allegation in Paragraph 37.

38. Defendants assert that the allegations in Paragraph 38 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed necessary they are denied.

39. Paragraph 39 of the Amended Complaint is denied.

40. The categorization as "popular" in Paragraph 40 of the Amended Complaint constitutes a legal conclusion and requires no response. However, if a response is deemed necessary, Defendants deny this assertion. Defendant denies the remaining allegations in Paragraph 40.

41. Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 41 of the Amended Complaint. To the extent that a response is required, these allegations are denied.

42. Paragraph 42 of the Amended Complaint is denied.

43. Paragraph 43 of the Amended Complaint is denied. Defendants affirmatively assert that CRV has ceased to sell the products.

44. Paragraph 44 of the Amended Complaint is denied. Defendants affirmatively assert that CRV has ceased to sell the products.

45. Defendants admit that the list in Paragraph 45 of the Amended Complaint identifies the locations where Always 99 has stores.

46. Paragraph 46 of the Amended Complaint is denied.

47. Paragraph 47 of the Amended Complaint is denied.

48. Paragraph 48 of the Amended Complaint is denied.

49. Defendant acknowledges the reference to the Rodriguez Miranda Declaration; however, Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 49 of the Amended Complaint. To the extent that a response is deemed necessary they are denied.

## **V. COUNT I – COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 *et. seq.*)**

50. The statements in Paragraph 50 of the Amended Complaint are introductory conclusions of law to which no response is required. If a response is deemed necessary, the statements in this paragraph are denied.

51. Paragraph 51 of the Amended Complaint is denied.

52. The statements in paragraph 52 of the Amended Complaint merely describe the exhibits submitted by Plaintiff, and therefore, no response is required. Defendants affirmatively assert that Plaintiffs have not sufficiently demonstrated the evidentiary validity of the exhibits attached to the Amended Complaint.

53. Defendants admit they did not have authorization from Plaintiffs but deny that such authorization is required or necessary in any way or that they have infringed Plaintiff's rights. Thus, except as expressly admitted herein, the allegations of Paragraph 53 are denied.

54. Paragraph 54 of the Amended Complaint is denied.

55. Paragraph 55 of the Amended Complaint is denied.

56. Paragraph 56 of the Amended Complaint is denied.

57. Paragraph 57 of the Amended Complaint is denied.

58. Paragraph 58 of the Amended Complaint is denied.

59. Paragraph 59 of the Amended Complaint is denied. Defendants deny that Plaintiffs have suffered any damages on their account. Additionally, Defendants deny that the voluntary removal of the products from the stores constitutes a tacit admission of liability.

60. Paragraph 60 of the Amended Complaint is denied.

61. Paragraph 61 of the Amended Complaint is denied.

62. Paragraph 62 of the Amended Complaint is denied.

63. Paragraph 63 of the Amended Complaint is denied.

64. Paragraph 64 of the Amended Complaint purport to assert legal conclusions regarding the relief requested by Plaintiff, these do not require no response from Defendants.

### VI. COUNT II - FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION (15 U.S.C. § 1125(a))

65. With respect to the allegations in Paragraph 64 of the Amended Complaint, Defendants repeat and realleges each and every response set forth in the preceding paragraphs as fully set forth herein.

66. Paragraph 66 of the Amended Complaint is denied.

67. Paragraph 67 of the Amended Complaint is denied.

68. Paragraph 68 of the Amended Complaint is denied.

69. Paragraph 69 of the Amended Complaint is denied.

70. Paragraph 70 of the Amended Complaint is denied.

71. Paragraph 71 of the Amended Complaint is denied.

72. Paragraph 72 of the Amended Complaint is a conclusory allegation of its trademark infringement claim and a legal conclusion and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 72 of the Amended Complaint.

73. Paragraph 73 of the Amended Complaint is a conclusory allegation of damages and is denied. Defendants affirmatively allege that Plaintiff is not entitled to any of the remedies stated in Paragraph 73 of the Amended Complaint.

74. Paragraph 74 of the Amended Complaint is a conclusory allegation of damages and is denied. Defendants affirmatively allege that Plaintiff is not entitled to any of the remedies stated in Paragraph 74 of the Amended Complaint.

75. Paragraph 75 of the Amended Complaint is a conclusory allegation of damages and is denied. Defendants affirmatively allege that Plaintiff is not entitled to any of the remedies stated in Paragraph 75 of the Amended Complaint.

## VII.   PRAYER FOR RELIEF

1. Plaintiff's request for the issuance of a Temporary Restraining Order or Preliminary Injunction (as set forth in paragraphs 1-3 of the Verified Complaint's prayer for relief), is now moot, as Defendants already consented to the entry of injunctive relief. *See* Docket No. 9.

