UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| WE, LLC d/b/a WILD ENCANTOS., <br><br> Plaintiff, <br><br> v. <br><br> CARIBBEAN RETAIL VENTURES, INC., SALVADOR ABADI, Jane Doe, and their conjugal partnership; JOEL BENDER, Susan Roe, and their conjugal partnership <br><br> Defendants. | Civil No. 3:24-cv-01185 (CVR) <br><br> Re: Copyright Infringement |

**MOTION TO COMPEL DISCOVERY RESPONSES**

**TO THE HONORABLE COURT**:

**COMES NOW** Defendants Caribbean Retail Ventures, Inc. ("CRV"), Salomon Abadi, his spouse and the conjugal relationship between them, and Joel Bender, his spouse and the conjugal partnership between them (collectively, "Defendants"), by and through their undersigned counsel, respectfully allege and pray as follows:

**I.     INTRODUCTION**

Defendants respectfully move this Court for an order compelling Plaintiff WE, LLC ("Plaintiff" or "WE") to provide full and complete responses to Defendants' First and Second Sets of Interrogatories and Requests for Production of Documents. Despite repeated good-faith efforts to confer and resolve the deficiencies without Court intervention, Plaintiff has failed to meaningfully participate in discovery or comply with its obligations under the Federal Rules of Civil Procedure. Plaintiff's answers to the *First Set of Interrogatories* are evasive and deficient, and Plaintiff has *entirely* **failed** to respond to the *Second Requests for Production*, served more

than two months ago. The pattern of delay and non-responsiveness has left Defendants with no option but to seek the Court's intervention.

## II. PROCEDURAL BACKGROUND

1. On April 1, 2025, Defendants served Plaintiff with their *First Set of Interrogatories and Requests for Production of Documents*. *See* **Exhibit A**. Under the operative Joint Initial Scheduling Conference Memorandum responses were due May 1, 2025. *See* **ECF No. 56**.

2. Plaintiff, however, did not serve its discovery responses until May 22, 2025, after follow up emails from Defendants. *See* **Exhibit B**.

3. On May 28, 2025, Defendants sent a formal discovery deficiency letter outlining specific objections to Plaintiff's deficient responses to the *First Set of Interrogatories* and also served a *Second Request for Production of Documents*. *See* **Exhibit C.** The letter included an express invitation to meet and confer pursuant to Fed. R. Civ. P. 26 and L. Civ. R. 26(b) and proposed holding the conference the week of June 2–6. Plaintiff failed to respond.

4. Defendants followed up by email on July 8, 2025, again requesting an update on the outstanding discovery and stating that responses had now been pending for more than a month. *See* **Exhibit D.** Plaintiff responded on July 15 but failed to address the discovery issues substantively, merely deflecting responsibility and offering no proposal to cure the deficiencies. *Id.*

5. Defendants replied the same day, reiterating the need for Plaintiff to produce any responsive materials in its possession, custody, or control, especially given the relevance of some of the requests to Plaintiff's claims and ownership assertions. *Id.* Still, Plaintiff took no steps to remedy its deficient responses or provide missing discovery.

6. On July 24, 2025, Defendants sent a final follow-up email noting that time significant time had passed since service of both the deficiency letter and the *Second Requests for Production*. Defendants warned that they would be forced to move to compel under Rule 37(a) unless full responses were received by July 31. *See* **Exhibit E.**

7. Despite these repeated outreach efforts, Plaintiff has failed to provide any substantive response, engage in a meet-and-confer, or offer any proposal to cure the discovery deficiencies. **More than two months** elapsed between Defendants' detailed deficiency letter on May 28 and the final deadline of July 31—an ample period within which Plaintiff could have complied or meaningfully engaged. Yet, Plaintiff did neither. Critically, Plaintiff never responded to Defendants' final July 24 email, and to date, there is no indication whatsoever that Plaintiff intends to fulfill its discovery obligations. Plaintiff's continued silence confirms that further attempts at informal resolution would be futile, and Court intervention is now necessary under Rule 37(a).

