**Elsie García**                                                          EXHIBIT C

| | |
|---|---|
| **From:** | Elsie García |
| **Sent:** | Wednesday, May 28, 2025 4:51 PM |
| **To:** | jbw@beckervissepo.com |
| **Cc:** | Luis R.Pérez Giusti; Alexandra Casellas-Cabrera |
| **Subject:** | WE v. Caribbean Retail Ventures, LLC, et al (8500-034) |
| **Attachments:** | SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF.pdf; Letter addressing responses from WE LLC.pdf |

Good afternoon:

As per attorney Alexandra Casella's instructions, attached please find (1) Defendants' objections to Plaintiff's *Answers to Co-Defendants First Set of Interrogatories and Request for Production of Documents;* and (2) *Second Request for Production of Documents to Plaintiff* in the above referenced matter.

Elsie García
Administrative Assistance – Labor & Litigation Department




208 Ponce de León Ave.
Suite 1600
San Juan, P.R. 00918

EGarcia@amgprlaw.com
adsuarlaw.com
787.756.9000 ext. 2109



www.adsuarlaw.com

May 28, 2025

**VIA E-MAIL**

Jane Becker, Esq.
jbw@beckervissepo.com

          Re: ***WE v. Caribbean Retail Ventures, LLC, et al*, Civ. No. 3:24-cv-01185/**

Dear Counsel:

  Please see the following letter detailing Caribbean Retail Ventures, Inc. ("CRV"), Salomon Abadi and Joel Bender's (collectively with CRV, the "Defendants") objections to Plaintiff, WE, LLC d/b/a Wild Encantos's ("WE") *Answers to Co-Defendants First Set of Interrogatories and Request for Production of Documents*.

  As a threshold matter, Defendants note that WE's responses to discovery are terse and incomplete. Plaintiff failed to fully respond to the interrogatories and requests for production, and did not provide valid justifications for the deficiencies. In the instances where WE refused to provide information, it did not assert any applicable privilege, deny the existence of the requested information, or submit any evidence that would justify withholding production. Defendants' objections go directly to these shortcomings and focus on WE failure to comply with basic discovery obligations.

**I. INTERROGATORIES**

  **1.** **Interrogatory No. 3**: Defendants object to Plaintiff's response to *Interrogatory No. 3* as incomplete, evasive, and nonresponsive. The interrogatory specifically requests detailed information regarding the circumstances surrounding the origination, selection, and/or adoption of the "Plush Toy Coqui" and "Plush Toy Parrot" designs. Plaintiff's response is vague and fails to distinguish between the two separate designs, making it impossible to determine whether the information provided refers to the Coqui, the Parrot, or both.

  More specifically:

    Subpart **(a)** merely states a date ("June 22, 2001") without describing the surrounding circumstances of the designs' development or adoption, and without specifying to which design the date pertains.

    Subpart **(b)** is answered with the unsupported conclusion "original work" and fails to explain whether either design was inspired by prior works, cultural references, or market trends, or whether either carries any specific meaning or suggestive connotation.

**Popular Center**
**208 Ponce de León Ave.**
**Suite 1600**
**San Juan, PR 00918**

**PO Box 70294**
**San Juan, PR 00936-8294**
**T +1. 787.756.9000**



      **Subpart (c)** identifies "Michael Tian" without detailing his specific role or contribution, and again, without clarifying whether his involvement related to the Coqui, the Parrot, or both.

      **Subpart (d)** names "Malik Benin" as a person with knowledge, but does not explain the scope or nature of that knowledge, his relationship to the product development, or which design his knowledge pertains to.

      Plaintiff's failure to distinguish between the two designs and to substantively address the details requested deprives Defendants of the opportunity to meaningfully assess the validity of Plaintiff's design claims. Defendants are entitled to a complete response under Fed. R. Civ. P. 33(b), and therefore respectfully request that Plaintiff supplement its response with specific, non-conclusory information clearly identifying and addressing each toy design separately and in detail.

      **2.**    **<u>Interrogatory No. 4</u>**: Defendants object to Plaintiff's response to *Interrogatory No. 4* as incomplete, vague, and deficient under Rule 33(b) of the Federal Rules of Civil Procedure. The interrogatory specifically requested a detailed identification and description of the chain of title for the copyrights at issue, including the original creator, all prior owners, dates and manner of transfers, rights conveyed, individuals involved in the transfers, and relevant supporting documentation. Plaintiff's response fails to adequately address several essential components of this request.

      In particular:

      **Subpart (a)** requires the name and contact information of each prior owner, including Mr. Rodríguez Miranda. Plaintiff provides only the name "Coquico, Inc." without contact information, and omits any identification of the original creator/author or any additional prior holders.

