UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WE, LLC d/b/a WILD ENCANTOS., <br><br>Plaintiff, <br><br>v. <br><br>CARIBBEAN RETAIL VENTURES, INC., SALOMON ABADI, Jane Doe, and their conjugal partnership; JOEL BENDER, Susan Roe, and their conjugal partnership <br><br>Defendants. | Civil No. 3:24-cv-01185 (CVR) <br><br>Re: Copyright Infringement |

**OPPOSE DEFENDANTS' MOTION TO COMPEL**

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, WE, LLC, through undersigned counsel, and very respectfully state and pray:

**INTRODUCTION**

      The Motion to Compel lacks a Certification of a Rule 26 effort to meet and confer as required by the local rule, but instead of a Motion to Strike, as a practical matter Plaintiff will respond to the substance of Defendants' objections. In general, Defendants ask this Court to order Plaintiff to produce documents that either Plaintiff cannot access or that never existed.

**RELEVANCE**

      **The Origin Story**

      In their interrogatories, Defendants repeatedly ask about the "origin story" of the plush toy coqui and Puerto Rican parrot. By origin story, Defendants seem to be seeking information about the ideas behind the creation of these copyrighted plush toys. But ideas

are not copyrightable, only the expression of ideas is. 17 U.S.C. §102; *see also Harper & Row Publishers, Inc. v. Nation Enterprises,* 471 U.S. 539, 547 (1985). In their objections to the information Plaintiff produced, Defendants simply state that they "need" this information, but they fail to state why it is relevant to the controversies in the case. Since Defendants never provided their rationale for asking for this information, we can only speculate, but is seems impossible to discern how the different possible responses:

- I saw a coqui in the mountains of Puerto Rico and thought a plush toy for my daughter would be fun vs. I was playing dominos in Philadelphia, and I decided people's nostalgia for iconic references to Puerto Rico would be marketable, has any conceivable relationship to any of the controversies in this case.

Plaintiffs provided the information as to when the plush toys were created and what protectable elements afforded them the right to their copyrights. Those are the matters relevant to this litigation. Defendants cite to no case law finding that a copyright holder must have an origin story for its works to be copyrightable, and Plaintiff has not been able to find any. The copyright office makes its determination based on the product submitted, not the story behind its creation. The question is not relevant, so it does not need to be answered.

### WE, LLC's ownership

Defendants know that WE, LLC gained ownership through a transfer agreement from Angel Rodriguez Miranda, who acquired the copyrights from Coquico, Inc. in an auction sale in 10-1557 (JAF). As Defendants have demonstrated through the use of Court documents in their Motion to Dismiss, they are well aware that Coquico, Inc. sued Mr. Rodriguez for infringement in 2007 – 07-1432 (JP) and that Mr. Rodriguez

2

subsequently sued Coquico in 2010, when Judge Pieras denied his motion to file a counterclaim. Mr. Rodriguez lost the infringement suit, so he knows that the copyrights are valid. Then Mr. Rodriguez won the suit for his employment and collection of money claims 10-1557and acquired the copyrights. When he created WE, LLC, he transferred his personal rights to the company.

As for the materials that Coquico, Inc., the company that sued Mr. Rodriguez submitted to the copyright office, Plaintiff does not have them. As Defendants' counsel's email reflects, they find it incredible that possible discovery answers from a case from 18 years ago are not readily available to the undersigned. Defendants' counsel argue that they need to know about the "scope, validity, and enforceability" of the copyrights. The copyright office granted copyrights to the coqui and the cotorra. Those items are sold every day in retail stores throughout Puerto Rico, readily available to Defendants. Their scope is that of plush toy coquis and parrots. Their validity was affirmed by the First Circuit. So was their enforceability. Defendants have no good faith base for believing that Coquico, Inc. filed some different form of a plush toy to the copyright office and is now selling a different version. Coquico, Inc. sued Mr. Rodriguez for selling substantially similar products. Coquico, Inc. won. Mr. Rodriguez knew the value of the copyrights, and he bought them at auction in the federal court. Defendants acknowledge having that document.

**Knowledge of Defendants' Infringement**

Defendants ask how Plaintiff learned of the infringement and request that Plaintiff produce any documents. Plaintiff respond that they learned about the infringement verbally. Defendants object that WE, LLC has failed to produce a document that does not exist.

**Marketing Plan**

Defendants object that a one man shop does not have a sophisticated, documented marketing plan other that providing samples to prospective retail stores. As Defendants know, these plush toys sell themselves and the retail outlets are obvious: stores that sell to tourists. The business does not require a sleek brochure, or internal memoranda, [is Mr. Rodriguez supposed to send messages to himself?], and Plaintiff has no obligation to produce something that does not exist. Again, Defendants' annoyance with an answer does not create an obligation for Plaintiff to create a marketing plan.

**Business Records**

Defendants complain that it would be unduly onerous for them to review business records in the undersigned's offices. The case Defendants cite, *Vazquez Fernandez v. Cambridge Coll,* 269 F.R.D. 150 (D.P.R. 2010) is inapposite because it applies to response to interrogatories with business records. In any event, to the extent they exist, Plaintiff will scan and send these documents to Defendants' counsel in the form of a supplemental answer.

**Evidence of Confusion of the Product**

Again, Defendants ask Plaintiff to create documents about verbal complaints. They cite to no case law for this proposition because none exists.

**Officers and Directors of WE, LLC**

This request is not relevant to the claims herein. Unlike Defendants, there is no civil liability for the officers and directors of a limited liability company that is a Plaintiff in a copyright case.

4

**Federal Rule of Civil Procedure 33(a)(1) limits the number of interrogatories to 25**

The undersigned apologizes for citing the wrong rule, noting that each subpart is counted as a separate interrogatory. Fed.R.Civ.Proc. 33(a)(1).

**WHEREFORE,** Plaintiff, WE, LLC very respectfully asks this Honorable Court to deny Defendants' Motion to Compel and to take note that Plaintiff intends to send the business records that it had invited Defendants' counsel to review before requesting production to them.

**DATED**: August 25, 2025

Respectfully Submitted in San Juan, Puerto Rico,

BECKER VISSEPÓ

*S/Jane Becker Whitaker*
JANE BECKER WHITAKER
USDC No. 205110
PO Box 9023914   San Juan, PR 00902-3914
Tel. (787) 945-2406 E-mail:
janebeckerwhitaker@gmail.com
jbw@beckervissepo.com

**Attorneys for WE, LLC
 d/b/a "Wild Encantos";**

/S/Jane Becker Whitaker
  **JANE BECKER WHITAKER**
  USDC-PR No. 205110

VIG Tower, 1225 Ave. Ponce De León
Suite 1102
San Juan, PR 00907
Tel. (787) 585-3824 / E-mail: jbw@beckervissepo.com
janebeckerwhitaker@gmail.com

5

**I HEREBY CERTIFY** that I have filed this pleading with the Court's ecf system, which system will notify all counsel of record, and will hand deliver a copy of this motion and its Exhibits to the U.S. Customs and Border Patrol tomorrow morning.