UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| WE, LLC d/b/a WILD ENCANTOS., <br><br>Plaintiff, <br><br>v. <br><br>CARIBBEAN RETAIL VENTURES, INC., SALOMON ABADI, Jane Doe, and their conjugal partnership; JOEL BENDER, Susan Roe, and their conjugal partnership <br><br>Defendants. | Civil No. 3:24-cv-01185 (CVR) <br><br>Re: Copyright Infringement/Lanham Act |

**DEFENDANTS' MOTION FOR RECONSIDERATION UNDER RULE 54(b) BASED ON INTERVENING DECISION IN *WE V. MRJ DISTRIBUTORS***

**TO THE HONORABLE COURT:**

**COME NOW** Defendants Caribbean Retail Ventures, Inc. ("CRV"), Joel Bender (Mr. Bender), his spouse and the conjugal partnership between them and Salomon Abadi (Mr. Abadi), his spouse and the conjugal partnership between them (collectively Mr. Bender and Mr. Abadi, "the Corporate Officers" jointly with CRV, "Defendants"), by and through their undersigned counsel, respectfully request reconsideration of the Court's Opinion and Order entered on January 14, 2025 (**ECF No. 52**)(the "January O&O") pursuant to Fed. R. Civ. P. 54(b). In support thereof, Defendants state as follow:

**I. INTRODUCTION**

Reconsideration is warranted because, after this Court issued its January O&O, a new intervening decision from another court in this District—*WE, LLC v. MRJ Distributors, Inc.*, Civil No. 24-1584 (ADC) (the "MRJ Distributors Case")—squarely held that indistinguishable allegations by the same plaintiff fail to state a claim under *Twombly* and *Iqbal*. See *MRJ*

1

*Distributors Case*, **ECF No. 56** (Sept. 29, 2025). The allegations here are **materially identical**—indeed, *word-for-word*—and the same pleading defects exist in both complaints.

Two materially indistinguishable complaints should not survive the pleading stage in one courtroom and be dismissed in another. The conflicting outcomes reached by two courts within the same District on the same allegations—asserted by the same plaintiff—create precisely the type of inconsistency that warrants correction to prevent manifest injustice and ensure uniformity in intra-district adjudication.

Because the *January O&O* is interlocutory, Rule 54(b) permits revision "at any time before entry of final judgment."

## II. PROCEDURAL BACKGROUND

To provide clarity, the relevant procedural history unfolds as follows:

1. On April 22, 2024 – Plaintiff, WE LLC (hereinafter, "WE" or "plaintiff") filed this action asserts copyright and Lanham Act claims alleging that CRV and its corporate officers, Mr. Abadi and Mr. Bender, sold "knock-off" plush toys in Always 99 stores.

2. Thereafter, Defendants moved to dismiss (**ECF No. 43**). Defendants argued, *inter alia*, that the Amended Complaint contained no factual allegations showing that the individual officers personally participated in, supervised, or financially benefitted from any infringing conduct. The motion also alleged that WE failed to assert a Lanham Act claim against Defendants because Plaintiff does not allege a protectable trademark, distinctiveness, non-functionality, or secondary meaning.

3. Plaintiff filed an opposition to Defendants' motion to dismiss (ECF No. 46) addressing arguments regarding substantial similarity of the plush toy designs, access to the copyrighted products, personal liability of corporate officers for copyright infringement, and the Defendants'

failure to address the coquí copyright claim. Notably, however, Plaintiff did not raise any arguments addressing the deficiencies in its Lanham Act claim.[1]

4. On January 14, 2025, this Court issued the *January O&O*, where, *inter alia*, the Court denied dismissal as to the corporate officers, finding that Plaintiff's collective references to "Defendants" are sufficient at the pleading stage and denied dismissal of the Lanham Act claim, finding that Plaintiff's conclusory assertions of secondary meaning and likelihood of confusion—though minimal—were enough to survive Rule 12(b)(6) because distinctiveness, non-functionality, and secondary meaning "are fact-intensive inquiries" inappropriate for resolution at the motion-to-dismiss stage.

