# EXHIBIT C

**Elsie García**

| | |
|---|---|
| **From:** | Alexandra Casellas-Cabrera |
| **Sent:** | Tuesday, November 25, 2025 3:28 PM |
| **To:** | Jane Becker Whitaker |
| **Cc:** | Elsie García; Luis R.Pérez Giusti |
| **Subject:** | RE: Deposition scheduling |
| **Attachments:** | Defendants Notice of WE's's 30(B)(6) Corporate Deposition.pdf |

Dear counsel,

    Attached please find defendants' *Notice of Deposition Pursuant to Fed. R. P. 30(b)(6).*

Best,

Alexandra Casellas-Cabrera
Special Counsel




208 Ponce de León Ave.
Suite 1600
San Juan, P.R. 00918

acasellas@amgprlaw.com
adsuarlaw.com
787.281.1816

1

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| WE, LLC d/b/a WILD ENCANTOS., <br><br> Plaintiff, <br><br> v. <br><br> CARIBBEAN RETAIL VENTURES, INC., SALOMON ABADI, Jane Doe, and their conjugal partnership; JOEL BENDER, Susan Roe, and their conjugal partnership, <br><br> Defendants. | Civil No. **3:24-cv-01185 (CVR)** <br><br> Re: Copyright Infringement |

## **NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P., defendants Caribbean Retail Ventures, Inc. ("CRV"), Salomon Abadi and his conjugal relationship, Joel Bender and his conjugal relationship (collectively, "Defendants") and through the undersigned counsel, will take the following deposition upon oral examination on the date, time, and place indicated below:

**Name:** Corporate Representative/Person with the most knowledge at **WE, LLC d/b/a Wild Encantos ("WE")** of the subjects of examination in **Schedule A** here attached.

**Date:** December 5th, 2025

**Time:** Starting at 9:30a.m.

**Location:** The deposition will be taken physically at ADSUAR, 208 Ponce de Leon Ave., Popular Center Bldg., Suite 1600, San Juan, PR 00918.

The deposition will be taken before a duly certified court reporter and notary public, or other officer authorized by law to administer oaths and take depositions, and the deposition will be recorded by video and stenographic transcription. The deposition is being taken pursuant to the Federal Rules of Civil Procedure and for the purposes of discovery, for use at trial, or for all such

other purposes as are permitted under the applicable and governing rules. The deposition will cover the matters for examination set forth herein.

Pursuant to Fed. R. Civ. P. 30(b)(6), WE must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf, regarding the Amended Complaint and the matters and/or documents set forth in **Exhibit A** attached to this notice.

Besides designating one or more persons to give testimony about each of the matters in **Exhibit A,** the person or persons designated must bring all the related documents not previously produced by WE to defendants, to the deposition, including but not limited to the documents requested in **Exhibit B**, attached to this notice. The nature of this request continues throughout the case and, hence, any document or tangible object that you become aware of, or comes to your possession in the future, must be identified and produced without the requirement of a new discovery request.

If WE fails to comply with its obligations under the Federal Rules of Civil Procedure, defendants reserves the right to request any and all available remedies from the Court.

In San Juan, Puerto Rico, this 25th day of November of 2025.

**WE HEREBY CERTIFY**: that a true and exact copy of the foregoing document has been sent by electronic mail to counsel of record.

**ADSUAR**
*Counsel for Defendants*
P.O. Box 70294
San Juan, PR 00936-8294
Tel.: 787.756.9000/Fax: 787.756.9010


/s/ *Luis Pérez-Giusti*
LUIS PEREZ-GIUSTI
USDC-PR 208608

lpg@amgprlaw.com

/s/ *Alexandra Casellas Cabrera*
ALEXANDRA CASELLAS CABRERA
USDC-PR 301010
acasellas@amgprlaw.com

**DEFINITIONS AND INSTRUCTIONS FOR EXHIBITS A & B:**

As used in **Exhibits A** and **B**, the following words or phrases are intended to have the meanings indicated:

1. The terms "WE," "you," "your," and "yours" shall mean WE, LLC d/b/a Wild Encantos, and any and all of its corporate subgroups, subsidiaries, affiliates, divisions, parent corporations, predecessors in interest, successors in interest, or past or present directors, officers, managers, members, shareholders, employees, attorneys, accountants, consultants, agents, assignors, assignees, trustees, servants, and representatives

2. The term "CRV" shall mean Caribbean Retail Ventures, Inc..

3. The term "Amended Complaint" refers to the "Amended Complaint" filed by plaintiff, WE, at Docket No. 42 of the captioned case.

