**Elsie García**                                                                                                                        **EXHIBIT D**

| | |
|---|---|
| **From:** | Alexandra Casellas-Cabrera |
| **Sent:** | Tuesday, January 20, 2026 11:36 AM |
| **To:** | Jane Becker Whitaker |
| **Cc:** | Janebeckerwhitaker Becker Whitaker; Luis R.Pérez Giusti; Elsie García |
| **Subject:** | Plaintiff's Deposition_Request for Documents_WE LLC v. CRV, et al. |
| **Attachments:** | WE v. CRV_Discovery/Meet and Confer ; RE: Deposition scheduling ; RE: Supplemental discovery production |

Dear Counsel,

Hope this email finds you well.

As you know, defendants' deposition of Plaintiff is currently continued to this Friday, January 23, 9:30a.m.

Defendants note that the **Notice of Deposition** includes a request for production of documents, including documents that Plaintiff has represented exist but has not produced—such as purported registration-related materials concerning the products at issue, sales records, and related supporting documentation. These materials are central to Defendants' ability to prepare for and meaningfully conduct the deposition.

During the deposition, Defendants requested copies of any U.S. Copyright Office Certificates of Registration for the plush toys at issue, as well as all supporting registration-related documents. The deponent responded that all such documents were held at a file in his office. Copy of said materials is hereby requested.

Additionally, during Mr. Rodríguez Miranda's deposition, he testified that he received multiple phone calls and text messages— including via WhatsApp—reflecting confusion regarding the parties' products. He specifically stated that he would need to look for additional information concerning these communications. Pursuant to this statement, Defendants request that Plaintiff produce*:*

*All records of phone calls, text messages, WhatsApp messages, voicemails, emails, or notes reflecting communications from any person expressing confusion between the parties' products or services; and*

*A list identifying each person who contacted Plaintiff regarding such confusion, including the individual's name (if known), phone number or contact information, date of contact, and method of communication.*

In addition, Defendants emphasize that they still have not received the document supplementation Plaintiff agreed to provide months ago following the Court's Order and the parties' meet and confer.

By way of background, on **August 26, 2025**, the Court entered its Order at Dkt. 67 holding Defendants' Motion to Compel in abeyance and directing the parties to meet and confer in good faith. The parties complied with that directive and, following substantive discussions, agreed that Plaintiff would supplement its discovery responses and document production on or before **October 3, 2025**, as reflected in the parties' joint filing and subsequent correspondence.

Although Plaintiff later requested additional time due to counsel's professional commitments—an extension to which Defendants agreed—no supplementation has been received to date. As of today, January 20, Defendants remain without the promised responses and documents.

As outlined in the October meet-and-confer correspondence (*see attached*), Plaintiff agreed to address and/or supplement numerous interrogatories and requests for production.

Accordingly, Defendants expect that all outstanding responsive documents—both those agreed upon during the October meet and confer and those encompassed by the deposition notice—be produced in advance of the deposition. Proceeding without this discovery would be inefficient, prejudicial, and inconsistent with the parties' prior agreements and the Court's directive.

We look forward to your prompt response.

Alexandra Casellas-Cabrera
Special Counsel



208 Ponce de León Ave.
Suite 1600
San Juan, P.R. 00918

acasellas@amgprlaw.com
adsuarlaw.com
787.281.1816