**EXHIBIT E**

# Elsie García

| | |
|---|---|
| **From:** | Alexandra Casellas-Cabrera |
| **Sent:** | Friday, February 6, 2026 11:29 AM |
| **To:** | Elsie García |
| **Subject:** | FW: Response to Deposition Notice |
| **Attachments:** | Notice of Deposition response.pdf; Opinion Dismissing Bankruptcy Case.pdf; Order Dismissing bankruptcy In PA.pdf; Coquico, Inc. 13-16049 - Order Dismiss with prejudice.pdf; Certicate of Organization of W E LLC.pdf; Notice of Sale for Marshall.pdf; Writ of Execution of Judgment MB AB and 18 Degrees North.pdf |

Alexandra Casellas-Cabrera
Special Counsel

   208 Ponce de León Ave.
Suite 1600
San Juan, P.R. 00918

   acasellas@amgprlaw.com
adsuarlaw.com
787.281.1816

**From:** Jane Becker Whitaker <jbw@beckervissepo.com>
**Sent:** Monday, February 2, 2026 8:14 PM
**To:** Alexandra Casellas-Cabrera <acasellas@amgprlaw.com>
**Subject:** Response to Deposition Notice

Caution! This message was sent from outside your organization.   Block sender | Report

Saludos,

No electricity here, but I believe this is everything.

Jane

**BECKER|VISSEPÓ**

PO Box 9023914
San Juan, PR 00902-3914
Cel: (787) 585-3824
Office (787) 945-2406
E-mail: jbw@beckervissepo.com
Web: beckervissepo.com

WARNING: This message is intended only for the use of the addressee and may contain information which is privileged, proprietary in nature, or otherwise protected by law from disclosure. If you are not the addressee, you are notified that reading, copying or distributing this message is prohibited.



www.adsuarlaw.com

February 3, 2026

**VIA E-MAIL**

Jane Becker, Esq.
jbw@beckervissepo.com

                                       RE: **WE, LLC v. Caribbean Retail Ventures, Inc., et al.**
                                                   **Civil No.: 3:24-cv-01185 (CVR)**
                                                   **URGENT: FINAL DEMAND FOR COMPLIANCE**
                                                   **WITH DISCOVERY OBLIGATIONS**

Dear Counsel:

       This letter constitutes a final, formal demand for Plaintiff WE, LLC's ("Plaintiff") immediate and complete compliance with its outstanding discovery obligations. As detailed below, Plaintiff has repeatedly failed to fulfill commitments made to this Court and to Defendants, necessitating this final notice before we seek judicial intervention.

       As you are aware, the Court entered an Order on August 26, 2025 (Dkt. 67), directing the parties to meet and confer in good faith following Defendants' Motion to Compel (Dkt. 58). Following those discussions, the parties filed a joint motion on September 12, 2025, in which Plaintiff expressly agreed to "address and, to the extent necessary, supplement its responses to Defendants' requests for production on or before October 3, 2025." Despite extensions granted as a <u>professional courtesy</u>, and despite our detailed follow-up emails on: October 3, October 9, October 16, 2025, January 20, 2026, and in person during Mr. Angel Rodriguez Miranda's Deposition on December 5th, 2025, still Plaintiff has failed to produce the agreed-upon supplementation. The documents and information belatedly provided on or about February 2, 2026, are profoundly <u>deficient and non-responsive</u>, as outlined below.

**Specific Deficiencies Requiring Immediate Cure**

     Plaintiff's recent responses to the requests listed in Exhibit B of the Rule 30(b)(6) deposition notice and the items agreed upon in our September 12, 2025, meet-and-confer are inadequate. Full and complete responses are required for the following, among others:

**Popular Center**
**208 Ponce de León Ave.**
**Suite 1600**
**San Juan, PR 00918**

**PO Box 70294**
**San Juan, PR 00936-8294**
**T +1. 787.756.9000**

www.adsuarlaw.com

- **Requests Regarding Design History & Manufacturing (e.g., Notice of Deposition Exhibit B Req. Nos. 7, 18, 19[1]):** Plaintiff's assertion that "neither design has ever changed" is demonstrably false based on images in its own Amended Complaint and a comparison of the Coquico toy which show a materially different versions of the coqui plush toy.

    Additionally, evidence from WE, LLC own website show multiple variations of the coqui plush toy, which Mr. Roriguez Miranda well acknowledged during deposition. See *CRV Supplemental Initial Disclosures* at documents identified as 0066,076-82

    Plaintiff must produce all documents—including sketches, prototypes, manufacturer communications, and approval records—related to *all* design variations. If such documents, which are clearly products manufactured by Plaintiffs WE, LLC are for some reason in the possession of Coquico, Inc. or Mr. Benin, Plaintiff must obtain and produce them or provide a sworn affidavit detailing the relationship and explaining why they are not within Plaintiff's "possession, custody, or control" under Fed. R. Civ. P. 34.

- **Requests for Sales, Revenue, and Financial Data (e.g., Notice of Deposition Exhibit B Req. Nos. 11, 12, 15, 20[2]):** Plaintiff's claim that sales records are "irrelevant" because it seeks statutory damages is legally incorrect and frivolous.

