Dear Alexandra,

I write in response to your letter of February 3, 2025. Sadly, the purpose of your supplemental requests seems to be an effort by Allways 99 to acquire the trade secrets and business confidential information of WE, LLC.

You state:

> Plaintiff must produce all documents—including sketches, prototypes, manufacturer communications, and approval records—related to *all* design variations. If such documents, which are clearly products manufactured by Plaintiffs WE, LLC are for some reason in the possession of Coquico, Inc. or Mr. Benin, Plaintiff must obtain and produce them or provide a sworn affidavit detailing the relationship and explaining why they are not within Plaintiff's "possession, custody, or control" under Fed. R. Civ. P. 34.

This is a copyright infringement action. Defendants, a large retail operation with 99 stores and over $20 million in retained earnings, seek to compel Plaintiff—a small business with annual revenues between $300,000 and $500,000—to disclose the most sensitive and proprietary aspects of its business. These requests are improper, disproportionate, and irrelevant to the issues in this case.

The sketches and prototypes are the blueprint to WE, LLC's business, and they are not relevant to the allegations of the Amended Complaint. WE, LLC has the copyrights. The very Notice of Recordation you referenced in today's deposition is evidence of that. As to the coqui, that copyright has been confirmed with the First Circuit. You state no basis for questioning the originality of the parrot plush toy or how access to the sketches and prototypes will contribute to the defenses in this case. Moreover, communications with the manufacturer will provide Defendants, who have infringed already, with the ability to reach out to that supplier to make knockoffs at a lower price.

Defendants possess overwhelming market power in Puerto Rico. Granting them access to Plaintiff's proprietary business relationships would allow them to bypass Plaintiff, approach suppliers and customers directly, and replicate Plaintiff's business model at scale. The resulting harm would be immediate, irreversible, and incapable of being remedied by monetary damages.

As for why WE, LLC cannot obtain the sketches and prototypes from Coquico, Inc., there were two federal cases in Puerto Rico, and a Coquico bankruptcy dismissed as fraudulent in Philadelphia. Mr. Rodriguez obtained the copyrights and trademarks in a marshal's sale after prevailing in his collection of money case against Coquico, Inc., Malik Benin, and Acquanetta Benin. After the Philadelphia Bankruptcy Court dismissed the Coquico bankruptcy as fraudulent, the Hon. Jose A. Fusté entered judgment against Defendants [Malik and Acquanetta Benin were added as Defendants in the collection phase of the case.] Those Defendants appealed to the First Circuit and lost. WE, LLC only opened in 2017 because of the length of time the litigation took. Even after the litigation and the collection efforts, the Benins

transferred real property to an insider, and further collection only occurred last year. There is still a six figure pending judgment against those Defendants. You could have asked Mr. Rodriguez about that litigation in this morning's deposition, but you chose not to do so.

  That abbreviated summary of the litigation history between Mr. Rodriguez and his company and Mr. Benin and his company should serve as an explanation for why information in the sole possession of Mr. Benin is not accessible to Mr. Rodriguez.

  You go on to state that *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, L.P.,* 948 F. 3d 261, 275 (5th Cir. 2020) requires the production of evidence of lost income. It does not. That case holds that failure to mitigate is not a defense to statutory damages. *Id. McGraw Hill LLC, v. Doe*, 616 F. Supp. 3d 316 (NYSD 2022) at 328, states that the consideration in terms of granting statutory damages are willfulness, cooperation, and the need to deter infringement. The Court does not mention that "statutory damages are designed to spare the plaintiff from proving damages with exactitude," at 328, your characterization of the Court's holding. You cite nothing for your statement that "Nonetheless, it is appropriate to use aggregate sales records as a basis for considering statutory damages."

  All of this must be considered in the context of a small business owner litigating against the behemoth that is Allways 99 in this market.

  I just sent you the Facebook marketing. As for other cases involving copyright infringements of WE, LLC, the only matters we intend to use are the published decisions.

  I am available to discuss all of this tomorrow at your convenience.

Sincerely yours,

Jane Becker Whitaker