# EXHIBIT C

**Elsie García**

| | |
|---|---|
| **From:** | Alexandra Casellas-Cabrera |
| **Sent:** | Wednesday, March 11, 2026 1:28 PM |
| **To:** | Elsie García |
| **Subject:** | FW: Completed: Complete with Docusign: Supplemental Answers .pdf |
| **Attachments:** | Products – Wild Encantos.pdf; Products – Wild Encantos.pdf |

Alexandra Casellas-Cabrera
Special Counsel



208 Ponce de León Ave.
Suite 1600
San Juan, P.R. 00918



acasellas@amgprlaw.com
adsuarlaw.com
787.281.1816

**From:** Jane Becker Whitaker <jbw@beckervissepo.com>
**Sent:** Tuesday, March 10, 2026 4:35 PM
**To:** Alexandra Casellas-Cabrera <acasellas@amgprlaw.com>
**Cc:** Luis R.Pérez Giusti <lpg@amgprlaw.com>; Elsie García <EGarcia@amgprlaw.com>
**Subject:** RE: Completed: Complete with Docusign: Supplemental Answers .pdf

> Caution! This message was sent from outside your organization.  Block sender | Report

Good morning,

On February 26, I called you and texted you, saying, "Saludos, Es Jane Becker. Favor de llamarme cuando puedas. Gracias." The message shows as sent in my text message.  I had hoped to be able to ask you which exhibit the Court referenced in the order granting the Motion to Compel. In any event, I sent you a substantial amount of additional information in compliance with the Court's order. I will address the deficiencies that you believe continue to exist by inserting those responses in bold in the text of your email.

**From:** Alexandra Casellas-Cabrera <acasellas@amgprlaw.com>
**Sent:** Monday, March 9, 2026 2:27 PM
**To:** Jane Becker Whitaker <jbw@beckervissepo.com>
**Cc:** Luis R.Pérez Giusti <lpg@amgprlaw.com>; Elsie García <EGarcia@amgprlaw.com>
**Subject:** RE: Completed: Complete with Docusign: Supplemental Answers .pdf

Dear counsel,

I am in receipt of your email and the accompanying documents.

As a preliminary matter, your representation that you "tried calling and texting" me shortly after the Court's order is incorrect. While I do see one missed call from you on my phone log some weeks ago, I did not receive any correspondence or subsequent communication from you regarding the substance of the Court's order or the outstanding discovery prior to your "compliance" email last Tuesday. To the extent you are attempting to suggest that there was a meet-and-confer effort that went unanswered, that suggestion is unfounded.

Regarding the substance of the Court's order and your production we must respectfully disagree with your interpretation of the Court's order. There **is <u>no</u>** ambiguity regarding Exhibit B. The Court's Order (Dkt. 74) explicitly grants Defendants' Motion to Compel and orders Plaintiff to provide "full and complete responses, including all documents, to the discovery requests **in the <u>Rule 30(b)(6) Notice (Exhibit B)</u> and the September 12, 2025 agreement."**

The Exhibit B referenced in the Court's order is the same Exhibit B that was attached to the Notice of Deposition we served on November 25, 2025. The same document is reference on our motion to compel *multiple* times and attached therein as well. <u>See</u> Dkt. 74-3. That document contains 23 specific, numbered requests for production, a copy of which is included below for your ease of reference. Our motion to compel, the underlying discovery dispute, and the Court's ruling were all directed at these specific requests—particularly those seeking design history, sales data, consumer confusion evidence, marketing materials, and chain-of-title documents.

The supplemental answers and the documents provided do not comply with the Court's order. Specifically:

1. **Requests 7, 18, 19 (Design History & Manufacturing):** No sketches, prototypes, manufacturer communications, or documents reflecting design modifications that YOUR client has made to the plush toys have been produced The assertion that Wild Encantos does not possess these documents is insufficient. Plaintiff's own Rule 30(b)(6) witness testified that such communications with its manufacturers exist and that prototypes were received, confirming the documents are within its possession.

