| | |
|---|---|
| WE, LLC d/b/a WILD ENCANTOS., <br><br> Plaintiff, <br><br> v. <br><br> CARIBBEAN RETAIL VENTURES, INC., SALOMON ABADI, Jane Doe, and their conjugal partnership; JOEL BENDER, Susan Roe, and their conjugal partnership, <br><br> Defendants. | Civil No. 3:24-cv-01185 (CVR) <br><br><br> Re: Copyright Infringement |

**DEFENDANTS' *SUR-REPLY* IN OPPOSITION TO PLAINTIFF'S REQUEST TO WAIVE ACTUAL DAMAGES**

**TO THE HONORABLE COURT**:

**COMES NOW** Defendants, respectfully submit this *sur-reply* to address the new arguments raised in *Plaintiff's Reply to Opposition to Motion to Waive Actual Damages* ("Reply") (**Dkt. 86**), and state as follows:

1. Plaintiff's *Reply* confirms what Defendants have argued all along: the purported "waiver" of actual damages is not a substantive limitation of claims, but a strategic maneuver to avoid producing discovery that has been requested for nearly a year and ordered by this Court.

2. Plaintiff admits that it is choosing statutory damages in part to avoid disclosing its financial information. (**Dkt. 86** at p. 3) (stating that plaintiff "concluded that it preferred not to reveal all its financial information to the behemoth of Allways 99."). That is not a permissible use of the Copyright Act.

3. A party cannot unilaterally redefine the scope of discovery by disclaiming a category of damages after resisting discovery for months. Nor can it use a late-stage "waiver" to retroactively render previously ordered discovery irrelevant. *See Dahua Tech. USA, Inc. v. Feng*

1

*Zhang*, 138 F. 4th, 1 (1st Cir. 2025) (the court emphasized that a litigant is bound by the theory of the case they choose to pursue and cannot later switch theories for convenience.)

4.      Plaintiff's central premise—that financial information becomes irrelevant once actual damages are waived—**is legally incorrect.**

5.      As a threshold issue, Plaintiff's *Reply* conspicuously ignores Defendants' Lanham Act arguments, even though those claims remain live in the Complaint. Plaintiff cannot selectively narrow discovery by invoking a waiver of copyright damages while continuing to assert Lanham Act claims that necessarily put its commercial activity, sales, and revenues at issue. Its failure to address this point—both in opposing the motion to dismiss and again here—confirms that its position is not legally grounded, but instead reflects a continued effort to avoid producing relevant discovery.

6.      Furthermore, Plaintiff fails to meaningfully address Defendants' cited authority establishing that, even where statutory damages are sought in copyright cases, financial data such as that requested here remains relevant and discoverable.

7.      Plaintiff's reliance on *Sentis Group, Inc. v. Shell Oil Co.*, 763 F.3d 919 (8th Cir. 2014), only underscores the impropriety of its position. Plaintiff selectively quotes *Sentis* for the unremarkable proposition that relevance may evolve during discovery, while ignoring the core holding that controls here: a party cannot unilaterally dictate the scope of discovery based on its own litigation theory. As the court made clear, "Plaintiffs cannot, by their sole insistence, declare evidence undiscoverable and irrelevant merely because it does not fit into their own theory of the case." *Id.* at p. 926 That is precisely what Plaintiff attempts to do. After nearly a year of resisting production of financial and design-related discovery—and in the face of this Court's order

compelling that production—Plaintiff now seeks to retroactively render that discovery irrelevant by electing statutory damages and disclaiming actual damages.

8.  Plaintiff's conduct is not a legitimate narrowing of claims, but an effort to avoid disclosure—something Plaintiff effectively admits by stating it "preferred not to reveal all its financial information." (**Dkt. 86** at p. 3). Nor does "fluid relevance" help Plaintiff. *Sentis* does not permit a party to redefine its theory midstream to evade discovery; it confirms that discovery remains available to test claims, credibility, and the factual record. Plaintiff's position is therefore inconsistent with *Sentis* and does not relieve it of its discovery obligations.

9.  Plaintiff's attempt to distinguish *Energy Intelligence Grp. v. Kayne Anderson Capital*, 948 F.3d 261 (5th Cir. 2020), also misses the point. While the case rejects mitigation as a bar to statutory damages, it expressly confirms that a plaintiff's lost revenues and economic context remain relevant to determining the amount of statutory damages. *Id*. at 275. Plaintiff ignores that the court approved instructing the jury to consider lost revenue in setting statutory damages— directly undermining its claim that financial information is irrelevant. Plaintiff cannot avoid discovery by stipulating "zero losses"; that assertion is precisely what discovery is meant to test.

10.  Plaintiff's assertion that Defendants have made discovery of sales "difficult or impossible" is wholly without merit. (**Dkt. 86** at p. 4-5). Defendants produced their financial data, including sales orders, costs, revenues, and related documents on the plush toys at issue, early in this litigation—indeed, within weeks—in an effort to facilitate resolution. This is not a case where information is unavailable; it is a case where Plaintiff seeks to avoid producing its _own_ responsive discovery.

3

11. Any suggestion that Defendants obstructed access to sales data on the products is not only unsupported by the record, but entirely false cannot serve as a basis to excuse Plaintiff's continued non-compliance with its discovery obligations.

12. Notably, Plaintiff does **not** dispute that, even when statutory damages are sought, the decision maker may consider the copyright holder's lost revenue in determining the award. *Id.* at p. 5. That alone confirms the relevance of Plaintiff's financial information.

13. Plaintiff cannot avoid discovery by claiming lack of proof or difficulty. The argument fails because the difficulty of proof is precisely why discovery exists. Plaintiff cannot invoke uncertainty as both a sword (to seek statutory damages) and a shield (to block discovery).

