## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| COQUICO, INC., | CIVIL NUM: 07-14321(JP) |
| Plaintiff | Copyright Infringement; Trademarks Infringement, Request for Preliminary and Permanent injunction and Damages |
| Vs. | |
| ANGEL EDGARDO RODRIGUEZ MIRANDA IDENTIKO, INC., JOSE A. ZUBILLAGA, JOSE VICENTE CRUZ, MUNDO TAINO, CHIA SANTIAGO OTERO WILD ENCANTOS THE CARIBBEAN RAINFOREST COMPANY, ANGELA SPENCELEY | |
| Defendants | |



## MOTION REQUESTING SUMMARY JUDGEMENT AND DEFENDANT'S OPPOSITION TO MOTION REQUESTING TEMPORARY RESTRAINING ORDER

### I.    Defendants' Motion Requesting Summary Judgement

**COMES NOW** defendants Angel E. Rodriguez Miranda and Identiko, Inc., represented by its undersigned counsels and respectfully allege, states and pray; because there is no genuine issue of material fact with respect to the lack originality and thus, lack of copyright protection of Plaintiff's "Coquí Común" or Puerto Rican Tree Frog, the herein appearing defendants respectfully submit this motion for summary judgment pursuant to Fed. R. Civ. P. 56. A separate statement of material facts is being filed simultaneously pursuant to L.Cv.R. 56.

CRV Supplemental Initial Disclosures - #0233

Also, Defendants oppose Plaintiff's request for a Temporary Restraining Order.

## A.    FACTUAL BACKGROUND[1]

Plaintiff's design is a stuffed toy coquí.  This design is a lifelike replica of the coquí that exists in nature, which is a common national symbol in Puerto Rico, and its depictions are often sold in gift shops and stores in Puerto Rico.  The Coquí Común, is the most recognizable kind of coquí, hence its name. **(Exhibit I)**

## B. ARGUMENT

### 1.  Strength of Plaintiffs' Copyright

"Originality is a constitutional requirement.  The source of Congress' power to enact copyright laws is Article I, § 8, cl. 8, of the Constitution, which authorizes Congress to "secure for limited Times to Authors . . . the exclusive Right to their respective Writings." In two decisions from the late 19th century -- The Trade-Mark Cases, and Burrow-Giles Lithographic Co. v. Sarony  -- this Court defined the crucial terms "authors" and "writings." In so doing, the Court made it unmistakably clear that these terms presuppose a degree of originality.

In The Trade-Mark Cases, the Court addressed the constitutional scope of "writings." For a particular work to be classified "under the head of writings of authors," the Court determined, "originality is required."  The Court explained that originality requires independent creation plus a modicum of creativity: "While the word writings may be liberally construed, as it has been, to include original

---

[1] These facts set forth in this section are taken from the statement of material facts filed herewith. Citations to the record are included in the statement of material facts.

CRV Supplemental Initial Disclosures 2 #0234

designs for engraving, prints, &c., it is only such as are original, and are founded in the creative powers of the mind. The writings which are to be protected are the fruits of intellectual labor, embodied in the form of books, prints, engravings, and the like." **Feist Publications, Inc. V. Rural Telephone Service Co., Inc.** 499 U.S. 340 (1991).

"To establish copyright infringement, plaintiff must prove ownership of valid copyright and copying of constituent elements of work that are _original_." **CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc.** 97 F.3d 1504 (1st Cir., 1996) (Emphasis added). "Infringement could be shown only through substantial similarity of _protectable_ _expression_." **CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc.**, _supra_ (Emphasis added).

The coquí is a native animal form Puerto Rico. Its appearance, colours, dimensions, eyes, toes and shape are nature's creation. This being the case, a copyright of a stuffed toy coquí is not a solid copyright since it is not an original work of the author/artist/designer and "any copyrighted expression must be '_original_'". **17 U.S.C. § 102(a), Feist Pubs., Inc. v. Rural Tel. Serv. Co.**, 499 U.S. 340, 345, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).

The stuffed toy in question is a copy of the coqui that Mother Nature created and lacks the "amount of creativity" necessary form the author/artist/designer for it to be susceptible of its exclusive copyright protection. "The amount of creative input required by an author to meet the copyright law's originality standard is low, but it is not negligible; _there must be something more than a merely trivial variation, something recognizably the artist's own_." **Satava v.**

CRV Supplemental Initial Disclosures ₃ #0235

**Lowry,** 323 F3d 805 (Emphasis added).

Plaintiff's stuffed toy coqui design is only a mere depiction of the Coqui Comun that exists in nature. The colours used and their distribution are exactly the same as it appears in nature. **Exhibit I and III** Accordingly, any result and particular appearance is only the result of the materials and medium used to create the expression. As such, it is inevitable that any author/artist/designer that portrays a Coqui Comun using the same material will obtain a similar looking stuffed toy coqui.

