**UNITED STATES DISTRICT COURT DISTRICT OF PUERTO RICO**

| | |
|---|---|
| WE, LLC d/b/a WILD ENCANTOS., | Civil No. 3:24-cv-01185 (CVR) |
| Plaintiff, | |
| v. | |
| CARIBBEAN RETAIL VENTURES, INC., SALOMON ABADI, Jane Doe, and their conjugal partnership; JOEL BENDER, Susan Roe, and their conjugal partnership, | Re: Copyright Infringement/Lanham Act |
| Defendants. | |

**SUR REPLY TO REPLY TO OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE COURT**

**NOW COMES** Plaintiff WE, LLC d/b/a/ Wild Encantos through undersigned counsel and very respectfully state and pray:

1.    Angel E. Rodriguez Miranda, the owner of WE, LLC, testified that he did not register the copyrights of the coqui plush toy and parrot plush toy because he did not *register* them. Coquico, Inc. did. Mr. Rodriguez *acquired* the copyrights in a judicial sale in this District Court. He registered that acquisition with the U.S. Copyright Office. *See* Exhibits 1 and 2. Mr. Rodriguez then transferred those copyrights to WE, LLC via an exclusive license. Thus, Mr. Rodriguez owns the copyright, and WE, LLC has the right to sue on those copyrights.

2.    The Coquico, Inc. design is the same as the Wild Encantos design Mr. Rodriguez acquired.

3.    When WE, LLC was drafting its opposition to Defendants' Motion for Summary Judgment, it learned that the Copyright Office had finally entered the registration in Mr. Rodriguez's name. *See* Exhibits 1 and 2. The arguments that WE, LLC made in its Opposition to the Motion for Summary Judgment still stand. Mr. Rodriguez owned the copyrights from the

1

day he bought them in the public sale in this District Court. Defendants doubting the validity of certified documents from this Court is troubling. WE, LLC had the exclusive license from the day Mr. Rodriguez assigned it to WE, LLC. But now that the Copyright Office has caught up with the filing, no doubt exists.

4. Mr. Rodriguez owns the copyrights. WE, LLC has an exclusive license to exploit them.

5. Mr. Rodriguez never said that all of the features identified by the First Circuit were different on the model presented at the deposition. His testimony was:

Can you frankly... and you're under oath.

state whether both of the plush toys have the same stitching

pattern?

A.    In some parts, they have the same. For example, when

you look at the eyeballs, they have a similar stitching pattern.

When you look at the back, I mean they're different sizes.

So, if you see they have similar stitching patterns on

the back, en el lomo, if you want to say that. In the belly, it

has a different stitching pattern, but it's pretty much the same

concept and color in terms of the flag and the placement of the
flag. That's the similarities.

6. As for the parrot, WE, LLC has an exclusive license to exploit Mr. Rodriguez's copyright of that plush toy. Coquico, Inc.'s failure to include that registration in its lawsuit against Mr. Rodriguez is not attributable to Mr. Rodriguez. The evidence of the recordation alone based on a sale before this Court was sufficient, but now sale of both the coqui plush toy and the parrot plush toy are reflected in the U.S. Copyright office's public record itself. The certificate of recordation from the U.S. Copyright Office is the evidence that the Certificates of Registration that belonged to Coquico, Inc., which Defendants concede exist, now belong to Mr. Rodriguez. Plaintiffs provided the copyright catalog evidence to show that the public is now on notice of such recordation, which has existed since 2017.

7.    With respect to willfulness, "Where willfulness is statutory condition of civil liability, it is generally taken to cover not only knowing violations of a standard, but reckless ones as well." *Safeco Ins. Co. of America v. Burr,* 551 U.S. 47, 49 (2007)(citation omitted.) Co-Defendant Joel Bender testified that Defendants were very strict about making sure there were no IP violations: "We got to great lengths. We have a lawyer in New York, who, who is on call every day." Exhibit 3, Deposition of Joel Bender at 25, lines 21-25. Despite that, despite their awareness of the importance of licensing copyrighted items, Defendants failed to verify the copyright status of the products in this case. They started selling new plush toys without any vetting. Defendants have the burden of proof on this issue. 17 U.S.C. § 504 (c). A jury could find that they acted recklessly.

8.    Finally, as to attorneys' fees, it seems more appropriate to brief that issue when this case is finalized. We do note that self described "massive" bills for a few questions in interrogatories and at a deposition appears to be questionable.

WHEREFORE, Plaintiff very respectfully asks this Honorable Court to deny Defendants' Motion for Summary Judgment and to calendar the remaining part of this case.

In San Juan, Puerto Rico, on this 1st day of June 2026.

/S/Jane Becker Whitaker
**JANE BECKER WHITAKER**
USDC-PR No. 205110

VIG Tower, 1225 Ave. Ponce De León
Suite 1102
San Juan, PR 00907
Tel. (787) 585-3824 / E-mail: jbw@beckervissepo.com
janebeckerwhitaker@gmail.com

CERTIFICATION: An electronic copy of the foregoing motion was filed with the Clerk of the Court using the CM/ECF system which will send notification of this filing to opposing counsel of record.

/S/Jane Becker Whitaker

**JANE BECKER WHITAKER**
USDC-PR No. 205110