2. Regarding paragraph 4, Defendants deny that Plaintiffs are entitled to statutory damages on behalf of Defendants pursuant to 15 U.S.C. § 504, up to $150,000.00 for each copyrighted property, due to alleged copyright violations or lost profits.

3. Regarding paragraph 5, Defendants deny that attorney's fees or investigative fees are owed to Plaintiffs.

4. Regarding paragraph 6, Defendants deny that Plaintiffs are entitled to recover any costs for bringing this action.

5. Regarding paragraph 7, Defendants deny that Plaintiffs are entitled to or owed any relief.

6. Any other allegations in the Amended Complaint that have not been specifically admitted herein should be considered as though they have been expressly denied by the Defendants.

## VIII. AFFIRMATIVE DEFENSES

1. Defendants incorporate by reference, as if fully restated herein, all of its responsive allegations contained in paragraphs 1 through 75 above.

2. The Court lacks jurisdiction.

3. The Amended Complaint fails to state a claim upon which relief can be granted.

4. Plaintiff's claims are barred by the doctrine of laches, which precludes recovery by parties who have unreasonably delayed in asserting their rights, resulting in prejudice to the Defendant.

5. Acquiescence.

6. Plaintiff's causes of action for immediate injunctive relief and need for ex parte relief, are barred by the doctrine of mootness.

7. Defendants challenges the validity of Plaintiff's purported copyright registrations.

8. CRV had no knowledge of Plaintiff's copyrighted work and copyright registrations prior to it being served with copy of the Complaint; thus, in the event the court's been defendants liable, they should be considered an innocent infringers.

9. CRV's infringement of Plaintiff's copyrighted work was not willful.

10. Any use by Defendants of copyrighted material is fair use.

11. The allegedly infringing work was independently created without copying the Plaintiff's work.

12. The plaintiff's claimed designs are not protectable under the merger doctrine.

13. The design elements cited by the Plaintiff are standard, customary, or indispensable within the industry, falling under the scènes à faire doctrine.

14. Plaintiff did not suffer damages from any actions alleged against Defendants in the

Amended Complaint.

15. The Amended Complaint and each Count thereof fails to state a claim upon which relief can be granted.

16. There is no causal relationship between any act of the appearing co-defendants and the alleged damages suffered by Plaintiff.

17. The plaintiff failed to state claim against the corporate officer Salvador Abadi in his personal capacity.

18. Plaintiff failed to state a claim against the corporate officer Joel Beder in his personal capacity.

19. Actions against the officers of a corporation for their acts as officials except in limited circumstances described in law are barred due to the legal fiction of the corporate veil. Absent all of the applicable circumstances to pierce the veil, all actions against Salvador Abadi, Joel Bender, their spouses, and the legal partnerships between them and their spouses should be dismissed.

20. Plaintiff's loss, damages or injury, if any, was caused by their actions, inactions or by the actions or omissions of third parties.

21. Plaintiff's trade dress claim is invalid, the protectable elements of the designs in question are functional and essential to the use or purpose of the product, it may not be protected.

22. Plaintiff's designs have not acquired secondary meaning.

23. To the extent Plaintiff was damaged, which the Defendants deny, Plaintiff has failed to mitigate its damages.

24. Plaintiff's claims are precluded under the estoppel doctrine. Plaintiff's actions or inactions have led the Defendant to reasonably believe that their conduct was permissible.

25. The plaintiff's claim for relief of damages is disproportionate and exaggerated.

26. Even in the event of a finding of willfulness, Plaintiff is not entitled to an award of the maximum statutory amount of damages, as courts have reasonable latitude to adjust recovery to the circumstances of each case.

27. Defendants reserve the right to present additional affirmative defenses that may be identified or discovered as a result of or during the discovery period in this case.

**WHEREFORE,** Defendants respectfully submit their answers to the Amended Complaint.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 31st day of January 2025

**CERTIFICATION:** An electronic copy of the foregoing motion was filed with the Clerk of the Court using the CM/ECF system which will send notification of this filing to opposing counsel of record.

**ADSUAR**
*Attorneys for the Defendants*
P.O. Box 70294
San Juan, PR 00936-8294
Tel.: 787.756.9000/Fax: 787.756.9010

| */s/Luis Perez-Giusti* | */s/Alexandra C. Casellas Cabrera* |
|---|---|
| Luis Perez Giusti | Alexandra Casellas Cabrera |
| USDC-PR No. 208608 | USDC-PR No. 301010 |
| Email: lpg@amgprlaw.com. | Email: acasellas@amgprlaw.com |