## II.    ARGUMENTS

**FIRST SET OF INTERROGATORIES**

### A. Plaintiff's Responses to Interrogatories are Incomplete, Vague or Evasive

Rule 33(b)(3) of Federal Civil Procedure which requires that a party answers each interrogatory not objected to **fully** and in writing. Plaintiff did not fully respond to each part and or sub-part of the following interrogatories, instead selectively addressing certain portions while failing to provide any response to the remaining parts of the discovery requests.

***Interrogatories No. 3, 4, 12, & 14***

*Interrogatory No. 3*, seeks the factual background concerning the origination and adoption of the plush toy designs at issue. *See* **Exhibit A** (*Inter. & RPD*) at p. 7. Plaintiff failed to respond to the central portion of the request. Specifically, Plaintiff omitted a narrative explanation of the

3

circumstances surrounding the creation and development of the plush toys, addressing only certain subparts. *See* **Exhibit B** (*Plainiff's Ans*.) at p. 2. This omission is critical, as the origin story of the designs directly relates to authorship, ownership, and originality—core issues in this copyright dispute. Plaintiff's answer also fails to explain whether there are derivations of the design. This is highly relevant as there appear to be different variations of the coqui design being sold by Plaintiff.

Plaintiff's response to *Interrogatory No. 4,* which requests a detailed account of the chain of title for the asserted copyrights [**Exhibit A** (*Inter. & RPD*) at p. 7-8] also falls short. Plaintiff did not provide contact information for the named prior owners, failed to identify the original author of the works, and did <u>not</u> even describe the legal instruments or mechanisms by which rights were transferred to Mr. Rodríguez Miranda and then to Plaintiff. *See* **Exhibit B** (*Plaintiff's Ans*.) at p. 2. The lack of clarity regarding these transactions hinders Defendants' ability to assess standing and the scope of rights claimed. Information about the manner, form, and completeness of each transfer—as well as whether supporting documents exist or were recorded with the Copyright Office—is fundamental in any copyright ownership dispute.

As to *Interrogatory No. 12*, Plaintiff did not explain how its alleged damages—specifically lost sales—were calculated. *See* **Exhibit A** (*Intet. & RPD*) at p. 10. Plaintiff's failure to provide a methodology, time frame, or supporting data prevents Defendants from evaluating the basis or validity of the alleged harm, and effectively obstructs damages discovery. *See* **Exhibit B** (*Plaintiff's Ans*.) at p. 4.

Finally, in *Interrogatory No. 14*, Plaintiff was asked to identify whether the plush toy designs were previously sold by other entities and to describe those circumstances. *See* **Exhibit A** (*Intet. & RPD*) at p. 11. Plaintiff's response is entirely deficient, as it fails to identify any such entities or provide any factual details regarding the existence or nature of prior sales. *See* **Exhibit**

**B** (*Plaintiff's Ans.*) at p. 4. This information is essential to test Plaintiff's claims of originality, first use, and alleged consumer confusion.

Collectively, Plaintiff's vague, incomplete, and evasive responses to these foundational interrogatories violate its obligations under Rule 33(b), and obstruct meaningful discovery. Defendants respectfully request that the Court compel full and complete responses to *Interrogatory Nos. 3, 4, 12, and 14* within a reasonable time.

***Interrogatories No. 10, 13, 15, 16 & 17, 22-24***

Plaintiff's responses to several core interrogatories fail to meet the basic disclosure obligations under Rule 33 and hinder Defendants' ability to evaluate the merits of the claims and prepare a defense.

*Interrogatory No. 10* seeks the factual basis for Plaintiff's Lanham Act claims, including how Defendants' products allegedly cause confusion or misrepresent origin, as well as the identity of relevant documents and knowledgeable individuals. *See* **Exhibit A** (*Intet. & RPD*) at p. 10. Plaintiff's response was vague and conclusory, providing no factual detail, identifying no products with specificity, and failing to supply any supporting documentation. *See* **Exhibit B** (*Plaintiff's Ans.*) at p. 4.