      **Subpart (b)** asks for the date and manner of each transfer, including the transfers from the original author to Mr. Rodríguez Miranda and from Mr. Rodríguez Miranda to Plaintiff WE, LLC. Plaintiff's response references only a "Court Marshall sale on July 16, 2014" without:

- o Clarifying the legal instrument through which Mr. Rodríguez Miranda acquired the rights,
- o Describing the mechanism of transfer from Mr. Rodríguez Miranda to WE, LLC in 2017, or
- o Providing the manner of the original conveyance from the author to Coquico, Inc.

**Subpart (c)** requests a description of the rights conveyed, including whether the transfer was full or partial and any limitations. Plaintiff's statement that "any and all rights" were transferred is conclusory and unsupported. No details are provided regarding the scope or nature of those rights or any conditions.

**Subpart (d)** requires the identity of all individuals involved in negotiating or executing the transfers. Plaintiff names only entities ("Coquico, Inc., to Angel Edgardo Rodríguez Miranda to WE, LLC") but fails to identify the individuals who actually participated in or signed the agreements or took part in negotiations.



**Subpart (e)** requires the identification of documents, agreements, or communications evidencing the transfers, and whether any such records have been filed with the U.S. Copyright Office. Plaintiff references only an "Auction Record" but provides no details about what the document contains, whether it covers all transfers, and whether any of the assignments have been officially recorded with the Copyright Office.

Without this information, Defendants cannot evaluate the legitimacy or continuity of Plaintiff's alleged ownership or standing to assert the copyrights in this case. Plaintiff's response is insufficient under Rule 33(b)(1)–(3), and a complete and detailed supplemental response is required to address the interrogatory as framed.

3. **Interrogatory No. 10:** Defendants object to WE's response to *Interrogatory No. 10* on the grounds that it provides only a generic description of the elements of copyright infringement. However, the response fails to specify how and why the public would allegedly be confused by the packaging, product design, and color of the products at issue. Moreover, Plaintiff did not respond to the subparts of Interrogatory No. 10—it failed to identify each of Defendants' products that allegedly infringe its rights, provide details about those products, or explain how Defendants have misrepresented or falsely described the origin of their plush toy designs.

Additionally, Plaintiff has not produced any documents to support its response, despite being expressly required to do so under subsection (f) of this interrogatory. Accordingly, Defendants respectfully request that Plaintiff be compelled to supplement its response in full and produce all documents responsive to Interrogatory No. 10, as previously requested.

4. **Interrogatory No. 12:** Defendants object to Plaintiff's response to *Interrogatory No. 12* as incomplete, vague, non-responsive, and deficient under Rule 33(b) of the Federal Rules of Civil Procedure.

*Interrogatory No. 12* expressly requested that Plaintiff state whether it lost sales due to Defendants' Plush Toy Designs, and if so, to identify:
1. The amount of lost sales;
2. The time period in which those losses occurred (specifically from January 2020 to May 2024); and
3. The methodology or calculation used to determine such lost sales.

Plaintiff's response fails to adequately address these elements:
- While Plaintiff generally claims to have lost customers and that Defendants' acts "prevented future growth of products," it does not provide any quantification of lost sales revenue, units, or profits, nor does it tie the reduction in clients to any specific product, time period, or infringing act.
- The statement that Plaintiff "had one hundred and thirty-one (131) clients, which has been reduced to forty-two (42) at the present," is conclusory, unsupported by any documentation, and fails to explain how the change is connected to Defendants' conduct or to the alleged infringement of the Plush Toy Designs.



- Plaintiff provides no explanation of the method used to calculate the alleged loss, nor does it identify how the referenced client reduction translates to a monetary or unit-based measure of damages.
- Plaintiff fails to identify when the alleged client loss occurred, how many clients were lost during the specific period requested (January 2020–May 2024), and whether any other market factors contributed to the change.

As such, Plaintiff's response is insufficient to allow Defendants to evaluate the scope, nature, or validity of the alleged damages. Defendants respectfully request that Plaintiff be compelled to supplement its response with:

- A breakdown of the sales revenue or units lost,
- The exact time period when losses were incurred, and
- The basis or method of calculation used to determine the claimed loss, including any supporting financial data or client records relied upon.

     5.    **<u>Interrogatory No. 13</u>:** Defendants object to WE's response to *Interrogatory No. 13* on the grounds that it is incomplete. Although Plaintiff provided an estimated date for when it first sold or offered to sell the Plush Toys in Puerto Rico, it failed to produce any documents to support its response, despite being expressly required to do so.

    Accordingly, Defendants respectfully renew their request that Plaintiff be compelled to provide a complete and substantiated response to *Interrogatory No. 13*.

     6.    **<u>Interrogatory No. 14</u>:** Defendants object to Plaintiff's response to *Interrogatory No. 14* as incomplete, vague, and nonresponsive under Rule 33(b) of the Federal Rules of Civil Procedure.