5. On September 29, 2025 in an intervening decision in the *MRJ Distributors Case* (Civil No. 24-1584), a different judge in this District issued an Opinion and Order (Civil No. 24-1584, ECF No. 56) that dismissed *indistinguishable* corporate-officer allegations asserted by the same plaintiff because the pleadings merely parrot legal conclusions and do not allege any individualized conduct; and dismissed the identical Lanham Act allegations, after Plaintiff expressly disclaimed and failed to defend any trademark claim. This intervening decision directly contradicts the *January O&O* on materially identical allegations and presents new legal developments warranting reconsideration under Rule 54(b).

### III. LEGAL STANDARD UNDER RULE 54(b)

Federal Rule of Civil Procedure 54(b) provides that:

> "Any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties **does not end the action** … and **may be revised at any time before** the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." (Emphasis added).

---

[1] Defendants filed a reply in further support of its motion to dismiss. See **ECF No. 51.**

This Court has held that a district court, "has the inherent power to reconsider its interlocutory orders," *Fernández-Vargas v. Pfizer*, 522 F.3d 55, 61, n. 2 (1st Cir. 2008), which "'remain open to trial court reconsideration' until the entry of judgment," *Nieves-Luciano v. Hernández-Torres*, 397 F. 3d 1, at 4 (1st Cir. 2005). Furthermore, the First Circuit has recognized that motions requesting reconsideration are appropriate to correct clear error of law, prevent manifest injustice, or reflect an intervening change in controlling or persuasive law. See *Allstate Ins. Co. v. Fougere*, 79 F. 4th 172, 197 (1st Cir. 2023).

Because the *January O&O* (**ECF No. 52**) denied dismissal as to some defendants and claims but did not dispose of all claims, it remains interlocutory and is subject to revision under Rule 54(b).

## IV. DISCUSSION AND ANALYSIS

### A. Corporate Officers Liability:

#### i. Nearly identical allegations

A comparison of the pleadings in the *MRJ Distributor Case* and the instant case- CRV Case- confirms that the allegations against the individual officers are nearly identical in every material respect.

**MRJ Distributors Case (Civil No. 24-1584, ECF No. 1):**

- *"José Rivera González is the President of MRJ and, on information and belief, took an active role in importing, marketing and selling the copyrighted products and profits personally from the infringements of the intellectual property …"* (Complaint, ¶ 7)

- *"Joel Rivera González is the Treasurer… and, on information and belief, took an active role in importing, marketing and selling the copyrighted products and profits personally from the infringements of the intellectual property …"* (Complaint, ¶ 8)

4

**CRV Case (Civil No. 24-1185, ECF No. 42):**

- *"Salvador (sic)Abadi is the President of Caribbean Retail and, on information and belief, engineered and profits from the infringements…"* (Amended Complaint, ¶ 17)

- *"Joel Beder (sic) is the Vice President… and, on information and belief, engineered and profits from the infringements…"* (Amended Complaint, ¶ 18)

Notably**,** these paragraphs differ only by name and company. Both complaints: 1) rely solely on corporate titles, 2) add the phrase "on information and belief," 3) contain zero factual allegations describing: personal participation; supervisory authority; causation; any direct financial benefit; actions taken by individual. Additionally, both complaints improperly use a group-pleading theory.