4. The term "Answer to the Amended Complaint" refers to the document entitled "Answer to Amended Complaint" filed by Defendants at Docket No. 53.

5. "Plaintiff's Toy Coqui" refers to the stuffed toy coquí animal identified by Plaintiff in ¶7 of the Amended Complaint.

6. "Plaintiff's Toy Parrot" refers to the parrot stuffed toy animal identified by Plaintiff in ¶7 of the Amended Complaint.

7. "Plaintiff's Plush Toys" refers to the stuffed toy products at issue in this case, including but not limited to the "Plaintiff's Toy Coqui" and "Plaintiff's Toy Parrot" identified by Plaintiff in ¶7 of the Amended Complaint.

8. The term "adaptation" means any alteration, modification, revision, or transformation of a pre-existing work, including changes in design, shape, expression, features, colors, proportions, materials, or artistic elements, whether or not the resulting work is substantially similar to the original.

9. "Derivation" or "derivative work" means any work based upon one or more pre-existing works, including but not limited to adaptations, modifications, revisions, transformations, redesigns, variations, or other changes in which the original work is recast, transformed, or adapted in whole or in part, as defined in 17 U.S.C. § 101. This includes any new work that incorporates, merges with, is inspired by, or is derived from a prior work.

10. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34 (a). It shall include any tangible thing upon which any expression, communication, or representation has been recorded, as well as all "writings," "recordings," and "photographs," as defined by Fed. R. Evid. 1001; information stored electronically or electromagnetically (such as electronic mail or any other electronic files) and all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing; all attachments and enclosures; all drafts or copies that differ in any respect from the original; and all handwritten notations or notes attached on the front or back via adhesive or the like. A draft or non-identical copy is a separate document within the meaning of this term.

11. The term "communication" or "communications" means any oral, written or electronic utterance, notation or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, any documents, correspondence, letters, facsimiles, e-mails, text messages, voice recordings, video recordings, voicemail, instance messages, conversations, dialogues, discussions, interviews, conferences, meetings, consultations, agreements, and other understandings or exchanges between or among two or more people.

12. Any request requesting you to identify "all facts" for a given statement, contention, belief, allegation, or response means to provide a detailed recitation separately itemizing every evidentiary fact in your awareness relevant to proof, at trial, of the subject statement, contention,

5

belief, allegation or response. Identifying "all facts" also means identifying, in detail, all sources for each such relevant evidentiary fact (*i.e.*, document, oral communication, etc.).

13. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa. Regardless of the tense employed, all verbs shall be read as applying to the past, present, and future as is necessary to make any paragraph more, rather than less, inclusive.

**EXHIBIT A:**

**TOPICS FOR EXAMINATION**

1. WE's pleadings and claims against defendants in the above-captioned matter, including but not limited to all matters set forth by WE in its Amended Complaint.

2. Trademark and copyright ownership and/or control over WE's copyright and trademarks and registration thereof.

3. Description of each copyright that Plaintiff claims to own in connection with the captioned case.

4. All claims, judicial, administrative, arbitral, or extrajudicial, relating to any claim or controversy regarding the ownership, assignment, licensing, or control of Plaintiffs Plush Toys.

5. Pleadings and claims in *Coquico, Inc. v. Rodríguez-Miranda*, 562 F.3d 62 (1st Cir. 2009), including products involved, court decision, status of litigation.

6. Pleadings and claims in *WE, LLC v. MRJ Distributors, Inc.*, Civil No. 24-1584 (ADC) (the "MRJ Distributors Case"), including products involved, court decision, status of litigation.

7. The conception, creation, authorship, and development of Plaintiff's Toy Coquí and Plaintiff's Toy Parrot designs alleged to be copyrighted.