    In the context of copyright claims, courts have recognized that a plaintiff's sales data may be relevant even when statutory damages are sought. For instance, in *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, L.P.,* 948 F. 3d 261, 275 (5th Cir. 2020). Similarly, in *McGraw Hill LLC, v. Doe*, 616 F. Supp. 3d 316, 328 (NYSD 2022) the court acknowledged that statutory damages are designed to spare the plaintiff from proving damages with exactitude. Nonetheless, it is appropriate to use aggregate sales records as a basis for considering statutory damages.

    Additionally, Plaintiff's Count II under the Lanham Act for false designation of origin **requires** proof of commercial injury, consumer confusion, and damages. Sales data, pricing information, points of sale, and revenue figures are directly relevant to these issues and to Defendants' defenses. Plaintiff must produce all such documents for the period 2020-2024, including but not limited to invoices, POS reports, spreadsheets, and sales summaries.

- **Requests for Consumer Confusion Evidence (e.g., Notice of Deposition Exhibit B Req. No. 17):** Providing a list of names is <u>not</u> a substitute for producing the underlying communications. Plaintiff must produce all records—including phone logs, text messages, WhatsApp messages, emails, and notes—reflecting communications from any person expressing confusion between the parties' products, as confirmed during Mr. Rodríguez Miranda's deposition.

---

[1] These topics corresponding to Interrogatory No. 3 and Request for Production Nos. 2-3, 28 in *Plaintiff's First Set of Interrogatories and Requests for Production of Documents*, discussed also in the *Motion to Compel*.

[2] These topics corresponding to Interrogatory No.12,15 and Request for Production Nos. 12, 14, 19, 22 in *Plaintiff's First Set of Interrogatories and Requests for Production of Documents*, discussed also in the *Motion to Compel*.



www.adsuarlaw.com

- **Requests for Marketing and Advertising Materials (e.g., Notice of Deposition Exhibit B Req. No. 22[3]):** Plaintiff did not respond to this request. All catalogs, flyers, social media posts, online listings, and other promotional materials must be produced. These materials are essential to Plaintiff's claim of secondary meaning in support of its Lanham Act false designation claim, as they directly relate to the public's identification of the designs with Plaintiff, the extent of advertising, and the channels of trade. Without this evidence, Defendants cannot properly evaluate or defend against Plaintiff's allegations of acquired distinctiveness, likelihood of confusion, and dilution of goodwill.

- **Requests Regarding Prior Litigation and Transfers (e.g., Notice of Deposition Exhibit B Req. Nos. 5, 6, 8, 10, 21[4]):** Plaintiff's responses to these requests—which merely reference other entities or prior cases—are legally insufficient and non-responsive. Fed. R. Civ. P. 34 requires a party to produce responsive documents within its possession, custody, or control, not to direct the requesting party to locate them elsewhere.

Plaintiff must produce all responsive, non-privileged documents. This obligation includes, but is not limited to:

- <u>Transactional Documents</u>**:** The complete assignment or transfer agreement(s) by which WE, LLC acquired the rights it asserts in this suit from Mr. Rodríguez Miranda, including all exhibits, amendments, and related communications.

- <u>Litigation Materials</u>**:** All documents from the *Coquico* and *MRJ Distributors* litigations not filed on the public docket.

- <u>Identification and Authentication of Public Filings</u>**:** To the extent Plaintiff intends to rely on any documents from the public records of those prior cases, it must specifically identify each such document by title and docket number. Plaintiff must also fulfill its independent obligation to pre-authenticate any such documents it may seek to introduce as evidence.

Plaintiff's vague references do not satisfy its discovery duties. The mere existence of a public docket does not relieve a party of its obligation to identify, collect, and produce responsive documents it uses, intends to use, or that bear on its claims and defenses. If Plaintiff contends any such documents are not within its "possession, custody, or control" (Fed. R. Civ. P. 34(a)(1)), it must provide a detailed factual statement, under oath, explaining the basis for that claim.

---

[3] These topics corresponding Request for Production Nos. 22 in *Plaintiff's First Set of Interrogatories and Requests for Production of Documents*, discussed also in the *Motion to Compel*.

[4] These topics corresponding to Interrogatory No. 4, 10, 17, 23 and Request for Production Nos. 10, 21 in *Plaintiff's First Set of Interrogatories and Requests for Production of Documents*, discussed also in the *Motion to Compel*.



**Final Demand and Deadline**

Plaintiff's ongoing failure to comply with its discovery obligations, its disregard for the parties' Court-filed agreement, and its provision of unresponsive and misleading answers have severely prejudiced Defendants' ability to prepare for the continued corporate deposition and defend this case.

This letter serves as a **FINAL DEMAND**. Plaintiff must **fully and completely comply** with all outstanding discovery requests—including all items from the September 12, 2025 meet-and-confer and all document requests in the Rule 30(b)(6) Notice (Exhibit B)—no later than **4:00 PM on Thursday, February 4, 2026**.

If Plaintiff fails to meet this deadline, Defendants will have no alternative but to immediately file a **Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37**. This motion will seek an order from the Court: compelling immediate production; awarding Defendants their reasonable attorneys' fees and costs incurred in bringing the motion and related efforts to secure compliance; precluding Plaintiff from introducing any evidence related to the subjects of the non-produced discovery; and such other relief as the Court deems just and proper, including potential adverse inference instructions.

We trust this matter can be resolved without further burdening the Court. We await your immediate confirmation of compliance.

Sincerely,

*ACasellasC*

Alexandra Casellas Cabrera

c:  Luis Pérez Giusti