   **Please see statement under penalty of perjury, which I will send shortly. The prototypes might be relevant, but Wild Encantos does not have them. What supplier manufactures or has manufactured the plush toys is not relevant.**

2. **Requests 11, 12, 15, 20 (Sales, Revenue, and Financial Data):** No sales records, spreadsheets, POS data, invoices, revenue summaries, or pricing documents for the period 2020–2024 have been produced. Plaintiff's continued refusal to provide this data, despite its claims for lost profits under both the Copyright and Lanham Acts, is a direct violation of the Court's order.

   **Wild Encantos does not seek lost profits under either the Copyright or Lanham Act. The pandemic led to dramatic drops in sales. Post pandemic led to an increase in sales because of an increase in the number of people returning to retail stores. There is no way for Wild Encantos to demonstrate a causal nexus between the amount of its sales to Defendants' infringement. For the reason, as I have informed you, Wild Encantos has waived its claim to actual damages under the Copyright Act and seeks statutory damages, a remedy designed for the situation faced here.**

3. **Request 17 (Consumer Confusion Evidence):** No phone logs, text messages, WhatsApp messages, emails, or notes reflecting communications from any person expressing confusion have been produced. The Supplemental Answers merely list names, which is not a substitute for the underlying communications as confirmed by your client's deposition testimony.

   **Carlos Padilla sent Mr. Rodriguez Miranda the attached photos on March 20, 2024 via WhatApp. The remaining people called Mr. Rodriguez Miranda. He has phone logs of those people but does not remember when they called him about this subject. No one emailed him about the pirated goods**

4. **Request 22 (Marketing and Advertising Materials):** No catalogs, flyers, social media posts, or other promotional materials have been produced. The reference to a website and Facebook page does not satisfy the obligation to produce responsive documents.

**If you consider the products tab from the wildencantos.com website to be a catalog, so be it. It is attached. Please see statement under penalty of perjury.**

5. **Requests 5, 6, 8, 10, 21 (Prior Litigation and Transfers):** The documents produced today are duplicative of prior productions (e.g., marshal sale documents). Plaintiff's obligation under Rule 34 is to produce responsive documents in its possession, not to direct us to a public docket. To the extent Plaintiff claims that no further documents exist, Plaintiff should provide a sworn affidavit detailing the specific, diligent searches undertaken and confirming their non-existence.

   **The documents were not produced on March 9, 2026; they were produced on March 3, 2026 in compliance with the Court's order. You complain both because we produced the documents and because we refer you to the docket. We did not refer you to the docket. We produced the documents. We also informed you that we requested the complete file from the U.S. Copyright office on an expedited basis. We have not had a response yet. Wild Encantos cannot produce documents that it does not possess and which the federal agency which does possess them has not produced them when requested on an expedited basis.**

The Court's order is clear and unequivocal: Plaintiff must provide full and complete responses, including all documents, to the **23** requests in Exhibit B. The production we received is not a compliance with that order; it is a continuation of the same pattern of deficient, non-responsive production that necessitated the motion to compel in the first place.

**You are entitled to your opinion. We disagree.**

**Please advise by the close of business tomorrow how Plaintiff intends to cure these deficiencies and fully comply with the Court's order by that date.** If we do not receive a meaningful response and the outstanding discovery by the deadline, we will have no choice but to bring this ongoing non-compliance to the Court's immediate attention.

Best regards,
Alexandra

Alexandra Casellas-Cabrera
Special Counsel



208 Ponce de León Ave.
Suite 1600
San Juan, P.R. 00918



acasellas@amgprlaw.com
adsuarlaw.com
787.281.1816

**From:** Jane Becker Whitaker <jbw@beckervissepo.com>
**Sent:** Tuesday, March 3, 2026 8:43 PM
**To:** Alexandra Casellas-Cabrera <acasellas@amgprlaw.com>; Luis R.Pérez Giusti <lpg@amgprlaw.com>
**Subject:** Fw: Completed: Complete with Docusign: Supplemental Answers .pdf

Good evening,

There will be a few errata in the morning.
Saludos,
Jane

Sent from my T-Mobile 5G Device
Get [Outlook for Android](Outlook for Android)

---

**From:** DocuSign NA4 System <[dse_NA4@docusign.net](dse_NA4@docusign.net)> on behalf of Docusign via Docusign <[dse_NA4@docusign.net](dse_NA4@docusign.net)>
**Sent:** Tuesday, March 3, 2026 8:33:36 PM
**To:** Jane Becker Whitaker <[jbw@beckervissepo.com](jbw@beckervissepo.com)>
**Subject:** Completed: Complete with Docusign: Supplemental Answers .pdf

Your document has been completed.