14. Plaintiff's characterization of Defendants' requests as a "fishing expedition" is unfounded. Defendants seek targeted discovery—sales data, revenue information, and distribution records—directly tied to Plaintiff's claims of infringement, market presence, and damages. Defendants have already explained, at length, the relevance of these materials and, in good faith, have offered appropriate safeguards, including attorneys' eyes only designations, to address any confidentiality concerns.

15. It is worth emphasizing that Plaintiff itself alleges widespread commercialization of the accused products and control over their distribution in the Amended Complaint. Having placed these facts at issue, Plaintiff cannot now shield the very records that would test those allegations.

16. Furthermore, in its discovery requests Defendants specifically requested in that Plaintiff identify the locations where the accused products were sold from 2020–2024 and produce documents supporting that contention, yet Plaintiff provided only vague, non-specific responses ("Walgreens" and "airport stores") and produced **no supporting documents whatsoever**. The

same deficiency applies to Defendants' document requests and deposition notice seeking records confirming points of sale. *See* **Dkt. 74-2** (Exhibit B), Notice of Deposition No. 12. Now, in its *Reply*, Plaintiff attempts to substitute that missing evidence with a single photograph—undated, unauthenticated, and never produced during discovery—which proves **nothing** about where, when, or whether the products were sold during the relevant period. That is precisely why Defendants seek sales, distribution, and point-of-sale data: to test Plaintiff's allegations with objective evidence rather than speculation.

17. Plaintiff's suggestion that Defendants can simply "walk across the street" or rely on anecdotal observations underscores the problem—it is not evidence. Having failed to produce documents responsive to direct discovery requests, Plaintiff cannot now dismiss those same categories of information as irrelevant or characterize Defendants' requests as a "fishing expedition." The record shows the opposite: Defendants seek basic, responsive evidence that Plaintiff was obligated—but failed—to produce.

18. With respect to prototypes and design history, Plaintiff again relies on a claimed inability to obtain materials from third parties. Plaintiff's response misses the point and attempts to shift the focus to matters that are not at issue.

19. Defendants are NOT seeking prototypes or documents from the prior Coquico relationship or from third parties now outside Plaintiff's control, Plaintiffs understand that those might be outside the current possession of Plaintiff. Rather, Defendants seek discovery concerning **Plaintiff's own current products**—the coquí and parrot plush toys it presently manufactures, markets, and sells, and which form the basis of the claims in this case.

20. As explained, Plaintiff has admitted in deposition that their current products are **not** the same as the earlier Coquico versions and that they are produced through a different

manufacturer with modifications in design, appearance, and construction.[1] That distinction is critical. The requested discovery goes directly to those changes: how the current designs were developed, who approved them, what modifications were made, and how the products now asserted in this litigation came into existence. Plaintiff's narrative about its former partner does **nothing** to address that issue. It does not explain the absence of documents relating to Plaintiff's own manufacturing process, design revisions, or communications with its current manufacturer[2]—materials that, by Plaintiff's own allegations, should exist within its possession, custody, or control.

21.     By conflating prior Coquico materials with the discovery at issue, Plaintiff attempts to obscure a straightforward point: it has produced **no** documentation concerning the **development of the very products it claims were infringed**. That omission remains unexplained and cannot be justified by reference to third-party disputes or unavailable historical materials.

22.     At bottom, Plaintiff seeks to maintain both of its infringement claims, limit its exposure to scrutiny; and avoid compliance with this Court's discovery Order (**Dkt. 75**). That approach is incompatible with the Federal Rules.

**WHEREFORE**, for these reasons, Defendants respectfully request that the Court **REJECT** Plaintiff's attempt to use a waiver of actual damages to avoid discovery; **ORDER** Plaintiff to comply fully with the Court's Discovery Order (**Dkt. 75**) by producing complete responses and documents responsive to Requests Nos. 7, 18, and 19 (design and manufacturing history) and Requests Nos. 11, 12, 15, and 20 (sales, revenue, and financial data); **AWARD** the sanctions previously requested in Defendants' Motion to Compel (Dkt. 74), including, at a

---

[1] Defendants refer the Court in its prior motions to **Dkt. 74-7**, which shows the coqui design involved in the prior *Coquico* litigation and the Amended Complaint here at **Dkt. 42** which at pages 3 shows a picture of Plaintiff's current design-design that is object of the present case.
[2] **Requests Nos. 7, 18, and 19** in the Rule 30(b)(6) Notice (Exhibit B to Defendants' Motion to Compel, **Dkt. 74-3**.

*minimum*, reasonable attorneys' fees and costs incurred in enforcing compliance; and **GRANT** such other relief as the Court deems just and proper.

On this date, March 25th, 2026 at San Juan, Puerto Rico.

**ADSUAR**
*Counsel for Defendants*
P.O. Box 70294
San Juan, PR 00936-8294
Tel.: 787.756.9000/Fax: 787.756.9010


*/s/ Luis Pérez-Giusti*
LUIS PEREZ-GIUSTI
USDC-PR 208608
lpg@amgprlaw.com


*/s/ Alexandra Casellas Cabrera*
ALEXANDRA CASELLAS CABRERA
USDC-PR 301010
acasellas@amgprlaw.com

**CERTIFICATION:** An electronic copy of the foregoing motion was filed with the Clerk of the Court using the CM/ECF system which will send notification of this filing to opposing counsel of record.

*/s/ Alexandra Casellas Cabrera*
ALEXANDRA CASELLAS CABRERA
USDC-PR 301010
acasellas@amgprlaw.com