"Nature gives us ideas of animals in their natural surroundings: an eagle with talons extended to snatch a mouse; a grizzly bear clutching a salmon between its teeth; a butterfly emerging from its cocoon; a wolf howling at the full moon; a jellyfish swimming through tropical waters. *These ideas, first expressed by nature, are the common heritage of humankind, and no artist may use copyright law to prevent others from depicting them.*" **Satava v. Lowry,** *supra* (Emphasis added).

In **Satava v. Lowry,** *supra,* artist brought copyright infringement action against competitor over artist's lifelike glass-in-glass sculptures of jellyfish. The court held that: no copyright protection could be given to the idea of producing glass-in-glass jellyfish sculpture, and that elements commonplace in glass-in-glass sculpture and typical of jellyfish physiology, when considered together, did not have the amount of originality needed to give copyright protection. **Exhibit II.**

"[Plaintiff's] glass-in-glass jellyfish sculptures, though beautiful, combine several unprotectable ideas and standard elements. These elements are part of

the public domain. *They are the common property of all, and [Plaintiff] may not use copyright law to seize them for his exclusive use*." **Satava v. Lowry**, *supra*, (Emphasis added). The Curt held that "To give [Plaintiff] a copyright on this basic combination of elements would effectively give him a monopoly on the idea of glass-in-glass sculptures of single vertical jellyfish. *Congress did not intend for artists to fence off private preserves from within the public domain*, and, if we recognized [Plaintiff's] copyright, we would permit him to do exactly that." **Satava v. Lowry**, *supra* (Emphasis added).

The same would happen if the Court granted copyright protection for Plaintiff's stuffed toy in question, it would give Plaintiff a monopoly of any lifelike stuffed toy coqui, therefore preventing authors/artists/designers to take "private preserves" from the public domain. Finally the Court decided that "...*he may not prevent others from copying elements of expression that nature displays for all observers*..." **Satava v. Lowry**, *supra*. (Emphasis added).

"The mere fact that a work is copyrighted does not mean that every element of the work may be protected. Originality remains the *sine qua non* of copyright; accordingly, copyright protection may extend only to those components of a work that are original to the author." **Feist Publications, Inc. V. Rural Telephone Service Co., Inc.** 499 U.S. 340 (1991).

In the subject case, as in **Satava v. Lowry**, *supra*, the elements of the copyright in question are part of the public domain because they exist and originate in nature; therefore they are common property of all and not subject of copyright law protection, hence, the copyright that Plaintiff holds is a thin one.

CRV Supplemental Initial Disclosures #0237

"The doctrine of merger, a necessary corollary to the noncopyrightability of ideas, holds that "[w]hen there is essentially only one way to express an idea, the idea and its expression are inseparable and copyright is no bar to copying that expression." **Concrete Machinery Co., Inc. v. Classic Lawn Ornaments, Inc.,** 843 F.2d at 606. The related doctrine of **scènes à faire** denies copyright protection to "unoriginal elements flowing from the undisputed standard and inherent characteristics" of a common idea." **CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc.,** 97 F.3d at 1522.

Also, "...expressions that are standard, stock, or common to a particular subject matter or medium are not protectable under copyright law. **17 U.S.C.A. § 102(a); Satava v. Lowry,** *supra.* Expressions of the coqui are standard and common to them, because there is no other way to portray a coqui in order for it to look natural; they are not protectable under copyright law. There is no better way to design a natural looking coqui than the way Defendant did because that is the way coquíes *are.*

2. **Difference in Stuffed Toy Coqui**

Even if Plaintiff's stuffed toy coqui is deemed susceptible of copyright protection, the copyright protection is a thin one. As stated in **Ets-Hokin v. Skyy Spirits, Inc.,** 323 F. 3d 766 (9th Cir. 2003), "when we apply the limiting doctrines, subtracting the unoriginal elements, [Plaintiff] is left with ...a "thin" copyright, which protects against only **virtually identical copying**."

In the instant case, Defendants' stuffed toy coqui is different form Plaintiff's. **Exhibit III, IV, V.** There are variations as to the colors' shade,

proportions, texture of the materials and dimensions of the stuffed toy coqui.