*Interrogatories Nos. 13, 15, and 16* seek basic factual information about the timing, location, and distribution of Plaintiff's plush toys in Puerto Rico. *See* **Exhibit A** (*Intet. & RPD*) at p. 11. These are central to evaluating the scope and nature of Plaintiff's market presence—an essential element in both trade dress and damages analysis. Yet Plaintiff failed to provide dates, locations, or distributors with specificity, and did not identify or produce documents in support of its assertions. *See* **Exhibit B** (*Plaintiff's Ans.*) at p. 4-5.

*Interrogatory No. 17* requests details of any instances of actual confusion or likely confusion—critical to Plaintiff's Lanham Act claim. *See* **Exhibit A** (*Intet. & RPD*) at p. 11. Plaintiff failed to identify any specific incident, witness, statement, or documentation, nor did it explain how any alleged confusion arose or whether it was unsolicited. *See* **Exhibit B** (*Plaintiff's Ans.*) at p. 5. Plaintiff's reply was simply "multiple on weekly basis though phone calls and personal encounters". *Id.* This conclusory statement lacks the detail necessary to allow Defendants to evaluate the merits of the alleged confusion or to prepare a defense. Courts have routinely held that such vague and generalized answers do not satisfy a party's obligation to respond separately and fully in writing under oath to each interrogatory. *See illustratively*, Hansel v. Shell Oil Corp., 169 F.R.D. 303 (E.D. Pa. 1996).

*Interrogatory No. 22* specifically requested identification of the retail price or price range of the "Plush Toy Coqui" and "Plush Toy Parrot" in Puerto Rico from January 2022 to May 2025, and production of all documents supporting the response, including price lists adopted and/or approved by Plaintiff. *See* **Exhibit A** (*Intet. & RPD*) at p. 13. Instead, Plaintiff merely listed two prices—$12.99 and $13.50 (**Exhibit B** (*Plaintiff's Ans.*) at p. 5)—without indicating: whether these are average, minimum, or maximum prices; whether prices changed over the requested period (2022–2025); where or how these prices were set or maintained; and without producing a single supporting document. This vague answer is **non-responsive** and fails to comply with Rules 33.

*Interrogatory No. 23* inquires whether Plaintiff is aware of any third parties—aside from Defendants—offering similar plush toy products and what actions, if any, Plaintiff has taken in response. *See* **Exhibit A** (*Intet. & RPD*) at p. 13. The request for information is relevant as there appear to be other parties selling coqui and parrot plush toys with similar characteristics. Plaintiff

merely identified "MRJ Distributors Inc." without providing **any** of the requested accompanying details, such as: the basis for Plaintiff's belief that MRJ's products incorporate similar elements; the timeframe and nature of MRJ's alleged sales, or any actions taken by Plaintiff in response, as requested. *See* **Exhibit B** (*Plaintiff's Ans.*) at p. 5. Such a minimal response fails to comply with Rule 33(b)(3), which requires a party to answer each interrogatory "separately and fully." *See Fujifilm N. Am. Corp. v. M&R Printing Equip., Inc.*, 344 F.R.D. 68, 71 (D.N.H. 2023); *Bonner v. Triple S Mgmt. Corp.*, 68 F.4th 677, 2023 WL 3557928, at *3 (1st Cir. 2023) (requiring full, separate, and verified responses under Rule 33(b)).

Finally, *Interrogatory No. 24* requested that Plaintiff identify: all facts, documents, and legal authority supporting the contention that Defendants infringed WE's copyrighted plush toy designs; each person with knowledge of those facts. *See* **Exhibit A** (*Intet. & RPD*) at p. 13. In response, Plaintiff merely references the "US Copyright Act" [**Exhibit B** (*Plaintiff's Ans.*) at p.5] without: a) identifying any specific facts supporting the alleged infringement; b) citing to any particular section of the Copyright Act; c) identifying any documents or evidentiary support; d) naming any individuals with relevant knowledge. Plaintiff's conclusory answer fails to provide the factual basis required for Defendants to understand and respond to the claims and is woefully deficient and non-compliant with Rule 33.

Defendants respectfully request that the Court compel Plaintiff to supplement its responses to *Interrogatories Nos. 10, 13, 15, 16, 17, and 22-24* with complete and factual answers and all supporting documentation as required under Rule 33 and Rule 37(a)(3)(B)(iii).