    The interrogatory specifically requests that Plaintiff:

- Identify any person or entity that sold the "Plush Toy Coqui" or "Plush Toy Parrot" before Plaintiff WE began doing so
- Describe the circumstances surrounding such sales, including dates and locations; and;
- Produce or identify any supporting documents related to such sales.

    Plaintiff's response, which states only "Coquico, Inc. through Malik Benin" and refers vaguely to two federal court cases, is insufficient and lacks the factual detail necessary to evaluate the existence or legitimacy of any prior sales. Plaintiff does not explain whether those sales were of the designs at issue, when and where they occurred, or whether they were authorized or relevant to Plaintiff's current claims.

    Further, no documents are identified or produced, and Plaintiff fails to address whether any documentation evidencing those prior sales exists.

    It is further understood that Mr. Angel Edgardo Rodríguez Miranda, Plaintiff's principal, was previously an employee of Coquico, Inc., and therefore would have had access to, or personal knowledge of, the very information requested in this interrogatory. Plaintiff's failure to



provide a complete and substantive response—despite this apparent access—renders the response deficient and evasive.

Accordingly, Defendants request that Plaintiff be compelled to supplement its response with:

- A full list of persons or entities involved in the prior sale of the plush toys;
- The dates, locations, and nature of those sales;
- A narrative description of the circumstances surrounding those transactions; and
- All available documents or records that support the existence and scope of such prior sales.

7. **Interrogatory No. 15:** Defendants object to WE's response to *Interrogatory No. 15* on the grounds that it is incomplete. Although Plaintiff provided an alleged number of clients and a superficial description of their location, it failed to produce any documents to support its response, despite being expressly required to do so.

Accordingly, Defendants respectfully renew their request that Plaintiff be compelled to provide a complete substantiated response to *Interrogatory No. 15*.

8. **Interrogatory No. 16:** Defendants object to WE's response to *Interrogatory No. 16* on the grounds that it is incomplete. Although Plaintiff alleges that its contract with Walgreens for the distribution of the *Plush Toy*[1] was a verbal agreement, it failed to produce any supporting documents, despite the fact that *Request for Production No. 1* expressly requires the production of all documents supporting the interrogatory responses. Documents that would be responsive and support this answer include, for example, invoices and any available evidence of payment in any form.

Accordingly, Defendants respectfully renew their request that Plaintiff be compelled to provide a complete substantiated response to *Interrogatory No. 16*.

9. **Interrogatory No. 17**: Defendants object to WE's response to *Interrogatory No. 17* on the grounds that it is incomplete. The question specifically requested a detailed description of the alleged instances of actual confusion, including, but not limited to, what was said, whether the statements were made voluntarily or in response to an inquiry, and identification of any documents supporting the response. However, Plaintiff merely provided a conclusory and terse statement that actual confusion occurred on a weekly basis through phone calls and personal encounters, without offering any further details.

Accordingly, Defendants respectfully request that Plaintiff be compelled to supplement its response *to Interrogatory No. 17* by identifying and describing in detail each alleged instance of actual confusion, as originally requested.

---

[1] "Plush Toy" refers to the Plush Toy Parrot Design and Plush Toy Coqui Design as mentioned in *the Amended Complaint* at ECF No.40.



**10.** **Interrogatory No. 22:** Defendants object to WE's response to *Interrogatory No. 22* on the grounds that it is incomplete. Although Plaintiff stated that the alleged retail price for the *Plush Toy Coquí* is $12.99 and that the *Plush Toy Parrot* is priced at $13.50, it failed to produce any documents to substantiate its response, despite the fact that *Request for Production No. 1* specifically required the production of any documents referenced in the interrogatory responses.

Accordingly, Defendants respectfully request that Plaintiff be compelled to supplement its response to *Interrogatory No. 22* with documentary evidence substantiating the stated prices of its products.

**11.** **Interrogatory No. 23:** Defendants object to WE's response to *Interrogatory No. 23* on the grounds that it is incomplete. Although Plaintiff identified MRJ Distributors, Inc., as other infringing parties, it failed to specify what actions were taken by Plaintiff regarding its products.

Accordingly, Defendants respectfully request that Plaintiff be compelled to supplement its response to *Interrogatory No. 23*.

**12.** **Interrogatory No. 24:** Defendants object to WE's response to *Interrogatory No. 24* on the grounds that it is incomplete. While Plaintiff indicated that it intends to rely on the U.S. Copyright Act to support its contention that Defendants have allegedly infringed its copyrights, it failed to respond to the remainder of the interrogatory, which specifically requested that WE identify each individual with knowledge of the facts supporting that contention.

Accordingly, Defendants respectfully request that Plaintiff be compelled to supplement its response to *Interrogatory No. 24* by identifying all individuals with knowledge of the factual basis for its allegations of copyright infringement.