**ii. Intervening Decision in *MRJ Distributors Case***

The *MRJ Distributors Case* dismissed the claims against the corporate officers on precisely this basis, holding:

> Here, Wild Encantos' complaint makes only one reference to either José González and Joel González. The sole allegation as to José González and Joel González merely recites the elements of the cause of action against the individual defendants. See ECF No. 1, ¶¶ 7-8. The complaint attempts to transpose the allegations against the corporate entity MRJ to the individual defendants by stating that "MRJ, José Rivera González, and Joel Rivera González are collectively referred to herein as the MRJ Defendants." ECF No. 1, ¶ 9. **It is clear, however, that each of the allegations in the complaint refers to the conduct of MRJ as a <u>corporate entity</u>, and <u>not</u> to the individual actions of either José González or Joel González. Without any allegations as to the individual conduct of José González or Joel González, the complaint fails to "apprise defendants of the claims against them," and therefore fails to state any claim upon which relief can be granted as to José González or Joel González**.

<u>See</u> *Opinion and Order, MRJ Distributors Case, p. 13* (ECF No. 56)(emphasis ours).

That reasoning applies with equal force here. Plaintiff's allegations against the corporate defendants Mr. Abadi and Mr. Bender mirror those dismissed in *MRJ Distributors Case* word-for-

word, substituting only corporate titles and store names. The inconsistency between these rulings creates an inequitable and legally unsustainable disparity within the same District.

In the *January O&O*, the Court reasoned that "Plaintiff refers in the Complaint to Codefendants Mr. Abadi, Mr. Bender, and CRV as a whole when alleging its copyright infringement and Lanham Act violation claims," and that this collective reference sufficed "at this stage." (**ECF No. 52** at 15–16). Respectfully, that conclusion cannot be reconciled with *Iqbal* and binding First Circuit precedent. *Iqbal* makes clear that "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory group allegations—such as those in the Amended Complaint—are precisely the type of allegations *Iqbal* forbids courts to credit.

The intervening decision in *WE, LLC v. MRJ Distributors*, Civ. No. 24-1584 (ADC), correctly applied that standard. There, the court dismissed materially indistinguishable officer-liability allegations brought by the same plaintiff because the complaint failed to allege any conduct *specifically attributable to the individual officers*. In doing so, the MRJ court relied directly on the First Circuit Court decision of *Redondo Waste Systems, Inc. v. López-Freytes*, 659 F.3d 136 (1st Cir. 2011), which requires that a complaint "allege facts linking **each defendant** to the grounds on which that particular defendant is potentially liable." *Id.* at 140 (emphasis ours). Group pleading does not satisfy this requirement.

The *MRJ Distribution Court* correctly recognized that allegations directed at a corporate entity cannot simply be "transposed" onto individual defendants. That principle comes straight from the First Circuit Court decision of *Redondo*.

Other courts have applied the same rule. For example, in the context of copyright infringement in *Arias v. Universal Music Grp.*, 640 F. Supp. 3d 84, 92–93 (D.D.C. 2022) the court

held that "[a]llegations that refer to 'Defendants' collectively without specifying which defendant took which action are insufficient to maintain a direct infringement claim.". More notably, this Court in *Montalvo v. LT's Benjamin Records, Inc.*, 56 F. Supp. 3d 121, 135 (D.P.R. 2014), an analogous copyright case, emphasized that vicarious liability requires factual allegations showing (1) the right and ability to supervise the infringing conduct, and (2) a direct financial interest. Because the complaint merely "recite[d] the elements" and asserted supervision and financial interest in conclusory fashion—without describing ***any*** conduct by the individual defendants—the court dismissed the claim. The court stressed that allegations "devoid of any facts" cannot survive under *Twombly*.[2]

By contrast, the *January O&O* effectively permits liability based on a defendant's *title* or *corporate role* alone—an approach that conflicts with *Redondo*, *Montalvo*, more recently with the *MRJ Distributors* decision, and with the Supreme Court's requirement that allegations be fact-specific and non-conclusory as established in *Iqbal*.

In short, two courts in this District have reached opposite results on the same pleading theory by the same plaintiff, creating a clear intra-district inconsistency. Uniformity and adherence to First Circuit precedent warrant reconsideration to prevent manifest injustice and ensure *Twombly/Iqbal* is applied consistently to identical allegations.