8. All facts regarding the identity of the authors and any contributors to Plaintiff's Plush Toys.

9. All copyright registrations and materials associated with Plaintiff's Plush Toys, including deposit materials and the precise elements claimed as protected expression.

10. The date and manner in which Plaintiff's Plush Toys were first published, distributed, advertised, or otherwise made available to the public.

11. Any alleged access by Defendants to Plaintiff's Plush Toys and all facts supporting Plaintiff's access theory.

12. Plaintiff's theory of substantial similarity between Plaintiff's Plush Toys and Defendants' products, including the specific protectable elements allegedly copied.

13. WE's investigation into the alleged infringement including actions or measures taken, implemented or established to detect or discover the alleged infringement and evidence thereof.

14. All trade dress elements Plaintiff contends it owns in Plaintiff's Toy Coquí and Plaintiff's Toy Parrot, including a precise, complete recitation of each concrete element that comprises the claimed trade dress.

15. Allegations, documents, communications, and reports or surveys regarding the likelihood of confusion between Plaintiff's Plush Toys and defendants' purported infringing toys.

16. Documents, communications, information and reports regarding the likelihood of confusion.

17. All facts supporting Plaintiff's allegation that the alleged trade dress is distinctive, including whether Plaintiff claims inherent distinctiveness or acquired distinctiveness.

18. Evidence of secondary meaning, including but not limited to: advertising expenditures, consumer surveys, media coverage, sales figures, exclusivity of use.

19. The goodwill and market value of the WE's alleged trademarks in Puerto Rico.

20. Information about sales, sales volume, revenues, income, and profits derived from the sale of Plaintiff's Plush Toys.

21. Channels of trade and advertising used by WE for Plaintiff's Plush Toys.

22. Channels of distribution used by WE for Plaintiff's Plush Toys.

23. Expenses and costs incurred by WE in the marketing, distribution and sale of Plaintiff's Plush Toys.

24. The manufacturing and design of Plaintiff's Plush Toys and derivations thereof.

25. Identity of all customers to whom WE sells or distributes Plaintiff's Plus Toys.

26. The retail price or price ranges of Plaintiff's Plush Toys.

27. All facts, documents, and communications by and between WE and customers and/or outlets (wholesale or retail) who purchased Plaintiff's Plush Toys.

28. Marketing and advertising of Plaintiff's Plush Toys.

29. Damages suffered by WE due to the purported trademark and copyright infringement alleged in the Amended Complaint.

30. The sales volume and total number of Plaintiff's Plush Toys sold and distributed in Puerto Rico.

31. Customers for which WE produces and sells Plaintiff's Plush Toys.

32. Steps taken to mitigate or prevent any infringement of the asserted copyrighted plush toys.

## EXHIBIT B:

## DOCUMENT REQUEST

1. Documents not already produced and relating to WE's claims against defendants in the above-captioned matter, including but not limited to all matters set forth by WE in its Amended Complaint.

2. Documents not already produced relating to WE's trademark and copyright ownership over Plaintiff's Plush Toys.

3. Documents not already produced and relating to WE's copyright registrations, including copyright applications, registrations, deposit materials, and communications with the Copyright Office.

4. Documents not already produced relating to WE's trademark rights over Plaintiff's Plush Toys, including the trademark applications, registrations, Office Actions, specimens, or submissions to USPTO or PR trademark authorities.

5. Documents not already produced and relating to all claims, judicial, administrative, arbitral, or extrajudicial, relating to any claim or controversy regarding the ownership, assignment, licensing, or control of Plaintiffs' copyrights.

6. All documents not already produced that report, describe, summarize or comment on the date of first use of Plaintiff's alleged trademarks and copyrights.

7. All documents not already produced identifying or reflecting any alternations, derivations, modifications, or versions of Plaintiff's Plush Toys and the designs at issue, including communications identifying who participated in selecting, modifying, or approving such derivations.

8. All documents not already produced relating to transfers, assignments, or conveyances of rights in the designs, including: transfers from the original author(s) or entity; transfers to or from COQUICO; transfers to WE.