**View Completed Document**

---

All signers completed Complete with Docusign: Supplemental Answers .pdf

---

Powered by

**Do Not Share This Email**
This email contains a secure link to Docusign. Please do not share this email, link, or access code with others.

**Alternate Signing Method**
Visit Docusign.com, click 'Access Documents', and enter the security code:
28506A2675B38963836C779B3275EA8F7

Copyright © 2026 Docusign, Inc. All rights reserved. 221 Main Street, Suite 1550 San Francisco, CA 94105

This message was sent to you by Jane Becker Whitaker who is using the Docusign Electronic Signature Service. If you would rather not receive email from this sender you may contact the sender with your request.

Contact Us     Terms of Use     Privacy     Support     Report Email

Download the Docusign App

**Elsie García**

| | |
|---|---|
| **From:** | Alexandra Casellas-Cabrera |
| **Sent:** | Wednesday, March 11, 2026 1:28 PM |
| **To:** | Elsie García |
| **Subject:** | FW: Statement under penalty of perjury |
| **Attachments:** | Declaration Under Penalty of Perjury as to Compliance with Order to Compel signed.pdf |



Alexandra Casellas-Cabrera
Special Counsel



208 Ponce de León Ave.
Suite 1600
San Juan, P.R. 00918

acasellas@amgprlaw.com
adsuarlaw.com
787.281.1816

**From:** Jane Becker Whitaker <jbw@beckervissepo.com>
**Sent:** Tuesday, March 10, 2026 4:37 PM
**To:** Alexandra Casellas-Cabrera <acasellas@amgprlaw.com>; Eric Pérez-Ochoa <epo@amgprlaw.com>
**Subject:** Statement under penalty of perjury

Caution! This message was sent from outside your organization.

Block sender | Report

## BECKER|VISSEPÓ

PO Box 9023914
San Juan, PR 00902-3914
Cel: (787) 585-3824
Office (787) 945-2406
E-mail: jbw@beckervissepo.com
Web: beckervissepo.com

WARNING: This message is intended only for the use of the addressee and may contain information which is privileged, proprietary in nature, or otherwise protected by law from disclosure. If you are not the addressee, you are notified that reading, copying or distributing this message is prohibited.

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WE, LLC d/b/a WILD ENCANTOS., | |
| Plaintiff, | Civil No. 3:24-cv-01185 (CVR) |
| v. | Re: Copyright Infringement |
| CARIBBEAN RETAIL VENTURES, INC., SALOMON ABADI, Jane Doe, and their conjugal partnership; JOEL BENDER, Susan Roe, and their conjugal partnership | |
| Defendants. | |

**DECLARATION UNDER PENALTY OF PERJURY AS TO DISCOVERY REQUESTS**

I, Angel Edgardo Rodriguez Miranda, make the following statement under penalty of perjury this 10th day of March 2026:

1. Wild Encantos has over the years received samples of products it has asked its manufacturer to make. Wild Encantos does not maintain of copy of those samples. As for the prototypes sent to the copyright office, Wild Encantos did not send them.

2. Aside from Carlos Padilla, who sent me the enclosed photos of the pirated goods for sale at Allways 99 on March 20, 2024, I do not know the exact dates other people on the list called me with their concerns about those plush toys looking very similar to those of Wild Encantos.

3. Wild Encantos' marketing consists of its website and Facebook page. We do not have a catalog other than the products tab on the website; we do not distribute flyers; and we do post on Facebook.

Signed by:

_____
Angel Edgardo Rodriguez Miranda