Even though there are not many variations as to the colors that can be used to still make a lifelike stuffed toy Coqui Comun, the colors that Plaintiff's stuffed toy has are different to the ones Defendants' have. The color tones of the stuffed toy coqui belonging to Plaintiff are lighter than Defendants'. **Exhibit III, IV, V.**

Also, there are evident differences in other parts of the stuffed toy coqui; for instance, the eyes and toes. The eyes are both in different positions and have different expressions. Plaintiff's stuffed toy coqui's eyes protrude more from the face than Defendant's stuffed toy's eyes. Defendant's stuffed toy's eyes are placed lower on the face, giving the face a wider look. **Exhibit IV.** As for the toes, Plaintiff's stuffed toy coqui's toes are narrower than Defendant's stuffed toy's toes. Defendant's stuffed toy's toes are shorter than Plaintiff's stuffed toy's toes. **Exhibit III, V.**

Regarding the stuffed toy's belly, they are also different. Since the Puerto Rican flag is a national symbol it is not susceptible of copyright protection. There is no better place to position the flag than the belly since it does not interfere with the lifelike design of the coqui. Having that in mind, the way the flag is arranged with the words "*Puerto Rico*" and "*coqui*" in Defendant's stuffed toy's belly differentiates from Plaintiff's stuffed toy since in Plaintiff's design there is only the flag and no words in the belly.

According to the above and to the thin protection that Plaintiff's stuffed toy coqui may have, Defendants' stuffed toy coqui does not infringe in any way

Plaintiff's.

### 3. The Standard for Summary Judgement

Summary judgement is appropriate where there are no genuine disputes as to material facts and the moving party is entitled to judgement as a matter of law. Fed. R. Civ. P. 56(c). **Lipsett v. University of Puerto Rico**, 864 F.2d 881, 894 (1st Cir. 1988).

The two questions the court must ask itself before granting or denying a motion for summary judgement are whether the factual issue is material and genuine. See **Anderson v. Liberty Lobby, Inc.** 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986); **Sheinkpof v. Stone**, 927 F.2d 1259, 1261 (1st Cir. 1991); **Local No. 48 v. United Brotherhood of Carpenters & Joiners**, 920 F2d. 1047, 1050 (1st Cir. 1990); **Garside v. Osco Drug, Inc.**, 895 F.2d 46, 48 (1st Cir. 1990).

"The procedure for summary judgement was intended to expedite the settlement of litigation where it affirmatively appears upon the record that in the last analysis there is only a question of law as to whether the party should have judgement in accordance with the motion for summary judgement." **Burley v. Elgin**, 140 F.2d 488, 490 (7th Cir. 1943) (affirmed 325 U.S. 711, 1945).

CRV Supplemental Initial Disclosures 8 #0240

## II. Opposition to Motion Requesting Temporary Restraining Order

### A. LEGAL ARGUMENT

**1. Standard for Preliminary Injunction**

*Defendants incorporate all the previews allegations.*

In the First Circuit, the preliminary injunctive standard is well established. In order to be entitled to preliminary injunctive relief, a movant must establish the following elements: "(1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions ...; and (4) the effect (if any) of the court's ruling on the public interest." **Ross-Simons of Warwick, Inc. v. Baccarat, Inc.,** 102 F.3d 12, 15 (1st Cir.1996). While all these elements must be demonstrated, it has often been recognized that the central inquiry actually revolves around the likelihood of success on the merits. See **Weaver v. Henderson**, 984 F. 2d 11, 12 (1st Cir., 1993). The importance of the probability of success has been highlighted in copyright cases because the resolution of the other three factors will, in large part, depend on whether the movant is likely to succeed in establishing infringement. **CMM Cable Rep., Inc. v. Ocean Coast Properties, Inc.** 879 F.Supp. 132 (1st Cir. 1994).

**a. Likelihood of success on the merits**

In order for Plaintiff to have success on the merits he must have a 'strong' and original copyright. "To show ownership of valid copyright, plaintiff must prove that work as whole is *original* and that plaintiff complied with applicable statutory formalities." **CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc.,** *supra.*

CRV Supplemental Initial Disclosures ɡ #0241

As discussed before in the Motion for Summary Judgement, the copyright in question (the stuffed toy coqui) is not a strong one, given that the expression of the idea is in the public domain. The design is not an original expression of the author/artist/designer, since it is the copy of an animal that already exists in nature. The scènes à faire doctrine denies copyright protection to common ideas that have no original elements created by the author/artist/designer.

**b.    Likelihood of irreparable harm if the injunction is not issued**

The irreparable harm to which Plaintiff is referring is a monetary loss. Monetary loss alone does not constitute irreparable harm because monetary damages can be restored with money. The irreparable harm that must be suffered for a preliminary injunction to be awarded is seen from the perspective of the expression of the idea and not in monetary terms. In this case the expression of the idea is not susceptible of copyright protection since it is a copy of an expression in the public domain.