**B. Improper Blanket Objections or Refusals Based on Rule 26 of Federal Civil Procedure Deficient Responses to *Interrogatories No. 25-30***

Rule 26 (b) (1) of the Federal Rules of Civil Procedure allows parties to obtain information regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. The information sought by *Interrogatories No. 25, No. 26, and No. 27* is directly relevant to the alleged damages Plaintiff claims to have suffered because of Defendants' purported copyright infringement. *Interrogatory No. 25* seeks information regarding the reduction in Plaintiff's sales allegedly caused by the infringement. *See* **Exhibit A** (*Interr. & RPD*) at p. 14. *Interrogatory No. 26* requests an explanation of how Plaintiff calculated the alleged amount of damages it seeks in this action. *Id*. *Interrogatory No. 27* seeks the identity of the specific distributors who allegedly stopped or reduced their purchases of the Plush Toys Animals from Plaintiff as a result of Defendants' alleged conduct. *Id.* The information sought by *Interrogatories No. 28 & No. 30* is directly relevant to Plaintiff's claims of willfulness and allegations that Defendants' has access to the purported copyrighted work. *Id.*

However, in a generalized and boilerplate objection, without <u>any</u> explanation, Plaintiff responded to Interrogatories 25 through 30 by stating that it objects to the interrogatories because "they violate Rule 26 of the Federal Rules of Civil Procedure". *See* **Exhibit B** (*Plaintiff's Ans.*) at p. 5 These objection is meritless.

Plaintiff has not explained how these interrogatories exceed the scope of discovery under Rule 26, nor has it demonstrated that the burden of responding outweighs its likely benefit. This Court has held that "when a party resists the production of evidence, it 'bears the burden of establishing lack of relevancy or undue burden". *Autoridad De Carreteras y Transportación v. Transcore Atl., Inc*., 319 F.R.D. 422, 427 (D.P.R. 2016) quoting *Sánchez-Medina v. UNICCO Service, Co.,* 265 F.R.D. 24, 27 (D.P.R. 2009) (Arenas, J.) (citing *St. Paul Reinsurance Co. v. Commercial Fin. Corp.,* 198 F.R.D. 508, 511-12 (N.D. Iowa 2000). Moreover, "the grounds for

objecting to an interrogatory must be **stated with specificity**. *Id*. (Original emphasis) (internal quotations omitted). Plaintiff has not met its procedural obligations in responding to these interrogatories, and the single-sentence objection offered fails to satisfy applicable discovery requirements. Accordingly, it is respectfully requested that WE be ordered to provide complete responses to the interrogatories.

**REQUEST FOR PRODUCTION OF DOCUMENTS ("RPD")**

    A. **Failure to Comply with Privilege Log Requirements**

When a party claims a privilege, Federal Rule of Civil Procedure 26(b)(5)(A)(ii) requires that the claimant "describe[s] the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim". *García v. E.J. Amusements of N.H., Inc.*, 89 F. Supp. 3d 211, 215 (D. Me. March 5, 2015).

Plaintiff has refused to produce documents responsive to *RPD Nos. 4 and 5*—seeking all statements, memoranda, and correspondence relating to the allegations in the Amended Complaint (**Exhibit A** (*Interr. & RPD*) at p. 15)—on the sole basis of attorney-client privilege. *See* **Exhibit B** (*Plaintiff's Ans.*) at p. 6. This response is both procedurally and substantively deficient under Rule 26(b)(5) of the Federal Rules of Civil Procedure.

First, Plaintiff has not provided a privilege log, or any description of the documents withheld. Second, the requests encompass materials that are **not protected by privilege**, such as statements or memoranda from third parties, fact witnesses, or communications with persons outside the attorney-client relationship. The mere fact that a document relates to legal claims does not make it privileged. Finally, to the extent Plaintiff intends to rely on these documents to support its claims, any applicable privilege may be **waived** under the at-issue doctrine.

Accordingly, Defendant respectfully requests that the Court compel Plaintiff to (1) produce all responsive, non-privileged documents; and (2) provide a privilege log for any materials withheld on the basis of attorney-client privilege.