**13.** **Interrogatories No. 25, No. 26 & No. 27:** Defendants object to Plaintiffs' refusal to respond to Interrogatories No. 25, 26 & 27 on the grounds that they allegedly violate Rule 26 of The Federal Rules of Civil Procedure. These objections are meritless. Rule 26 (b) (1) of the Federal Rules of Civil Procedure allows parties to obtain information regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. The information sought by Interrogatories No. 25, No. 26, and No. 27 is directly relevant to the alleged damages Plaintiff claims to have suffered as a result of Defendants' purported infringement. *Interrogatory No. 25* seeks information regarding the reduction in Plaintiff's sales allegedly caused by the infringement. *Interrogatory No. 26* requests an explanation of how Plaintiff calculated the alleged amount of damages it seeks in this action. *Interrogatory No. 27* seeks the identity of the specific distributors who allegedly stopped or reduced their purchases of the Plush Toys from Plaintiff as a result of Defendants' alleged conduct.

Plaintiff has not explained how these interrogatories exceed the scope of discovery under Rule 26, nor has it demonstrated that the burden of responding outweighs its likely benefit.



Accordingly, Defendants respectfully request that Plaintiff be compelled to provide a complete and responsive answer to these interrogatories.

**14.** **Interrogatories No. 28 & No. 30:** Defendants object to Plaintiffs' refusal to respond to Interrogatories No. 27 & 30 on the grounds that they allegedly violate Rule 26 of The Federal Rules of Civil Procedure. These objections are meritless. The information sought by Interrogatories No. 28 & No. 30 is directly relevant to the claims and defenses in this case. Specifically, these questions seek to determine whether third parties have had access to or have sold Plaintiffs *Plush Toys Animals.* This information is essential for assessing the exclusivity of Plaintiff's use and distribution of the design and for evaluating elements such as access.

Accordingly, Defendants respectfully request that Plaintiff be compelled to provide a complete and responsive answer to these interrogatories.

## II. REQUESTS FOR PRODUCTION OF DOCUMENTS

1. **RPD No. 2 & No. 3:** Defendants object to Plaintiff's responses to these requests on the grounds that they are evasive, insufficient, and non-responsive. If Plaintiff contends that the requested documents are not in its possession, it has an obligation to affirmatively state, with sufficient specificity, that a reasonable inquiry was conducted with due diligence, and to describe the steps taken to determine that the documents are not in its possession, custody, or control**.**

    It has been held that,"[i]f responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. ". See, *Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014).

    Defendants demand a full response in which Plaintiff states with specificity that they made reasonable efforts to conclude that the documents requested are not in their possession.

2. **RPD No. 4 & No. 5:** Defendants object to Plaintiffs responses to these requests because WE's general objections based on attorney-client privilege is procedurally defective and violate the clear requirements set forth in Defendant's General Instructions in its First Set of Interrogatories and Request for Production of Documents. Specifically: If Plaintiff is withholding any responsive documents on the basis of privilege, it must provide a privilege log containing:

    (a) the name of each author of the communication;
    (b) the name of each person to whom the communication was addressed;
    (c) the name of each person copied
    (d) the date of the communication.



(e) a brief description of the nature and subject of the communication or portion withheld.
(f) the name of each person to whom the communication was shown or with whom it was discussed and
(g) the nature of the claim of privilege or immunity asserted.

To date, no such privilege log has been provided. Plaintiff's blanket assertion of Privilege without the required disclosures is improper and invalid.

Defendants demand a full and complete production or a formal certification of a reasonable and diligent search, and if claiming privilege, produce a privilege log fully compliant with the requirements set forth in Defendant's General Instruction and the Federal Rules.

3. **RPD No. 6**: Defendants object to Plaintiff's response to this request as incomplete, evasive, and deficient under Rule 34 of the Federal Rules of Civil Procedure.

Request for *RPD No. 6* seeks the entire file related to the copyright registration of the "Plush Toy Coqui," including, but not limited to, the certificate of registration, all applications, deposit materials, correspondence, and assignments.

To date, Plaintiff has not produced a certificate of registration for the alleged design(s) nor the required deposit materials necessary to establish the scope and subject matter of any claimed copyright protection. These documents are essential to determining whether the design(s) at issue in this litigation were validly registered and whether they are the same as the designs allegedly infringed by Defendants.

Even if Plaintiff did not originally file the registration application, Plaintiff is or should be in possession of the relevant copyright file given that:

1. The same "Plush Toy Coqui" design was the subject of prior copyright infringement lawsuits filed in the District of Puerto Rico in 2007 (Case No. 07-1432) and 2010 (Case No. 10-1557);
2. Counsel for Plaintiff in this case was also counsel of record in those proceedings; and
3. Plaintiff would reasonably have obtained copies of the registration records and deposit materials as part of its acquisition of rights or its assertion of ownership.