---

[2] Specifically, the Court in *Montalvo* held as follows:

> The complaint thus simply recites the elements of the cause of action which, without more, is not sufficient. *Twombly*, 550 U.S. at 555. **The allegations are deficient in regard to alleging how Defendants had the right to supervise the infringing activity and how Defendants had a direct financial interest in the exploitation of copyrighted materials**. **Plaintiffs' allegations are unsubstantiated, conclusory, and devoid of any facts that support their mere recitation of the legal elements of this claim.** Accordingly, the court GRANTS Defendants' motion to dismiss Plaintiffs' vicarious copyright infringement claim and thus DISMISSES said claim.

*Id.* at 135 (emphasis added).

**B. Lanham Act Claims**

Reconsideration is also warranted because Plaintiff's Lanham Act allegations in this case are *verbatim* to those dismissed in the *MRJ Distributors Case*. A side-by-side comparison shows that each paragraph— description of the plush toys, asserting secondary meaning, likelihood of confusion, dilution, misrepresentation, and damages—is *identical in substance and phrasing*, differing only by paragraph number. Compare *MRJ Distributors Case* (Civil Case No. 24-cv-01584, ECF No. 1, ¶¶ 49-57, and 96–105) with *CRV* (**ECF No. 42**, ¶¶ 30-38 and 66–75). *See* **Exhibit A**. Yet the two courts reached opposite results on the same allegations by the same plaintiff.

The ruling directly contradicts this Court's *January O&O*, which credited the **same** conclusory allegations as "sufficient at this stage."

In *MRJ Distributors Case*, the court in its Opinion and Order at ECF No. 56 at p. 12 dismissed the Lanham Act claims because Plaintiff expressly disclaimed bringing any "trademark claim," which the court construed as a renunciation of all claims under Section 43(a) — a statute that provides only trademark-based causes of action, including trade dress. Plaintiff also failed to oppose the substantive arguments for dismissal, thereby abandoning the claims. Accordingly, with no viable trademark theory and no opposition to the dismissal grounds, the court granted the motion and dismissed all Lanham Act claims.[3]

---

[3] In the *MRJ Distribution Case*, the Opinion and Order at p. 11-12, in pertinent reads as follows:

> Defendant alleges that plaintiff's claims for false designation of origin and false description under the Lanham Act should be dismissed because plaintiff does not allege "any instances of actual consumer confusion." **ECF No. 16,** at 17. Additionally, defendant argues that plaintiff's "conflation of legal theories is a fatal pleading defect warranting dismissal." Id., at 13. In its opposition, plaintiff argues only that "WE, LLC makes no trademark claim in this case," and otherwise fails to oppose defendant's attack on its Lanham Act claims. **ECF No. 25**, at 10. However, section 43(a) of the Lanham Act provides a trademark-based cause of action for registered and unregistered trademarks, including trade dress. *See Wal-Mart Stores, Inc. v. Samara Bros.,* 529 U.S. 205, 209 (2000). The Court therefore construes plaintiff's statement that "WE, LLC makes no trademark claim in this case" to be a renunciation of any Lanham Act

Although the renunciation was made in briefing in the *MRJ Distribution Case*, it directly reflects how ***Plaintiff itself understands its own pleadings***—including the Amended Complaint filed in this action. This is not speculative: the complaints in both cases are *word-for-word identical* in every material respect. As described earlier, the paragraphs describing the plush toys, asserting secondary meaning, dilution, likelihood of confusion, misrepresentation, and damages track each other verbatim. *See* **Exhibit A.**

Thus, Plaintiff's renunciation in *MRJ Distribution Case* necessarily reveals what Plaintiff believes its allegations actually assert across both related actions. Plaintiff's own words demonstrate that Plaintiff does **not** contend that it has asserted any valid trademark theory, and Plaintiff views its allegations not as a §43(a) trademark claim, but merely as copyright-adjacent assertions of "likeness" and "copyrighted properties."