9. All communications with COQUICO concerning design development, ownership, assignment, licensing, or enforcement.

10. All documents not already produced relating to any alleged consumer confusion or misrepresentation events, including documents that show factual details identifying: who observed or reported the event; when and where it occurred; the nature of the confusion; persons with knowledge.

11. All documents not already produced relating to sales records, spreadsheets, financial summaries, or other documents supporting the claimed revenue or dollar value of alleged losses for 2020–2024 attributed to defendants' conduct.

12. All documents not already produced identifying specific stores or points of sale where the products were sold, and confirming whether these locations were points of sale during 2020–2024.

13. All documents not already produced reflecting product distribution channels showing that distribution occurred through WE to retail points of sale.

14. All documents not already produced showing stores, or points of sale in which Plaintiff's Push Toys were previously sold by COQUICO, including any store lists, invoices, or sales summaries.

15. All documents not already produced showing pricing for Plaintiff's plush Toys during 2022–2024.

16. All documents not already produced reflecting actions taken against MRJ Distributors, including notices, emails, cease-and-desist communications, or internal discussions.

17. All documents supporting Plaintiff's infringement narrative, including:
    - Dates and circumstances of alleged infringement;
    - Photographs or samples of Defendants' products;
    - Side-by-side comparisons;
    - Internal descriptions of the infringing conduct.

18. All sketches, drafts, prototype designs, or manufacturer documents related to Plaintiff's Plush Toys.

19. All communications with any manufacturer, supplier, or factory (domestic or international) relating to: prototypes; sample approvals; manufacturing; design selection; revisions.

20. All documents not produced showing full sales records, spreadsheets, POS data, invoices, revenue summaries, or other digital/electronic sales files for Plaintiff's Plush Toys from 2020–2024.

21. Any digital files, photographs, or electronic materials relating to the designs or alleged infringement.

22. All marketing and advertising materials, including: catalogs, flyers, product sheets; promotional materials; social media posts; online listings showing use of the designs or asserted marks.

23. All documents showing how Defendants allegedly accessed Plaintiff's Plush Toys.

**Elsie García**

| | |
|---|---|
| **From:** | Jane Becker Whitaker <jbw@beckervissepo.com> |
| **Sent:** | Friday, December 5, 2025 8:13 AM |
| **To:** | Alexandra Casellas-Cabrera |
| **Cc:** | Elsie García |
| **Subject:** | Documentation of chain of title of copyright |
| **Attachments:** | Exhibit 1 to MTD Counterclaim of MRJ Comun by Coquico Registration.pdf; Exhibit 2 to MTD Counterclaim of MRJ Copyright of Tata by Coquico.pdf; Exhibit 3 to MTD of MRJ Counterclaim Order Dismissing Bankruptcy.pdf; Exhibit 4 to MTD of MRJ Counterclaim Writ of Execution of Judgment.pdf; Exhibit 5 to MTD to Counterclaim of MRJ Record of Sale of Coqui IP to Rodriguez Miranda.pdf; Exhibit 6 to MTD Counterclaim of MRJ 1st Circuit Opinion Affirming Subsitution of parties.pdf; Exhibit 7 to MTD of Counterclaim by MRJ Recordation of IP in Rodriguez Miranda name.pdf; Exhibit 8 to MTD to Counterclaim of MRJ  Certificate of Organization of WE, LLC.pdf |

Caution! This message was sent from outside your organization.    Allow sender | Block sender | Report

Good morning,

Please see the attached. The documents you request from the original case of Coquico, Inc.  against Mr. Rodriguez are available on PACER. I do not have them in my computer because I did not represent Mr. Rodriguez until he filed his collection action against the company. Nor do I have the deposit copies of the copyrights because it was Coquico that registered the copyrights.

Saludos,

Jane

**BECKER|VISSEPÓ**

PO Box 9023914

San Juan, PR 00902-3914

Cel: (787) 585-3824

Office (787) 945-2406

E-mail: jbw@beckervissepo.com

Web: beckervissepo.com

1

WARNING: This message is intended only for the use of the addressee and may contain information which is privileged, proprietary in nature, or otherwise protected by law from disclosure. If you are not the addressee, you are notified that reading, copying or distributing this message is prohibited.