Also, in this case Plaintiff waited almost a year since he first knew that Defendant was selling the stuffed toy coqui to file a preliminary injunction. In **Russel William Ltd. v. ABC Display & Supply**, 11 USPQ2D 1812 (1989), the Court determined that "the presumption of irreparable harm is rebutted or neutralized, however, when the movant delays a significant amount of time in seeking the preliminary injunction. The Second Circuit has repeatedly held that *such delays undercut the urgent need for speedy action to protect plaintiff's rights*." (Emphasis added) Since in the subject case Plaintiff waited a 'significant amount of time in seeking the preliminary injunction', the supposedly irreparable

harm must be at least neutralized.

c.    **The balance of hardships between the parties favors the movant**

In the subject case the hardship between the parties does not favors the movant, on the contrary, the party most harmed is Defendant.  Being Identiko, Inc. a private Puerto Rican company and Plaintiff a diversify company in terms of the different products and copyrights that it owns, Defendant is bound to suffer greater harm.

The stuffed toy coqui is the main and most important source of income for Defendant.  Without this income Defendant could not continue operating.  On the other hand, Plaintiff is a company located outside of Puerto Rico with access to a greater market and with more products.

d.    **Granting of the requested injunctive relief favours the public interest**

The public interest is indeed harmed if the requested injunctive relief is granted since the ideas and expressions that are in the public domain were not intended to be restricted and/or monopolized by one author/artist/designer.  The reason and motivation behind the Copyright Act was to create an incentive for people to create and invent, **not to copy.**

"In the Copyright Act, Congress sought to benefit the public by encouraging artists' creative expression.  Congress carefully drew the contours of copyright protection to achieve this goal.  *It granted artists the exclusive right to the original expression in their works, thereby giving them a financial incentive to create works to enrich our culture.  But it denied artists the exclusive right to ideas and standard elements in their works, thereby preventing them from*

CRV Supplemental Initial Disclosures   #0243

_monopolizing what rightfully belongs to the public._" **Satava v. Lowry**, _supra_. (Emphasis added)

By granting this injunctive relief the public will loose ideas and expressions that reside in the public domain, nature. That would be contrary to the rationale behind of copyright.

### C.    CONCLUSION

Since Plaintiff's stuffed toy coqui is only a mere depiction of a natural animal, the copyright granted to Plaintiff is a thin one. As a result and given that Defendants' stuffed toy coqui is different than Plaintiff's, Plaintiff does not have a claim against Defendant for copyright infringement.

For the foregoing reasons, Defendants, Ángel E. Rodríguez Miranda and Identiko, Inc., respectfully request that their motion for summary judgment be granted, dismissing Plaintiff's complaint and that Plaintiffs' motion for Temporary Restraining Order be denied.

Respectfully submitted,

July 9, 2007

s/Samuel F. Pamias-Portalatin
Samuel F. Pamias-Portalatin
USDC No. 220309
**Hoglund & Pamias, P.S.C.**
256 Eleanor Roosevelt Street
San Juan, Puerto Rico 00918
Telephone: 787-772-9200
Facsimile: 787-772-9533
samuel@hhoglund.com

s/Carla Ferrari-Lugo
USDC No. 221804
Hoglund & Pamias, P.S.C.

CRV Supplemental Initial Disclosures #0244

PO Box 988
Aguadilla, Puerto Rico 00605
Telephone: 787-891-3670
Facsimile: 787-882-4704
E-mail: ferrarilugo@gmail.com

Attorneys for Plaintiffs

**Exhibit I**



**El Coquí Común  (Eleutherodactylus coqui )**

CRV Supplemental Initial Disclosures - #0246

**Exhibit II**



Lifelike glass-in-glass sculptures of jellyfish in controversy, **Satava v. Lowry,** *supra.*

CRV Supplemental Initial Disclosures - #0247

**Exhibit IV**



Plaintiff's stuffed toy coquí          Defendants' stuffed toy coquí

CRV Supplemental Initial Disclosures - #0248

**Exhibit III**



Plaintiff's stuffed toy coquí             Defendant's stuffed toy coquí

CRV Supplemental Initial Disclosures - #0249

**Exhibit V**



Plaintiff's stuffed toy coquí                    Defendant's stuffed toy coquí

CRV Supplemental Initial Disclosures - #0250

**Exhibit VI**



Plaintiff's stuffed toy coquí          Defendant's stuffed toy coquí

CRV Supplemental Initial Disclosures - #0251