### B. Plaintiff's incomplete, evasive and deficient responses under Rule 34 of the Federal Rules of Civil Procedure

According to section 2 (b) of Rule 34, requests for production must be answered by the parties to whom they are directed. *See* Fed. R. Civ. P. 34(b)(2)(A). On the other hand, Rule 34 (b) requires the party to respond in writing "for each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons". *Rivera v. Dhl Global Forwarding,* 272 F.R.D. 50, 55 (D.P.R. Jan. 14, 2011). In this case, Plaintiff's to multiple requests for production of documents are incomplete and evasive under Rule 34 of Civil Procedure.

**Deficient Responses to *RPD No. 2-3, 6-7, 10, 11- 12, 14, 18, 21 and 29***

RPD No. 2 and 3 seek documents related to the creation and design of the "Plush Toy Coqui" and "Plush Toy Parrot," including sketches, prototypes, and communications, as well as documents identifying the designer(s) and any agreements with them. *See* **Exhibit A** (*Interr. & RPD*) at p. 15. In response, Plaintiff merely stated it does not have those documents, without describing any effort to locate them. *See* **Exhibit B** (*Plaintiff's Ans.*) at p. 6 Such a blanket response is insufficient. A party claiming that responsive documents are not in its possession must affirmatively state that a reasonable and diligent search was conducted and describe the steps taken to locate the materials. *See U.S. ex. rel. Martino-Fleming v. South Bay Mental Health Ctr., Inc.,* 332 F.R.D. 1 (D. Mass. 2019) (the court addressed the specificity requirement under Fed. R. Civ. P. 33(d) and sated that the responding party was required to amend its interrogatory answer to specify which documents or information it did not possess.)

10

Plaintiff is the party that orders the manufacturing and production of the plush toys at issue. It is therefore reasonable to expect that Plaintiff has, or should have access to, design sketches, prototypes, and related communications. If these materials are unavailable, Plaintiff must explain why and identify what efforts it made to obtain them. Defendants respectfully request that the Court compel a full and specific response.

Similarly, Plaintiff has failed to produce the copyright registration certificates, deposit materials, and related documents for the alleged plush toy designs, as specifically requested in *RPD No. 6 and 7*. *See* **Exhibit A** (*Interr. & RPD*) at p. 16. To date, Plaintiff has not produced the certificates, or the deposit copies required under 17 U.S.C. § 410 to establish the scope of any claimed copyright protection. Screenshots or summary printouts from the Copyright Office do not satisfy this obligation and are not prima facie evidence of valid registration without the underlying visual content. Even if Plaintiff did not file the original registrations, it is or should be in possession of the complete copyright files, particularly since:

1. The same "Plush Toy Coqui" was at issue in prior infringement suits (Case Nos. 07-1432 and 10-1557 in D.P.R.);
2. Plaintiff's current counsel also represented parties in those cases; and
3. Plaintiff would reasonably have obtained the full registration and deposit materials when acquiring rights or asserting ownership.

Plaintiff has neither produced the documents nor explained their absence. *See* **Exhibit B** (*Plaintiff's Ans.*) at p. 6. This failure materially prejudices Defendants' ability to assess the validity, scope, and enforceability of the asserted copyrights. Accordingly, Defendants respectfully request that the Court compel Plaintiff to fully respond to *RFP Nos. 6 and 7* and produce the requested materials.

*RPD No. 10* seeks documents related to the alleged copyright transfer, including the agreement, related communications, negotiation history, and metadata showing when it was created or modified. See **Exhibit A** (*Interr. & RPD*) at p. 17.   In response, Plaintiff cited the auction through which Angel Rodriguez Miranda acquired the copyrights but failed to produce any documents showing a transfer of those rights to Plaintiff, WE. See **Exhibit B** (*Plaintiff's Ans.*) at p. 6.