The screenshots or summary printouts from the Copyright Office do not satisfy the requirements of 17 U.S.C. § 410 and are not prima facie evidence of a valid copyright over the specific designs at issue here, particularly since the visual content of the deposit materials has not been produced or identified.

Without the actual certificate, application, and deposit material, Defendants cannot evaluate the validity, scope, or enforceability of the alleged copyrights. Plaintiff's failure



to produce these materials—or explain their absence—renders the response **materially deficient** and obstructs Defendants' ability to defend against the infringement claims.

Defendants respectfully request that Plaintiff be compelled to supplement its response and produce the requested materials.

4. **RPD No. 7:** Please refer to Defendants' objection to *RPD No. 6*, which is adopted and incorporated herein to Plaintiff's answer to *RPD No. 7*.

5. **RPD No. 10:** Defendants object to Plaintiff's response to this request on the grounds that it is incomplete. Although Plaintiff produced the auction record in which Angel Rodriguez Miranda acquired his ownership rights for the copyrights of the designs of the *Plush Toy Animals,* Plaintiff failed to provide any documentation concerning the alleged transfer of ownership of the copyrights for the designs of the *Plush Toy Animals* from Angel Rodriguez Miranda to WE.

Accordingly, Defendants respectfully request that Plaintiff be compelled to supplement its response to *RPD No. 10* with all documents responsive to the request, including those evidencing the alleged transfer of ownership.

6. **RPD No. 11**: Defendants object to Plaintiff's response as evasive, conclusory, and inadequate under Rule 34 of the Federal Rules of Civil Procedure. The request seeks the production of all documents—including correspondence, emails, internal memoranda, or reports—that reflect the date and circumstances under which Plaintiff first became aware of the Defendants' allegedly infringing *Plush Toy Designs*.

Plaintiff's response, which merely states "it was all verbal," is insufficient and fails to satisfy its obligation to reasonably search for and produce documents within its possession, custody, or control. Plaintiff provides no further explanation, no identification of individuals involved in the alleged verbal exchanges, no reference to dates or context, and no affirmative statement that no responsive documents exist.

Moreover, the explanation that the discovery was entirely verbal appears inconsistent with Plaintiff's own pleadings. The Complaint includes photographic exhibits of the allegedly infringing products displayed at what appears to be one of Defendants' stores. These images necessarily reflect some level of observation, documentation, or recordkeeping that would typically be associated with a communication, internal report, or notice that should exist in documentary form, whether electronic or physical.

Accordingly, Defendants respectfully request that Plaintiff: Conduct a reasonable and diligent search for responsive documents, including emails, messages, or notes from the time period in question; Identify any individuals involved in the initial discovery of



       Defendants' products; and Supplement its response to state whether any responsive documents exist and, if none exist, affirmatively so state pursuant to Rule 26(g).

       Absent such supplementation, Plaintiff's response should be deemed inadequate and noncompliant with its discovery obligations.

7.   **RPD No. 12:** Defendants object to Plaintiff's response to this request as unfounded and evasive. Plaintiff asserts that the request is "too broad" and "overly burdensome"; however, according to Plaintiff, they began to sell the *Plush Toy Animals* in 2017, which clearly defines the relevant time period. Producing sales records from 2017 until the present is essential for Defendants to assess the alleged lost sales by comparing previous sales to current sales and to conduct a thorough analysis of the damages Plaintiff is claiming.

       Accordingly, Defendants respectfully request that WE promptly supplement its response to this request with all responsive documents.

8.   **RPD No. 14**: Defendants object to Plaintiff's response as incomplete, vague, and insufficient under Federal Rule of Civil Procedure 34. The request specifically seeks all documents related to Plaintiff's marketing strategy for the "Plush Toy Coqui" and "Plush Toy Parrot" from 2019 to May 2024, including: Marketing plans, Budgets, Communications with marketing or advertising firms, Documents discussing trade dress.

       Plaintiff's response—"Give samples and promotional materials"—does not satisfy the scope of the request. Providing promotional samples, while potentially relevant, does not substitute for production of strategy-related materials such as internal planning documents, communications, budget allocations, or documents concerning the development and selection of trade dress, which are essential to evaluating Plaintiff's claims and alleged goodwill or market positioning.

       Moreover, Plaintiff does not confirm whether additional responsive documents exist or clarify the extent of its production. There is no indication that Plaintiff conducted a reasonable and diligent search for relevant materials, nor is there any explanation as to whether communications with advertising firms or internal memoranda were ever created or no longer exist.