In fact, in response to Defendants' *Motion to Dismiss the Amened Complaint*—which provided an extensive, multi-page analysis identifying Plaintiff's failure to plead a protectable mark, to define its trade dress, to allege distinctiveness or secondary meaning, and to plead non-functionality—Plaintiff offered only a **SINGLE,** conclusory paragraph stating that the Court should excuse the absence of any allegations of secondary meaning because, in their view, the complaint "implies" that consumers associate the plush toys with Wild Encantos and because trademark and copyright claims often overlap. In other words, Plaintiff simply argued that secondary meaning may be inferred rather than pled. See *Opposition to Motion to Dismiss the Amended Complaint*, **ECF No. 46** at p. 6. Plaintiff did ***not*** address (or even attempt to rebut) ***any***

---

claims. *See id.* Defendant's motion to dismiss as to the Lanham Act claims is therefore GRANTED and plaintiff's Lanham Act claims are DISMISSED.

9

of the substantive arguments in support of a Rule 12(b)(6) dismissal of the Lanham Act claims raised.[4]

More fundamentally, even if Plaintiff's renunciation of its Lanham Act claims in *MRJ Distributors Case* does not operate as a binding judicial admission here, it remains a highly probative evidentiary admission—particularly because the complaints in both cases are word-for-word identical as to the Lanham Act allegations. See *Vincent v. Louis Marx & Co.*, 874 F.2d 36, 41 (1st Cir. 1989) (statements made in one case, while not conclusive in another, are admissible as ordinary evidentiary admissions and may be considered by the court).

The concession by Plaintiff that it did not raise a trademark claim was not based on some factual distinction between the defendants in that case and CRV here; it was grounded entirely in the text of the complaint itself—the very same text Plaintiff filed in this action.

In sum, this Court should not permit a Lanham Act claim to survive where the plaintiff itself has renounced any such claim in a parallel action, offered ***no*** substantive opposition here, and pled no facts identifying a protectable mark, trade dress, or actionable Lanham Act conduct. To require defendants to continue litigating a claim that the plaintiff neither defends nor properly alleges is not only contrary to *Twombly/Iqbal*—it undermines basic fairness and imposes needless burden, expense, and uncertainty.

## VI. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court reconsider its January 14, 2025 Opinion and Order under Rule 54(b) and dismiss the claims against the corporate

---

[4] Defendants' motion to dismiss specifically argued that the Lanham Act claim must be dismissed because Plaintiff never identified any actual trademark or trade dress, never described what elements of the plush toys are supposedly protected, and did not *plead* the required elements such as secondary meaning, non-functionality, or any use of a mark in commerce. Instead, the complaint relies only on vague references to "copyrighted properties," which is not enough to state a Lanham Act claim. See **ECF No. 43** at pp. 17-21.

defendants Mr. Abadi and Mr. Bender and dismiss Count II of the Amended Complaint under the Lanham Act for failure to state a claim upon which relief can be granted.

**WHEREFORE**, Defendants respectfully request that the Court grant reconsideration under Rule 54(b), vacate the portion of its Opinion and Order (ECF No. 52) denying dismissal as to the corporate defendants, Mr. Abadi and Mr. Bender, and Count II of the Amended Complaint - the Lanham Act claim- and dismiss such claims.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 25th day of November of 2025.

**ADSUAR**
P.O. Box 70294
San Juan, PR 00936-8294
Tel.: 787.756.9000
Fax: 787.756.9010

*/s/ Luis Pérez-Giusti*
Luis Pérez Giusti
USDC-PR 208608
Email: lpg@amgprlaw.com

*/s/Alexandra C. Casellas Cabrera*
Alexandra Casellas Cabrera
USDC-PR No. 301010
Email: acasellas@amgprlaw.com

*Attorneys for the Defendants*