*RPD No. 11* seeks documents showing when and how Plaintiff first became aware of Defendants' Plush Toy Design. See **Exhibit A** (*Interr. & RPD*) at p. 17. In response, Plaintiff simply stated "[i]t was all verbal" however this expression is insufficient and fails to satisfy its obligation to reasonably search for and produce documents within its possession, custody, or control. See **Exhibit B** (*Plaintiff's Ans.*) at p. 6.

Moreover, *RPD No. 12*, requests documents showing *sales* of the "Plush Toy Coqui" and "Plush Toy Parrot," including invoices, receipts, or contracts with retailers, distributors, or consumers. See **Exhibit A** (*Interr. & RPD*) at p. 17. In response, Plaintiff offered a terse objection, stating that the requests were "too broad and overly burdensome". See **Exhibit B** (*Plaintiff's Ans.*) at p. 6.  Plaintiff's response is a boilerplate objection that lacks the specificity required under the Federal Rules. See *Fed. R. Civ. P. 34(b)(2)(B)*. Plaintiff must articulate with particularity why the request is burdensome or overbroad. It's worth noting that the request is narrowly tailored to align with Plaintiff's own allegations in the *Amended Complaint*, which states that WE began selling the plush toy animals in 2017.

In *RPD No. 14* Plaintiff seeks documents related to Plaintiff's marketing strategy for Plaintiff's plush toy animals [**Exhibit A** (*Interr. & RPD*) at p. 17]— a topic central to Plaintiff's claims of product distinctiveness and infringement. In response, Plaintiff merely states "Give

12

samples and promotional events," [**Exhibit B** (*Plaintiff's Ans.*) at p. 6], which is vague and fails to confirm whether responsive documents exist, whether a reasonable search was conducted, or whether documents were withheld. Such a cursory and incomplete reply does not satisfy Rule 34(b)(2)'s requirement to state clearly what has been produced and what is being withheld. It also deprives Defendants of information relevant to marketing efforts that may bear on distinctiveness, secondary meaning, and damages.

Furthermore, *RPD No. 18* seeks documents reflecting instances of alleged consumer confusion between Plaintiff's and Defendant's products, including customer complaints, surveys, or other evidence. See **Exhibit A** (*Interr. & RPD*) at p. 18. Plaintiff's response—that "all [evidence was] verbal"—is evasive and insufficient under Rule 34. See **Exhibit B** (*Plaintiff's Ans.*) at p. 7.

Plaintiff has a duty to conduct a reasonable and good faith search for responsive documents and to produce any evidence in its possession, custody, or control. Even if initial reports were verbal, it is not credible that Plaintiff created no internal notes, emails, summaries, or follow-up communications regarding consumer confusion, especially in light of the seriousness of the allegations made in this lawsuit. Thus, if no such documents exist, Plaintiff must affirmatively state that a diligent search was conducted and explain the basis for that conclusion. Otherwise, Plaintiff should be compelled to supplement its response and produce all responsive materials.

*RPD No. 21* seeks documents showing Plaintiff's efforts to mitigate its alleged damages, including actions taken to recover lost sales or prevent further infringement. See **Exhibit A** (*Interr. & RPD*) at p. 19. Plaintiff's response—that it filed "Commercial Civil action against infringers"—is vague and incomplete. See **Exhibit B** (*Plaintiff's Ans.*) at p. 7. Notably, in response to *Interrogatory No. 23*, Plaintiff identified **MRJ Distributors, Inc**. as another alleged infringer. Plaintiff must therefore produce all documents relating to any legal actions taken against MRJ or

other infringers, including complaints, correspondence, settlement efforts, and internal discussions. A conclusory reference to a "civil action" does ***not*** satisfy Plaintiff's obligation under Rule 34.

*RPD No. 29* seeks highly relevant information concerning the identity of Plaintiff's officers and directors during the relevant time period. *See* **Exhibit A** (*Interr. & RPD*) at p. 20. Plaintiff did not respond, instead objected on the basis of relevance. *See* **Exhibit B** (*Plaintiff's Ans.*) at p. 7. However, this information is critical because these individuals are likely to have firsthand knowledge of the facts underlying the claims in this case and may be key witnesses. As representatives of the party bringing suit, their roles, responsibilities, and potential involvement in the underlying conduct are directly relevant to the issues at hand. Accordingly, Defendants respectfully request that the Court compel Plaintiff to supplement its response and produce all documents relating to requests in *RPD No. 2-3, 6-7, 10, 11- 12, 14, 18, 21 and 29*.