       Accordingly, Defendants respectfully request that WE promptly supplement its response to this request with all responsive documents

9.   **RPD No. 15, No. 19, No. 23, No. 24, No. 25, No. 26, No. 27, No. 28:** Defendants object to Plaintiffs responses to these requests because the assertion that the information is "available at our office" does not relieve WE of its discovery obligations under the Federal Rules of Civil Procedure. According to Rule 34 of Civil Procedure, a responding party is required to produce documents in its possession, custody or control. The District Court of Puerto Rico has held that it is not a proper objection to discovery to suggest that



the information is available elsewhere. *See*, *Puerto Rico Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriquena, Inc*., 318 F.R.D. 224, 230 (D.P.R. 2016). Additionally, "it is not plausible to assume that a response that an answer may (or may not) be found in its records, accompanied by an offer to permit their inspection is sufficient. This is little more than an offer to play the discredited game of blindman's buff at the threshold level of discovery." *See, In re Master Key,* 53 F.R.D. 87, 90 (D. Conn 1971).

Moreover, "[t]he option to produce business records was added to Rule 33 where the interrogatory answer required expensive and burdensome research into a party's own files. The option only applies when: 1) the burden of deriving or ascertaining the answer will be substantially the same for either party, and 2) the response sufficiently specifies the records that must be reviewed." *Vázquez-Fernández v. Cambridge Coll., Inc*., 269 F.R.D. 150, 158 (D.P.R. 2010).

In conclusion, it is unduly burdensome for Defendants to travel to Plaintiffs' offices to conduct a manual search of files, particularly when, given current technological advancements, Plaintiffs could readily transmit the requested information via email or other electronic means. This burden is not justified under a balancing of interests—especially considering that Plaintiffs have not shown that the requested information cannot be provided electronically.

Moreover, as courts have recognized, the option to produce business records under Rule 33(d) is improper where the interrogatory seeks specific information and the identification of documents supporting that answer, rather than a compilation of raw data. *See, Vázquez-Fernández v. Cambridge Coll., Inc*., 269 F.R.D. 150, 158 (D.P.R. 2010).

10. **RPD No. 18**: Defendants object to Plaintiff's response that "all [evidence was] verbal" as non-responsive and insufficient under Rule 34 of the Federal Rules of Civil Procedure. The request specifically seeks documents reflecting instances of alleged consumer confusion, including but not limited to customer complaints, surveys, or other tangible evidence. Plaintiff's blanket assertion that all such instances were "verbal" fails to confirm whether Plaintiff made any effort to document, investigate, or internally communicate such claims in writing.

Moreover, Plaintiff is obligated to produce not only documents currently in its possession, custody, or control but also those it reasonably should have maintained or is able to obtain. It is difficult to reconcile Plaintiff's claim that no written record, email, internal note, or follow-up exists concerning allegations of confusion, particularly given the nature of this lawsuit. If no such documents exist, Plaintiff must clearly state so after conducting a reasonable and good faith search. Otherwise, Plaintiff should supplement its response and produce any responsive documents without further delay.



11. **<u>RPD No. 21</u>**: Defendants object to Plaintiff's response to this request on the grounds that Plaintiff has not produced all documents responsive to and supportive of its answer. In response to *Interrogatory No. 23*, Plaintiff identified MRJ Distributors, Inc. as another infringing party. In response to *RPD No. 21*, Plaintiff states that it has commenced civil actions against infringers.

    Accordingly, Defendants request that WE produce any and all documents related to the alleged civil actions against MRJ Distributors, Inc.

12. **<u>RPD No. 29</u>:** Defendants object to Plaintiff's response to this request on the grounds that it is evasive, incomplete, and nonresponsive. The request seeks highly relevant information concerning the identity of Plaintiff's officers and directors during the relevant time period.

    This information is critical because these individuals are likely to have firsthand knowledge of the facts underlying the claims in this case and may be key witnesses. As representatives of the party bringing suit, their roles, responsibilities, and potential involvement in the underlying conduct are directly relevant to the issues at hand.

    Accordingly, Defendants respectfully request that Plaintiff supplement its response to *RPD No. 29* to fully and clearly identify all such individuals.

Accordingly, Defendants requests that Plaintiff supplement its responses and produce all responsive documents.

Because it is Defendant's good faith intent to foster cooperation between the parties in order to diligently and expeditiously carry out the discovery phase without having to resort to the Court's intervention, Defendants propose holding a "Meet and Confer" session pursuant to Fed. R. Civ. P. 26 and Lc. Cv. R. 26(b). We are available during the week of **June 2-6, 2025.** Please, let us know at your earliest convenience what day and time works best for you, and we will accommodate our calendars accordingly.