### C. Improper Reliance on Availability at Plaintiff's Office and Undue Burden Objections

Rule 34 requires a party to provide documents that are within its "possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1). This Court has held that "it is not a proper objection to discovery to suggest that the other party already has the information or that it is available elsewhere." *P.R. Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriqueña, Inc*., 318 F.R.D. 224, 230 (D.P.R. July 26, 2016) quoting *Redding v. ProSight Specialty Mgmt. Co*., No. 12-98-H-CCL, 2014 U.S. Dist. LEXIS 186302, 2014 WL 11412743, at *2 (D. Mont. July 2, 2014). Plaintiff responded to *RPD No. 15, 19, 22, 23, 24, 25, 26, 27 and 28* that the information "is available at our office". *See* **Exhibit B** (*Plaintiff's Ans.*) at p. 7.

*RPD No. 15, 19, 22, 23, 24, 25, 26, 27 and 28 s*eek documents related to Plaintiff's advertising, sales, revenues, product design, marketing expenses, lost profits, and distribution channels for the "Plush Toy Coqui" and "Plush Toy Parrot" from 2019 to 2024. *See* **Exhibit A** (*Interr. & RPD*) at pp. 18-19. The information is essential to evaluate Plaintiff's claims of infringement, damages, and product distinctiveness.

Courts have rejected vague or evasive responses that shift the burden of locating relevant information to the requesting party, emphasizing that "it is not plausible to assume that a response that an answer may (or may not) be found in its records, accompanied by an offer to permit their inspection is sufficient. This is little more than an offer to play the discredited game of blindman's buff at the threshold level of discovery." *In re Master Key*, 53 F.R.D. 87, 90 (D. Conn. 1971).

Moreover, "[t]he option to produce business records was added to Rule 33 where the interrogatory answer required **expensive and burdensome research** into a party's own files. The option *only* applies when: 1) the burden of deriving or ascertaining the answer will be substantially the same for either party, and 2) the response sufficiently specifies the records that must be reviewed." *Vázquez-Fernández v. Cambridge Coll., Inc.*, 269 F.R.D. 150, 158 (D.P.R. 2010).

Here, Plaintiff has not identified any specific records, nor demonstrated that the burden is equal. Nor has Plaintiff offered a reasonable justification for refusing to electronically produce the responsive materials—particularly where such production would be straightforward and efficient. Requiring Defendants to travel to Plaintiff's office to manually search for responsive records is neither reasonable nor consistent with modern discovery practice. Plaintiff's refusal to produce these documents electronically is unjustified and obstructs the fair resolution of this matter.

Accordingly, Defendants respectfully request that the Court compel Plaintiff to produce the responsive documents in a complete and usable format.

## III. SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS

Despite Plaintiff's claims of ownership and enforcement rights over certain plush toy designs, it has failed to produce either the certificates of registration or the corresponding deposit materials to confirm that the current designs at issue are in fact covered. Since Plaintiff's principal and authorized representative, Ángel Edgardo Rodríguez Miranda, was a named defendant in *Coquico, Inc. v. Rodriguez-Miranda, et al.,* Civil No. 3:07-cv-01432-JAF (the "Coquico Case"), a case which Plaintiff identified as related litigation, and which involved copyright claims over the purportedly same plush toy designs, which later resulted in the transfer of rights to Rodríguez Miranda, Defendants served narrowly tailored requests seeking:

- **RPD 33**: Attachments and exhibits to the Complaint filed in the Coquico Case (ECF Nos. 1 and 3);
- **RPD 34**: Exhibits 1 through 20 used at the preliminary injunction hearing in the Coquico Case (ECF No. 37); and
- **RPD 35**: Documentation of efforts made to locate the above records, including any related correspondence with counsel, the court, or third parties.

*See* **Exhibit C** (2nd *RPD*) at p. 6.