Cordially,

/s/*Alexandra C. Casellas*
ALEXANDRA C. CASELLAS


/s/ *Luis R. Pérez Giusti*
LUIS R. PÉREZ GIUSTI

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| WE, LLC d/b/a WILD ENCANTOS., <br><br> Plaintiff, <br><br> v. <br><br> CARIBBEAN RETAIL VENTURES, INC., SALVADOR ABADI, Jane Doe, and their conjugal partnership; JOEL BENDER, Susan Roe, and their conjugal partnership <br><br> Defendants. | Civil No. 3:24-cv-01185 (CVR) <br><br> Re: Copyright Infringement |

**SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Pursuant to Rules 34 of the Federal Rules of Civil Procedure, Caribbean Retail Ventures, Inc. ("CRV"); Salomon Abadi, his spouse, and their conjugal partnership; and Joel Bender, his spouse, and their conjugal partnership (collectively, with CRV the "Defendants"), by and through its undersigned counsel, hereby requests Plaintiff, WE, LLC d/b/a Wild Encantos ("WE") to answer each of the following requests for production of documents. In responding to these requests, WE is required to produce for inspection and photocopying the documents requested below.  WE is further required to respond individually and in writing to each request for production of documents and to identify and produce documents which are responsive to each request.  These responses and documents shall be produced by **June 30th, 2025**, at the law offices of Adsuar, 208 Ponce de León Avenue, Suite 1600, Hato Rey, Puerto Rico 00918.

I.   **GENERAL INSTRUCTIONS**

The law requires that your answers to these request for production of documents disclose all information that is known or available to you, including not only your own present and personal knowledge, but also information in the possession of your agents, employees, officers, attorneys,

1

accountants, auditors, engineers, experts or other representatives, or any other person acting on your behalf.  If any of these requests cannot be answered fully, please answer to the extent possible and provide whatever information, knowledge or belief you do have concerning the unanswered portion.  If you object to a request or a portion of a request, answer that portion of the interrogatory to which you do not object, and specify the precise ground or basis for your objection and the precise portion of the interrogatory to which an objection is made.

If you claim any form of privilege or immunity, whether based on statute or otherwise, as a ground for not responding in whole or in part to any interrogatory, you shall set forth in complete detail each and every fact or ground upon which the privilege is based, including sufficient facts for the Court to make a full determination whether the claim or privilege is valid.  If you claim any form of **privilege** as the ground for not producing a document or answering an interrogatory, please state the following for each such response: (a) the name of each author of the communication concerned; (b) the name of each person to whom the communication was addressed; (c) the name of each person to whom the document indicates was to be copied; (d) the date of the communication; (e) a brief description of the nature and subject matter of the communication or the portion withheld; (f) name of each person to whom the communication was shown or with whom it was discussed; and (g) the nature of the claim of privilege or immunity.

## II.    DEFINITIONS

1.    Each request for production of documents seeks information available to WE, its affiliated entities, attorneys or agents, and all persons acting on its behalf.  Accordingly, the terms "plaintiff", "you", and "your" refer without limitation to WE, its affiliated entities, its attorneys and agents, and all persons acting on its behalf.

2.      The terms used herein are to be given their most expansive and inclusive interpretation unless otherwise specifically limited in the request itself. This includes, without limitation the following:

    a.    construing "and" and "or" in the disjunctive or conjunctive as necessary to make the request more inclusive; and

    b.    construing the singular form of a word to include the plural and the plural to include the singular;

3.      "WE" or "Plaintiff" shall mean and refer to plaintiff WE, LLC.

4.      "Plush Toy Coqui" refers to the word stuffed toy animal identified by Plaintiff in ¶7 of the Amended Complaint.

5.      "Plush Toy Parrot" refers to the word stuffed toy animal identified by Plaintiff in ¶7 of the Amended Complaint.

6.      "Plush Toys" refers to the stuffed toy products at issue in this case, including but not limited to the "Plush Toy Coqui" and "Plush Toy Parrot" identified by Plaintiff in ¶7 of the Amended Complaint.

7.      "*Defendants' Plush Toy Design*" refers to "Defendants' Toy Parrot Design" and the "Defendants' Toy Coqui Design," which refer to the plush toy parrot and plush toy coqui, respectively, that were previously sold at CRV's Always 99 Stores.

8.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34 (a). It shall include any tangible thing upon which any expression, communication, or representation has been recorded, as well as all "writings," "recordings," and "photographs," as defined by Fed. R. Evid. 1001; information stored electronically or electromagnetically (such as electronic mail or any other electronic files) and all

drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing; all attachments and enclosures; all drafts or copies that differ in any respect from the original; and all handwritten notations or notes attached on the front or back via adhesive or the like. A draft or non-identical copy is a separate document within the meaning of this term.

9. The term "communication" includes any written or oral transmission of facts, information or opinion, including any utterance, notation, or statement of any nature whatsoever, including, but not limited to, documents, correspondence and telephone conversations.