Under Federal Rule of Civil Procedure 34(b)(2)(A), a party must respond in writing to document requests within *30 days* of service. The failure to respond—without an extension, objection, or motion for protective order—constitutes a waiver of objections and is grounds for compelling production. *Brenford Envtl. Sys., L.P. v. Pipeliners of P.R., Inc.*, 269 F.R.D. 143, 146 (D.P.R. 2010) quoting *Rivera v. Kmart Corp.*, 190 F.R.D. 298, 300 (D.P.R. 2000) (citing *Marx v. Kelly, Hart & Hallman, P.C.,* 929 F.2d 8, 12 (1st Cir. 1991)); *see also Krewson v. City of Quincy,* 120 F.R.D. 6, 7 (D. Mass. 1988) (quoting *Slauenwhite v. Bekum Maschinenfabriken, GMBH*, 35 Fed. R. Serv. 2d 975 (D. Mass. 1983).

Plaintiff's silence for more than **two months**, despite reminder correspondence, leaves Defendants with no alternative but to seek this Court's intervention.

Relevance under Rule 26(b)(1) is interpreted broadly. Here, the requested documents go to the **heart of the dispute**: whether Plaintiff owns or properly acquired the copyrights at issue; whether the plush toy designs asserted in this case are the same as, or materially different from, those litigated in the *Coquico Case*; whether the current designs were ever registered or protected; the content and scope of materials used in the *Coquico Case*, including evidence presented under oath.

Plaintiff itself has identified the *Coquico Case* as related litigation and asserted in the Amended Complaint that "[t]his Court has already ruled that these specific designs have valid copyrights, and the First Circuit has affirmed that determination". **ECF No. 42**, ¶¶11 and 29. Because Plaintiff alleged that same plush toy designs and parties are involved, the exhibits and filings from that case are <u>directly</u> relevant to the validity, enforceability, and chain of title for the alleged copyrights.

Plaintiff cannot plausibly claim lack of access to the requested documents. Ángel Edgardo Rodríguez Miranda—the defendant in the *Coquico Case* and alleged successor in interest—is the principal of Plaintiff and is represented by the <u>same legal counsel</u> in both cases. These documents were used in proceedings before this Court and are likely in the possession of Plaintiff's representative, its counsel, or obtainable through reasonable effort. Even if not in Plaintiff's physical possession, the documents are within its custody or control, satisfying Rule 34(a)(1). The In the First Circuit, "control" has been "defined as having the legal right or ability to obtain the information from another source upon demand." *Tyler v. Suffolk County,* 256 F.R.D. 34, 37, D. Mass. 2009) <u>quoting</u> *United States v. Textron, Inc. & Subsidiaries*, 553 F.3d 87, 2009 WL 136752, at *15 (1st Cir. 2009). The only necessary action is for Plaintiff to coordinate with counsel so that Counsel may retrieve the requested information from her own files. This falls squarely within the

scope of "control". Plaintiff's failure to respond or provide any explanation for its noncompliance further underscores the need for Court intervention.

Even if no responsive documents exist, Plaintiff must at minimum respond under Rule 34 with a statement describing the specific efforts made to locate them. Its total silence is improper. The Court should compel Plaintiff to respond to *RPD Nos. 33–35* and produce the requested documents or affirmatively state—based on a documented and reasonable inquiry—that they are unavailable.

**WHEREFORE,** Defendants respectfully requests that this Court enter an order requiring Plaintiff to produce complete responses to Defendant's interrogatories and documents at issue in this motion.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 4th day of August 2025

**CERTIFICATION:** An electronic copy of the foregoing motion was filed with the Clerk of the Court using the CM/ECF system which will send notification of this filing to opposing counsel of record.

**ADSUAR**
P.O. Box 70294
San Juan, PR 00936-8294
Tel.: 787.756.9000
Fax: 787.756.9010

*/s/ Luis Pérez-Giusti*
Luis Pérez-Giusti
USDC-PR 208608
Email: lpg@amgprlaw.com

*/s/Alexandra C. Casellas-Cabrera*
Alexandra Casellas-Cabrera
USDC-PR No. 30101
Email: acasellas@amgprlaw.com