10. The term "identify" means:

a. When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address and telephone number, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

b. When referring to a document, "identify" means to provide, to the extent known: (1) a true and exact copy of the document; (2) the type of documents; (3) the general subject matter; (4) the date of the document; and (5) the author(s), addressee(s), and recipient(s).

c. When used in connection with a communication, "identify" means state whether the communication was written or oral. If the communication was written, identify the document which constitutes the writing and provide a true copy of the same. If the communication was oral, identify all parties to the communication, the date and place of the communication and, as precisely as possible, what was said. With

4

      respect to all communications, identify all and all documents concerning the date or content of the communication, including any memoranda, notes, minutes, or recording.

    11.    The term "person" or "party" means any natural person, or any business, legal or governmental entity or association.

    12.    Any interrogatory requesting you to identify "all facts" for a given statement, contention, belief, allegation, or response means to provide a detailed recitation separately itemizing every evidentiary fact in your awareness relevant to proof, at trial, of the subject statement, contention, belief, allegation or response. Identifying "all facts" also means identifying, in detail, all sources for each such relevant evidentiary fact (i.e., document, oral communication, etc.).

    13.    The term "Document" includes both the original and each copy that contains any additional writing, notation or interlineation, or is in any respect not an identical copy of the original. Copies of the documents are to be produced in lieu of originals in the event that there are no originals.

    14.    The term "Possession, Custody or Control" shall mean and refer to any Document person, including agents, representatives, or attorneys, and Plaintiff:

    a.    owns such document in whole or in part;

    b.    has a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms;

    c.    has an understanding, express or implied, that Plaintiff may use, inspect, examine or copy such document on any terms;

  d.  has, as a practical matter, been able to use, inspect, examine or copy such document when Plaintiff has sought to do so;

  e.  is an off-site storage for ESI which is used by Plaintiff.

Such documents shall include, without limitation, documents that are in the custody of Plaintiff's attorney(s) or other agents.

15. The term "produce", when used in reference to documents requested herein, shall be construed to mean actually delivering copies of such documents to the undersigned. Said production of documents shall be made in an orderly fashion, identifying each document or group of documents as they specifically relate to each interrogatory or request for documents herein.

### III. SECOND SET REQUEST FOR PRODUTION OF DOCUMENTS

33. **RPD No. 33:** Produce a complete copy of the attachments and exhibits to the Complaint filed in *Coquico, Inc. v. Rodriguez-Miranda et al.*, Civil No. 3:07-cv-01432-JAF (D.P.R.), specifically those included with the filings in ECF Nos. 1 and 3.

34. **RPD No. 34:** Produce a complete copy of Plaintiff Coquico, Inc.'s exhibits numbered 1 through 20 used in connection with the Preliminary Injunction Hearing held on August 29, 2007 in *Coquico, Inc. v. Rodriguez-Miranda et al.*, Civil No. 3:07-cv-01432-JAF (D.P.R.), as listed in ECF No. 37 in that case.

35. **RPD No. 35:** To the extent Plaintiff contends that any of the documents identified above are not in its immediate possession, state all efforts made to obtain such documents, and produce any correspondence or communications with the United States District Court for the District of Puerto Rico, any former legal counsel, or any party to the case concerning such documents.

**Relevance Statement**

These documents are directly relevant to the claims and defenses in this action, particularly to issues of copyright ownership, originality, prior art, and potential preclusion or estoppel arising from Plaintiff's involvement in prior litigation concerning the same plush toy designs. Given that Angel Rodríguez-Miranda, the current corporate representative of Wild Encantos, was a named

defendant in the prior case, Plaintiff is reasonably expected to have access to or the ability to obtain the materials requested.

36. **RPD No 36**: Produce all documents and materials reflecting or relating to the current design of the "Plush Toy Coqui" that Plaintiff has manufactured, ordered for production, or sold, including but not limited to sketches, technical drawings, or mock-ups provided by or to any manufacturer showing stitching patterns, features, dimensions, colors, or other design elements.

37. **RPD No 37**: Produce all documents and materials reflecting or relating to the current design of the "Plush Toy Parrot" that Plaintiff has manufactured, ordered for production, or sold, including but not limited to sketches, technical drawings, or mock-ups provided by or to any manufacturer showing stitching patterns, features, dimensions, colors, or other design elements.

In San Juan, Puerto Rico, this 28th day of May 2025.

**WE HEREBY CERTIFY:** that on this same date the foregoing *First Set of Interrogatories and Request for Production of Documents* to Plaintiff WE, LLC d/b/a Wild Encantos was delivered to his counsel via electronic mail at their electronic address of record.

**ADSUAR**
*Counsel for the Defendants*
P.O. Box 70294
San Juan, PR 00936-8294
Tel.: 787.756.9000/Fax: 787.756.9010

*/s/Luis Perez-Giusti*
LUIS PEREZ GIUSTI
USDC-PR No. 208608
lpg@amgprlaw.com

*/s/ Alexandra Casellas Cabrera*
ALEXANDRA CASELLAS CABRERA
USDC-PR 301010
acasellas@amgprlaw.com
